# EXHIBIT B

# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jerry S. Goldman
Jgoldman@andersonkill.com
212-278-1569

*By Hand Delivery*                                                                September 16, 2024

Clerk of the Court, Daniel Ortiz
United States District Court
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, New York 10007

> Re:   *Mary Jelnek, et al. v. Islamic Republic of Iran*, No. 1:24-cv-05520 (GBD)(SN)

Dear Clerk of the Court, Daniel Ortiz:

I represent the Plaintiffs in the above-referenced action. I am writing to request you effect service on the Defendant, Islamic Republic of Iran, pursuant to 28 U.S.C. §1608(a)(4), at the following address:

> Minister of Foreign Affairs
> Ministry of Foreign Affairs of the Islamic Republic of Iran
> Iman Khomeini Avenue
> Tehran, Iran
> ATTN: H.E. Ali Bagheri

Service on Iran cannot be effected under 28 U.S.C. Sections 1608(a)(1) and (2) because the United States and Iran do not have any special arrangement for service of process upon Iran in accordance with sub-section (1), nor is service permitted by any applicable international convention under the provisions of sub-section (2).[1] *See Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 70 (D.D.C. 2010).

On August 14, 2024, Plaintiffs, through the Clerk of the Court, attempted to serve the Defendant pursuant to the provision to 28 U.S.C. § 1608(a)(3). Annexed hereto as **Exhibit A** is a copy of the Certificate of Mailing.

As of Friday, September 13, 2024, thirty (30) days have passed since the Certificate of Mailing has been issued and service had not been able to be completed under 28 U.S.C. § 1608(a)(3). The USPS Registered Mail tracking number is identified in **Exhibit A**.

---

[1] Iran is not a signatory to the convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

**Anderson Kill P.C.**

September 16, 2024
Page 2

Accordingly, please serve the Defendant pursuant to 28 U.S.C. § 1608(a)(4) at the following address:

> Attn: Secretary of State, Director of Consular Services, Office of Policy Review
> and Inter-Agency Liaison (CA/OCS/PRI)
> U.S. Department of State
> SA-29, 4th Floor
> 2201 C Street NW
> Washington, DC 20520

Enclosed please find copies of the following documents:

1. Request for Summons
2. Summons
3. Iran Short Form Complaint, dated July 22, 2024
4. Civil Cover Sheet, dated July 22, 2024
5. Related Case Statement
6. Corrected Civil Cover Sheet, dated July 25, 2024
7. Notice to Conform to Consolidated Amended Complaint, dated August 6, 2024
8. Notice to Conform to Sudan Consolidated Amended Complaint or *ASHTON* Sudan Amended Complaint, dated August 6, 2024
9. Notice of suit prepared in accordance with 22 CFR § 93.2 with a copy of 28 U.S.C. §§ 1330, 1391(f), 1441(d), and 1602-1611
10. Affidavit of Translator[2]
11. Translations of the above-mentioned documents

In total, we are providing three complete sets of the documents, in both English and Farsi. In accordance with pages 12-13 of the Court's Foreign Mailing Instructions, we are providing two sets for service on the Defendant and one set of documents for the Court's file.

We have also enclosed pre-paid a FedEx label and envelope for delivery to the address above. Please note that our firm FedEx account number is 628354049.

We further enclosed a cashier's check in the amount of $2,275.00 made payable to "U.S. Embassy Bern." Should you have any questions or require any additional information please do not hesitate to contact me.

---

[2] The affidavit of the translator comports with the requirements of NY CPLR 2101(b).

**Anderson Kill P.C.**

September 16, 2024
Page 3

Sincerely,

/s/ Jerry S. Goldman

Jerry S. Goldman
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

*Attorney for the Plaintiffs*

JSG
Enclosures

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mary Jelnek, et al.,

v.

Islamic Republic of Iran.

**CLERK'S CERTIFICATE OF MAILING**

Case No.: 1:24-cv-05520-GBD

I hereby certify under the penalties of perjury that on the 14th day of August 2024, I served defendant:

Islamic Republic of Iran
ATTN: Ali Bagheri
Minister of Foreign Affairs
Ministry of Foreign Affairs of the Islamic Republic of Iran
Imam Khomeini Avenue
Tehran, Iran

☒       the head of the ministry of foreign affairs, pursuant to the provisions of the
Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a)(3) one (1) copy (in English and Farsi) of
the Request for Summons; Summons; Iran Short Form Complaint, dated July 22, 2024; Civil
Cover Sheet, dated July 22, 2024; Related Case Statement; Corrected Civil Cover Sheet, dated
July 25, 2024; Notice to Conform to Consolidated Amended Complaint, dated August 6, 2024;
Notice to Conform to Sudan Consolidated Amended Complaint or ASHTON Sudan Amended
Complaint, dated August 6, 2024; Notice of suit prepared in accordance with 22 CFR § 93.2 with
a copy of 28 U.S.C. §§ 1330, 1391(f), 1441(d), and 1602-1611; affidavit of translator by USPS
Registered Mail RH004051025US .

Dated: August 14, 2024
       New York, New York

                            DANIEL ORTIZ
                            ACTING CLERK OF COURT

                            /s/Rachel Slusher
                            Deputy Clerk

28 USC 1608 Summons IH 6
4/17

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

Mary Jelnek, et al. (see appendix)

|                              |   |                  |
|------------------------------|---|------------------|
| _____    | ) |                  |
| Plaintiff                    | ) |                  |
|                              | ) |                  |
| v.                           | ) | Civil Action No  |
| Islamic Republic of Iran     | ) |                  |
| _____    | ) |                  |
| Defendant                    | ) |                  |

## SUMMONS IN A CIVIL ACTION

To:    (Defendant's name and address)

Islamic Republic of Iran
c/o Ministry of Foreign Affairs
Imam Khomeini Avenue
Tehran, Iran

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jerry S. Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

## CLERK OF COURT

Date: _____

_____
Signature of Clerk or Deputy Clerk

28 USC 1608 Summons (12/11) (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                    .

➢ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

➢ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

➢ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

➢ I returned the summons unexecuted because _____ ; or

➢ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## APPENDIX

Mary Jelnek, as the Personal Representative of the Estate of Vincent Slavin, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Vincent Slavin

Michael Slavin, individually, as surviving child of Vincent Slavin

Mary Jo Slavin, individually, as surviving spouse of Vincent Slavin

Jacqueline Beard-Edwards, as the Personal Representative of the Estate of Michael Edwards, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael Edwards

Jacqueline Beard-Edwards, individually, as surviving spouse of Michael Edwards

Catherine Lyn-Shue, as the Personal Representative of the Estate of Francisco Munoz, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Francisco Munoz

Catherine Lyn-Shue, individually, as surviving spouse of Francisco Munoz

John Doe 154, being intended to designate the Personal Representative of the Estate of Chapelle Sarker, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Chapelle Sarker

Anthony Stewart, individually, as surviving sibling of Chapelle Sarker

John Doe 155, as Personal Representative of the Estate of Dorothy Belcher, deceased, the late parent of Chapelle Sarker

Mary Lou Moss, as the Personal Representative of the Estate of Brian Moss, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Brian Moss

Mary Lou Moss, individually, as surviving spouse of Brian Moss

Ashten Moss, individually, as surviving child of Brian Moss

Connor Moss, individually, as surviving child of Brian Moss

Christine O'Reilly, as the Personal Representative of the Estate of Howard Gelling, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Howard Gelling

Christine O'Reilly, individually, as surviving spouse of Howard Gelling

docs-100708433 1

Deborah Mulford, individually, as surviving sibling of Howard Gelling

William Gelling, individually, as surviving sibling of Howard Gelling

John Doe 158 being intended to designate the Personal Representative of the Estate of Chet Louie, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Chet Louie

Catalina Louie, individually, as surviving child of Chet Louie

Cassandra Louie, individually, as surviving child of Chet Louie

Ken Yazawa Reibman a/k/a Calvin Louie, individually, as surviving child of Chet Louie

Sunny Chiang, as the Personal Representative of the Estate of Alexander Chiang, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Alexander Chiang

Sunny Chiang, individually, as surviving spouse of Alexander Chiang

Devonte Carter, individually, as surviving child of Marcia Cecil-Carter

Devonte Carter, as Personal Represenative of the Estate of Andre Carter, deceased, the late spouse of Marcia Cecil-Carter

John Doe 156, being intended to designate the Personal Representative of the Estate of Jeffrey Bittner, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Jeffrey Bittner

Pamela Bittner-Conley, individually, as surviving sibling of Jeffrey Bittner

John Doe 157 as Personal Representative of the Estate of Donald Bittner, deceased, the late parent of Jeffrey Bittner

صفحه 1 از 4          تاریخ ارائه 07/22/24          سند 2          پرونده 1:24-cv-05520

28 USC 1608 احضاریه 6 III
4/17

دادگاه ناحیه‌ای ایالات متحده جهت ناحیه جنوب
نیویورک

Mary Jelnek و دیگران (ضمیمه را ببینید)

| | |
|---|---|
| خواهان | ) |
| | ) |
| علیه | ) اقدام مدنی شماره. |
| | ) |
| جمهوری اسلامی ایران | ) |
| خوانده | ) |

احضاریه در یک دعوای مدنی

به:     (نام و آدرس خوانده)

جمهوری اسلامی ایران
به نشانی وزارت امور خارجه
خیابان امام خمینی
تهران، ایران

یک دعوی علیه شما اقامه شده است.

باید ظرف 60 روز پس از ابلاغ این احضاریه به شما (بدون احتساب روز دریافت آن) پاسخی به شکایت پیوست شده یا پیشنهادی را بر اساس قانون 12 از قوانین فدرال دادرسی مدنی به خواهان ابلاغ کنید. این پاسخ یا پیشنهاد باید به خوانده یا وکیل خوانده ابلاغ گردد، که نام و آدرس وی به شرح زیر است:

وکیل دعاوی جری اس. گلدمن
ANDERSON KILL P.C
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

اگر پاسخ ندهید، علیه شما برای جبران خسارت درخواست شده در شکایت حکم غیابی صادر خواهد شد. همچنین باید پاسخ یا پیشنهاد خود را به دادگاه ارائه نمایید.

**منشی دادگاه**

تاریخ: _____          _____
                                                                امضای منشی یا معاون منشی

28 USC 1608 احضاریه 12/11 (صفحه 2)

اقدام مدنی شماره

## گواهی ابلاغ
### (این قسمت نباید توسط دادگاه ثبت شود مگر در صورت الزام ((Fed. R. Civ. P. 4)

این احضاریه مربوط به (نام یا عنوان فرد، در صورت مصداق) _____

در (تاریخ) _____    به من ابلاغ شد.

شخصاً احضاریه را به فرد مذکور در (مکان) _____

_____ در (تاریخ) _____ ؛ یا ابلاغ کردم؛

یا

احضاریه را در محل سکونت یا محل اقامت معمول فرد در نزد (نام) _____ گذاشتم

_____ ،که فردی بالغ و دارای اختیار بود که در آن مکان ساکن است،

در (تاریخ) _____ ، و یک نسخه از آن را به آخرین نشانی موجود از فرد ارسال کردم؛ یا

احضاریه را به (نام فرد) _____ تحویل دادم، که

توسط قانون برای دریافت ابلاغیه از طرف (نام سازمان) _____ مشخص شده است

_____ در (تاریخ) _____ ابلاغ کردم؛ یا

احضاریه را بدون ابلاغ برگردانم، چون _____ ؛ یا

' سایر (مشخص کنید):

.

حق‌الزحمه من عبارتست از _____ دلار برای سفر و _____ دلار برای خدمات، مجموعاً مبلغ _____ دلار .

من با در نظر داشتن مجازات شهادت دروغ اظهار می‌کنم که این اطلاعات صحیح است.

تاریخ: _____                 _____

_____
امضای ابلاغ‌کننده

_____
نام و سمت با حروف بزرگ و خوانا نوشته شود

_____
نشانی ابلاغ‌کننده

سایر اطلاعات مربوط به خدمات انجام شده، غیره:

**پیوست**

Mary Jelnek، به عنوان نماینده شخصی ماترک Vincent Slavin، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Vincent Slavin

Michael Slavin، شخصاً به عنوان فرزند بازمانده Vincent Slavin

Mary Jo Slavin، شخصاً به عنوان همسر بازمانده Vincent Slavin

Jacqueline Beard-Edwards، به عنوان نماینده شخصی ماترک Michael Edwards، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Michael Edwards

Jacqueline Beard-Edwards، شخصاً به عنوان همسر بازمانده Michael Edwards

Catherine Lyn-Shue، به عنوان نماینده شخصی ماترک Francisco Munoz، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Francisco Munoz

Catherine Lyn-Shue، شخصاً به عنوان همسر بازمانده Francisco Munoz

John Doe 154، که قصد دارد نماینده شخصی ماترک Chapelle Sarker، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Chapelle Sarker

Anthony Stewart، شخصاً به عنوان برادر بازمانده Chapelle Sarker

John Doe 155، به عنوان نماینده شخصی ماترک Dorothy Belcher، مادر فقید Chapelle Sarker

Mary Lou Moss، به عنوان نماینده شخصی ماترک Brian Moss، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Brian Moss

Mary Lou Moss، شخصاً به عنوان همسر بازمانده Brian Moss

Ashten Moss، شخصاً به عنوان فرزند بازمانده Brian Moss

Connor Moss، شخصاً به عنوان فرزند بازمانده Brian Moss

Christine O'Reilly، به عنوان نماینده شخصی ماترک Howard Gelling، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Howard Gelling

Christine O'Reilly، شخصاً به عنوان همسر بازمانده Howard Gelling

Deborah Mulford، شخصاً به عنوان خواهر بازمانده Howard Gelling

William Gelling، شخصاً به عنوان برادر بازمانده Howard Gelling

John Doe 158، که قرار بود نماینده شخصی ماترک Chet Louie، متوفی، و نماینده از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Chet Louie باشد، نام مذکور غیرواقعی است، نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا به نحو مقتضی توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا اگر هم منصوب شده، انتصاب وی منقضی شده است، و/یا انجام این کار را متوقف کرده است و جانشین وی هنوز منصوب نشده است)

Catalina Louie، شخصاً به عنوان فرزند بازمانده Chet Louie

Cassandra Louie، شخصاً به عنوان فرزند بازمانده Chet Louie

Ken Yazawa Reibman همچنین با نام Calvin Louie، شخصاً به عنوان فرزند بازمانده Chet Louie

Sunny Chiang، به عنوان نماینده شخصی ماترک Alexander Chiang، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Alexander Chiang

Sunny Chiang، شخصاً به عنوان همسر بازمانده Alexander Chiang

Devonte Carter، شخصاً به عنوان فرزند بازمانده Marcia Cecil-Carter

Devonte Carter، به عنوان نماینده شخصی ماترک Andre Carter، متوفی، همسر فقید Marcia Cecil-Carter

John Doe 156، که قصد دارد نماینده شخصی ماترک Jeffrey Bittner، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Jeffrey Bittner

Pamela Bittner-Conley، شخصاً به عنوان خواهر بازمانده Jeffrey Bittner

John Doe 157 به عنوان نماینده شخصی ماترک Donald Bittner، متوفی، پدر فقید Jeffrey Bittner

2

docs-100708433.1

28 USC 1608 Summons III 6
4/17

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

Mary Jelnek, et al. (see appendix)

|  |  |
|---|---|
| Plaintiff | ) |
| | ) |
| v. | )  Civil Action No. |
| Islamic Republic of Iran | ) |
| Defendant | ) |

## SUMMONS IN A CIVIL ACTION

To:   (Defendant's name and address)

Islamic Republic of Iran
c/o Ministry of Foreign Affairs
Imam Khomeini Avenue
Tehran, Iran

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jerry S. Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**CLERK OF COURT**

Date: 07/24/2024

/S/ V. BRAHIMI

Signature of Clerk or Deputy Clerk

28 USC 1608 Summons (12/11) (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                    .

˃ I personally served the summons on the individual at *(place)*

on *(date)*                    ; or

˃ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                    , and mailed a copy to the individual's last known address; or

˃ I served the summons on *(name of individual)*                    , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                    ; or

˃ I returned the summons unexecuted because                    ; or

˃ Other *(specify)*

My fees are $            for travel and $            for services, for a total of $            .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## **APPENDIX**

Mary Jelnek, as the Personal Representative of the Estate of Vincent Slavin, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Vincent Slavin

Michael Slavin, individually, as surviving child of Vincent Slavin

Mary Jo Slavin, individually, as surviving spouse of Vincent Slavin

Jacqueline Beard-Edwards, as the Personal Representative of the Estate of Michael Edwards, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael Edwards

Jacqueline Beard-Edwards, individually, as surviving spouse of Michael Edwards

Catherine Lyn-Shue, as the Personal Representative of the Estate of Francisco Munoz, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Francisco Munoz

Catherine Lyn-Shue, individually, as surviving spouse of Francisco Munoz

John Doe 154, being intended to designate the Personal Representative of the Estate of Chapelle Sarker, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Chapelle Sarker

Anthony Stewart, individually, as surviving sibling of Chapelle Sarker

John Doe 155, as Personal Representative of the Estate of Dorothy Belcher, deceased, the late parent of Chapelle Sarker

Mary Lou Moss, as the Personal Representative of the Estate of Brian Moss, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Brian Moss

Mary Lou Moss, individually, as surviving spouse of Brian Moss

Ashten Moss, individually, as surviving child of Brian Moss

Connor Moss, individually, as surviving child of Brian Moss

Christine O'Reilly, as the Personal Representative of the Estate of Howard Gelling, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Howard Gelling

Christine O'Reilly, individually, as surviving spouse of Howard Gelling

Deborah Mulford, individually, as surviving sibling of Howard Gelling

William Gelling, individually, as surviving sibling of Howard Gelling

John Doe 158 being intended to designate the Personal Representative of the Estate of Chet
Louie, deceased, said name being fictitious, her/his true name is not presently known, confirmed,
and/or has not been duly appointed by a court of competent jurisdiction (or having been so
appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or
her successor has not yet been appointed) and on behalf of all survivors and all legally entitled
beneficiaries and family members of Chet Louie

Catalina Louie, individually, as surviving child of Chet Louie

Cassandra Louie, individually, as surviving child of Chet Louie

Ken Yazawa Reibman a/k/a Calvin Louie, individually, as surviving child of Chet Louie

Sunny Chiang, as the Personal Representative of the Estate of Alexander Chiang, deceased, and
on behalf of all survivors and all legally entitled beneficiaries and family members of Alexander
Chiang

Sunny Chiang, individually, as surviving spouse of Alexander Chiang

Devonte Carter, individually, as surviving child of Marcia Cecil-Carter

Devonte Carter, as Personal Represenative of the Estate of Andre Carter, deceased, the late
spouse of Marcia Cecil-Carter

John Doe 156, being intended to designate the Personal Representative of the Estate of Jeffrey
Bittner, deceased, said name being fictitious, her/his true name is not presently known,
confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having
been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and
his or her successor has not yet been appointed) and on behalf of all survivors and all legally
entitled beneficiaries and family members of Jeffrey Bittner

Pamela Bittner-Conley, individually, as surviving sibling of Jeffrey Bittner

John Doe 157 as Personal Representative of the Estate of Donald Bittner, deceased, the late
parent of Jeffrey Bittner

28 USC 1608 احضاریه IH 6
4/17

دادگاه ناحیه‌ای ایالات متحده
جهت
ناحیه جنوب نیویورک

Mary Jelnek و دیگران (ضمیمه را ببینید)

_____
خواهان

)
)
)
) دعوی مدنی شماره
)
)
)

علیه
جمهوری اسلامی ایران

_____
مدعی علیه (خوانده)

احضاریه در یک اقدام مدنی

به:   (نام و آدرس خوانده)

جمهوری اسلامی ایران
به نشانی وزارت امور خارجه
خیابان امام خمینی
تهران، ایران

یک دعوی علیه شما اقامه شده است.

باید ظرف 60 روز پس از ابلاغ این احضاریه به شما (بدون احتساب روز دریافت آن) پاسخی به شکایت پیوست شده یا پیشنهادی را بر اساس قانون 12 از قوانین فدرال دادرسی مدنی به خواهان ابلاغ کنید. این پاسخ یا پیشنهاد باید به خوانده یا وکیل خوانده ابلاغ گردد، که نام و آدرس وی به شرح زیر است:

وکیل دعاوی جری اس. گلدمن
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

اگر پاسخ ندهید، علیه شما برای جبران خسارت درخواست شده در شکایت حکم غیابی صادر خواهد شد. همچنین باید پاسخ یا پیشنهاد خود را به دادگاه ارائه نمایید.

**منشی دادگاه**

تاریخ:   07/24/2024

[مهر:] دادگاه ناحیه‌ای ایالات متحده‌ناحیه جنوب نیویورک
[امضا]

/S/ V. BRAHIMI
_____
امضای منشی یا معاون منشی

پرونده GBD-cv-05520-24:1 سند 10 ارائه شده در 07/24/24 صفحه 2 از 4

28 USC 1608 احضاریه (12/11) (صفحه 2)

دعوی مدنی شماره

## گواهی ابلاغ
### (این قسمت نباید توسط دادگاه ثبت شود مگر در صورت الزام Fed. R. Civ. P. 4 (l))

این احضاریه مربوط به (نام و عنوان شخص، درصورت مصداق) _____ در _____

*(تاریخ)* _____ به من تحویل داده شد.

٭ من شخصاً ابلاغیه را به فرد مذکور در *(مکان)* _____

_____ در *(تاریخ)* _____ ابلاغ کردم؛ یا

٭ من ابلاغیه را در محل زندگی فرد یا مکانی که معمولاً در آنجا حضور دارد، قرار دادم، *(نام)* _____

_____ ، شخصی دارای سن و قدرت تشخیص مناسب که در اینجا سکونت دارد، در

*(تاریخ)* _____ و یک نسخه از آن را به آخرین نشانی موجود از فرد ارسال کردم؛ یا

٭ من ابلاغیه را به این فرد تحویل دادم: *(نام فرد)* _____ ، که بنا به قانون اجازه دارد

ابلاغ احضاریه را از طرف *(نام سازمان)* _____

_____ در *(تاریخ)* _____ بپذیرد؛ یا

٭ من احضاریه را بدون ابلاغ برگرداندم زیرا _____ ؛ یا

٭ سایر *(مشخص کنید)*:

.

حق‌الزحمه من عبارت است از _____ دلار برای سفر و _____ دلار برای ابلاغ، جمعاً _____ دلار.

من با در نظر داشتن مجازات شهادت دروغ اظهار می‌کنم که این اطلاعات صحیح است.

تاریخ: _____

_____
*امضای ابلاغ‌کننده*

_____
*نام و سمت با حروف بزرگ و خوانا نوشته شود*

_____
*نشانی ابلاغ‌کننده*

سایر اطلاعات مربوط به ابلاغ، غیره:

**پیوست**

Mary Jelnek، به عنوان نماینده شخصی ماترک Vincent Slavin، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Vincent Slavin

Michael Slavin، شخصاً به عنوان فرزند بازمانده Vincent Slavin

Mary Jo Slavin، شخصاً به عنوان همسر بازمانده Vincent Slavin

Jacqueline Beard-Edwards، به عنوان نماینده شخصی ماترک Michael Edwards، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Michael Edwards

Jacqueline Beard-Edwards، شخصاً به عنوان همسر بازمانده Michael Edwards

Catherine Lyn-Shue، به عنوان نماینده شخصی ماترک Francisco Munoz، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Francisco Munoz

Catherine Lyn-Shue، شخصاً به عنوان همسر بازمانده Francisco Munoz

John Doe 154، که قصد دارد نماینده شخصی ماترک Chapelle Sarker، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Chapelle Sarker

Anthony Stewart، شخصاً به عنوان برادر بازمانده Chapelle Sarker

John Doe 155، به عنوان نماینده شخصی ماترک Dorothy Belcher، مادر فقید Chapelle Sarker

Mary Lou Moss، به عنوان نماینده شخصی ماترک Brian Moss، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Brian Moss

Mary Lou Moss، شخصاً به عنوان همسر بازمانده Brian Moss

Ashten Moss، شخصاً به عنوان فرزند بازمانده Brian Moss

Connor Moss، شخصاً به عنوان فرزند بازمانده Brian Moss

Christine O'Reilly، به عنوان نماینده شخصی ماترک Howard Gelling، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Howard Gelling

Christine O'Reilly، شخصاً به عنوان همسر بازمانده Howard Gelling

Deborah Mulford، شخصاً به عنوان خواهر بازمانده Howard Gelling

William Gelling، شخصاً به عنوان برادر بازمانده Howard Gelling

John Doe 158، که قرار بود نماینده شخصی ماترک Chet Louie، متوفی، و نماینده از طرف تمام بازماندگان و ذینفعان

قانونی و اعضای خانواده Chet Louie باشد، نام مذکور غیرواقعی است، نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا به نحو مقتضی توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا اگر هم منصوب شده، انتصاب وی منقضی شده است، و/یا انجام این کار را متوقف کرده است و جانشین وی هنوز منصوب نشده است)

Catalina Louie، شخصاً به عنوان فرزند بازمانده Chet Louie

Cassandra Louie، شخصاً به عنوان فرزند بازمانده Chet Louie

Ken Yazawa Reibman همچنین با نام Calvin Louie، شخصاً به عنوان فرزند بازمانده Chet Louie

Sunny Chiang، به عنوان نماینده شخصی ماترک Alexander Chiang، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Alexander Chiang

Sunny Chiang، شخصاً به عنوان همسر بازمانده Alexander Chiang

Devonte Carter، شخصاً به عنوان فرزند بازمانده Marcia Cecil-Carter

Devonte Carter، به عنوان نماینده شخصی ماترک Andre Carter، متوفی، همسر فقید Marcia Cecil-Carter

John Doe 156، که قصد دارد نماینده شخصی ماترک Jeffrey Bittner، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Jeffrey Bittner

Pamela Bittner-Conley، شخصاً به عنوان خواهر بازمانده Jeffrey Bittner

John Doe 157 به عنوان نماینده شخصی ماترک Donald Bittner، متوفی، پدر فقید Jeffrey Bittner

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

03-MDL-1570 (GBD)(SN)

Mary Jelnek, as the Personal Representative of the
Estate of Vincent Slavin, deceased, and on behalf of
all survivors and all legally entitled beneficiaries and
family members of Vincent Slavin

Civil Docket Number:

Michael Slavin, individually, as surviving child of
Vincent Slavin

**IRAN SHORT FORM
COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

Mary Jo Slavin, individually, as surviving spouse of
Vincent Slavin

Jacqueline Beard-Edwards, as the Personal
Representative of the Estate of Michael Edwards,
deceased, and on behalf of all survivors and all legally
entitled beneficiaries and family members of Michael
Edwards

Jacqueline Beard-Edwards, individually, as surviving
spouse of Michael Edwards

Catherine Lyn-Shue, as the Personal Representative of
the Estate of Francisco Munoz, deceased, and on
behalf of all survivors and all legally entitled
beneficiaries and family members of Francisco
Munoz

Catherine Lyn-Shue, individually, as surviving spouse
of Francisco Munoz

John Doe 154, being intended to designate the
Personal Representative of the Estate of Chapelle
Sarker, deceased, said name being fictitious, her/his
true name is not presently known, confirmed, and/or
has not been duly appointed by a court of competent
jurisdiction (or having been so appointed, his or her
appointment has expired, and/or he or she has ceased
to serve, and his or her successor has not yet been
appointed) and on behalf of all survivors and all

docs-100708432.1

legally entitled beneficiaries and family members of
Chapelle Sarker

Anthony Stewart, individually, as surviving sibling of
Chapelle Sarker

John Doe 155, as Personal Representative of the
Estate of Dorothy Belcher, deceased, the late parent of
Chapelle Sarker

Mary Lou Moss, as the Personal Representative of the
Estate of Brian Moss, deceased, and on behalf of all
survivors and all legally entitled beneficiaries and
family members of Brian Moss

Mary Lou Moss, individually, as surviving spouse of
Brian Moss

Ashten Moss, individually, as surviving child of Brian
Moss

Connor Moss, individually, as surviving child of
Brian Moss

Christine O'Reilly, as the Personal Representative of
the Estate of Howard Gelling, deceased, and on behalf
of all survivors and all legally entitled beneficiaries
and family members of Howard Gelling

Christine O'Reilly, individually, as surviving spouse
of Howard Gelling

Deborah Mulford, individually, as surviving sibling of
Howard Gelling

William Gelling, individually, as surviving sibling of
Howard Gelling

John Doe 158 being intended to designate the
Personal Representative of the Estate of Chet Louie,
deceased, said name being fictitious, her/his true name
is not presently known, confirmed, and/or has not
been duly appointed by a court of competent
jurisdiction (or having been so appointed, his or her
appointment has expired, and/or he or she has ceased
to serve, and his or her successor has not yet been

2

appointed) and on behalf of all survivors and all
legally entitled beneficiaries and family members of
Chet Louie

Catalina Louie, individually, as surviving child of
Chet Louie

Cassandra Louie, individually, as surviving child of
Chet Louie

Ken Yazawa Reibman a/k/a Calvin Louie,
individually, as surviving child of Chet Louie

Sunny Chiang, as the Personal Representative of the
Estate of Alexander Chiang, deceased, and on behalf
of all survivors and all legally entitled beneficiaries
and family members of Alexander Chiang

Sunny Chiang, individually, as surviving spouse of
Alexander Chiang

Devonte Carter, individually, as surviving child of
Marcia Cecil-Carter

Devonte Carter, as Personal Represenative of the
Estate of Andre Carter, deceased, the late spouse of
Marcia Cecil-Carter

John Doe 156, being intended to designate the
Personal Representative of the Estate of Jeffrey
Bittner, deceased, said name being fictitious, her/his
true name is not presently known, confirmed, and/or
has not been duly appointed by a court of competent
jurisdiction (or having been so appointed, his or her
appointment has expired, and/or he or she has ceased
to serve, and his or her successor has not yet been
appointed) and on behalf of all survivors and all
legally entitled beneficiaries and family members of
Jeffrey Bittner

Pamela Bittner-Conley, individually, as surviving
sibling of Jeffrey Bittner

John Doe 157 as Personal Representative of the Estate
of Donald Bittner, deceased, the late parent of Jeffrey
Bittner

3

|  | Plaintiff(s), |
| --- | --- |
| -against- | |
| Islamic Republic of Iran, | |
|  | Defendant. |

Plaintiffs named herein by and through the undersigned counsel file this Iran Short Form Complaint against Defendant, the Islamic Republic of Iran ("Iran"), arising out of the September 11, 2001 terrorist attacks ("September 11, 2001 Terrorist Attacks"), as permitted and approved by the Court's Order of October 28, 2019, ECF No. 5234. Each Plaintiff incorporates by reference the specific allegations, as indicated below, of (a) the Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237, or (b) the Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53.

Upon filing this Short Form Complaint, each Plaintiff is deemed to have adopted all factual and jurisdictional allegations of the complaint that has been joined as specified below; all causes of action contained within that complaint; all prior filings in connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint.

Additionally, each Plaintiff incorporates the factual allegations and findings contained in those pleadings and orders filed at Havlish v. Bin Laden, No. 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF Nos. 263, 294, 295; In re Terrorist Attacks on September 11, 2001, 03-MDL-1570 (GBD)(SN) (S.D.N.Y.), ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (ECF No. 2540).

4

## VENUE

1.     Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1),

as a substantial part of the events giving rise to the claims asserted herein occurred in this district.

Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2.     Jurisdiction against the Islamic Republic of Iran is premised on the grounds set

forth in the complaints specified below, including but not limited to 28 U.S.C. § 1605(a) (tort

exception to the Foreign Sovereign Immunities Act), 28 U.S.C. § 1605A (terrorism exception to

the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605B (Justice Against Sponsors of

Terrorism Act).

## CAUSES OF ACTION

3.     Each Plaintiff hereby adopts and incorporates by reference all factual allegations,

jurisdictional allegations, and jury trial demand, including all causes of action against the Islamic

Republic of Iran, as set forth in the following complaint [**check only one complaint**]:

> ☐ Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against
> Defendant, the Islamic Republic of Iran, ECF No. 3237
>
> ☒ Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903 (GBD)
> (SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

4.     In addition, each Plaintiff hereby asserts the following additional causes of action:

☒ Iran Short Form Complaint First Cause of Action to Recover Wrongful Death
Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act
or JASTA) and 18 U.S.C. § 2333 et seq. (the Anti-Terrorism Act or ATA)

> As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set
> forth in the complaint noted above, as well as the allegations set forth in the Havlish
> filings noted above, establish that, as set forth herein, the injuries they suffered
> arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the
> September 11, 2001 Terrorist Attacks constituted acts of international terrorism that
> violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September
> 11, 2001 Terrorist Attacks constituted acts of international terrorism committed,

5

planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

☐ Iran Short Form Complaint First Cause of Action to Recover Personal Injury Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the Havlish filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

### IDENTIFICATION OF NEW PLAINTIFFS

5.      The following allegations and information are alleged on behalf of each individual

who is bringing this claim, as indicated on Appendix 1 to this Iran Short Form Complaint, herein

referred to as "Plaintiffs."

        a.      The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to this Iran Short Form Complaint.

        b.      Plaintiff is entitled to recover damages on the causes of action set forth in the complaint identified above, as joined by this Iran Short Form Complaint, and as further asserted within this Iran Short Form Complaint.

        c.      As indicated at Appendix 1, Plaintiff (i) is the estate representative of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; (ii) is the surviving immediate family member of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; and/or (iii) suffered physical injuries as a result of the September 11, 2001 Terrorist Attacks.

6

          d.     For those plaintiffs with personal injury claims, as indicated in Appendix 1, on or after September 11, 2001, said Plaintiff was present at the Pentagon and/or the World Trade Center site and/or its surroundings and/or lower Manhattan and/or at an area wherein he/she was exposed to toxins as a result of the terrorist attacks and was exposed to toxins from the attacks, and/or was otherwise injured, and/or as otherwise alleged, as stated specifically in Appendix 1.

          e.     For those plaintiffs with personal injury and/or wrongful death claims, as indicated in Appendix 1, as a direct, proximate and foreseeable result of Defendant's actions or inactions, Plaintiff or his or her decedent suffered bodily injury and/or death, and consequently economic and other losses, including but not limited to pain and suffering, emotional distress, psychological injuries, and loss of enjoyment of life, and/or as described in the Iran Short Form Complaint, and/or as otherwise may be specified in subsequent discovery proceedings, and/or as otherwise alleged in Appendix 1.

          f.     The name, relationship to the injured and/or deceased September 11 victim, residency, citizenship/nationality, and the general nature of the claim for each plaintiff asserting wrongful death and/or solatium claims is listed on the attached Appendix 1, and is incorporated herein as allegations, with all allegations of the related complaints, as specified above, deemed alleged as to each Plaintiff.

### IDENTIFICATION OF THE DEFENDANT

6.     The only Defendant named in this Iran Short Form Complaint is the Islamic Republic of Iran.

### NO WAIVER OF OTHER CLAIMS

7.     By filing this Iran Short Form Complaint, Plaintiffs are not waiving any right to file suit against any other potential defendants or parties.

8.     By filing this Iran Short Form Complaint, Plaintiffs are not opting out of any class that the Court may certify in the future.

### JURY DEMAND

9.     Each Plaintiff hereby demands a trial by jury as to the claims in this action.

7

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in this Iran Short Form Complaint as appropriate.

Dated: July 22, 2024

Respectfully submitted,

/s/ Jerry S. Goldman
Jerry S. Goldman, Esq.
Bruce Strong, Esq.
Alexander Greene, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com

Attorneys for Plaintiffs

8

**APPENDIX 1**

Each line below is deemed an allegation, incorporating the allegations, language, and
references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall
be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of
Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Mary Jelnek | FL | United States | Vincent Slavin | PR | United States | Solatium/ Wrongful Death |
| 2 | Michael Slavin | NY | United States | Vincent Slavin | Child | United States | Solatium |
| 3 | Mary Jo Slavin | FL | United States | Vincent Slavin | Spouse | United States | Solatium |
| 4 | Jacqueline Beard-Edwards | NY | United States | Michael Edwards | PR | United States | Solatium/ Wrongful Death |
| 5 | Jacqueline Beard-Edwards | NY | United States | Michael Edwards | Spouse | United States | Solatium |
| 6 | Catherine Lyn-Shue | NY | United States | Francisco Munoz | PR | United States | Solatium/ Wrongful Death |
| 7 | Catherine Lyn-Shue | NY | United States | Francisco Munoz | Spouse | United States | Solatium |
| 8 | John Doe 154 | N/A | United States | Chapelle Sarker | PR | United States | Solatium/ Wrongful Death |
| 9 | Anthony Stewart | MD | United States | Chapelle Sarker | Sibling | United States | Solatium |

---

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

9

docs-100708432.1

|  | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 10 | John Doe 155, as Personal Representative of the Estate of Dorothy Belcher | N/A | United States | Chapelle Sarker | Parent (Deceased) | United States | Solatium |
| 11 | Mary Lou Moss | TX | United States | Brian Moss | PR | United States | Solatium/ Wrongful Death |
| 12 | Mary Lou Moss | TX | United States | Brian Moss | Spouse | United States | Solatium |
| 13 | Ashten Moss | CO | United States | Brian Moss | Child | United States | Solatium |
| 14 | Connor Moss | TN | United States | Brian Moss | Child | United States | Solatium |
| 15 | Christine O'Reilly | NY | United States | Howard Gelling | PR | United States | Solatium/ Wrongful Death |
| 16 | Christine O'Reilly | NY | United States | Howard Gelling | Spouse | United States | Solatium |
| 17 | Deborah Mulford | FL | United States | Howard Gelling | Sibling | United States | Solatium |
| 18 | William Gelling | NJ | United States | Howard Gelling | Sibling | United States | Solatium |
| 19 | John Doe 158 | N/A | United States | Chet Louie | PR | United States | Solatium/ Wrongful Death |
| 20 | Catalina Louie | FL | United States | Chet Louie | Child | United States | Solatium |
| 21 | Cassandra Louie | NY | United States | Chet Louie | Child | United States | Solatium |
| 22 | Ken Yazawa Reibman a/k/a Calvin Louie | NY | United States | Chet Louie | Child | United States | Solatium |
| 23 | Sunny Chiang | NY | United States | Alexander Chiang | PR | United States | Solatium/ Wrongful Death |
| 24 | Sunny Chiang | NY | United States | Alexander Chiang | Spouse | United States | Solatium |
| 25 | Devonte Carter | NY | United States | Marcia Cecil-Carter | Child | United States | Solatium |

docs-100708432.1

|    | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|----|------------------|------|------|------|------|------|------|
| 26 | Devonte Carter, as Personal Represenative of the Estate of Andre Carter | NY | United States | Marcia Cecil-Carter | Spouse (Deceased) | United States | Solatium |
| 27 | John Doe 156 | N/A | United States | Jeffrey Bittner | PR | United States | Solatium/ Wrongful Death |
| 28 | Pamela Bittner-Conley | FL | United States | Jeffrey Bittner | Sibling | United States | Solatium |
| 29 | John Doe 157 as Personal Representative of the Estate of Donald Bittner | N/A | United States | Jeffrey Bittner | Parent (Deceased) | United States | Solatium |

11

دادگاه ناحیه‌ای ایالات متحده ناحیه جنوب نیویورک

|  |  |
|---|---|
| عطف به: | |
| حملات تروریستی 11 سپتامبر 2001 | 03-MDL-1570 (GBD)(SN) |
| Mary Jelnek، به عنوان نماینده شخصی ماترک Vincent Slavin، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Vincent Slavin | شماره پرونده مدنی: |
| Michael Slavin، شخصاً به عنوان فرزند بازمانده Vincent Slavin | **فرم کوتاه شکایت از ایران و تقاضای برگزاری محاکمه همراه با هیئت منصفه** |
| Mary Jo Slavin، شخصاً به عنوان همسر بازمانده Vincent Slavin | |
| Jacqueline Beard-Edwards، به عنوان نماینده شخصی ماترک Michael Edwards، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Michael Edwards | |
| Jacqueline Beard-Edwards، شخصاً به عنوان همسر بازمانده Michael Edwards | |
| Catherine Lyn-Shue، به عنوان نماینده شخصی ماترک Francisco Munoz، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Francisco Munoz | |
| Catherine Lyn-Shue، شخصاً به عنوان همسر بازمانده Francisco Munoz | |
| John Doe 154، که قصد دارد نماینده شخصی ماترک Chapelle Sarker، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Chapelle Sarker | |
| Anthony Stewart، شخصاً به عنوان برادر بازمانده Chapelle Sarker | |
| John Doe 155، به عنوان نماینده شخصی ماترک Dorothy Belcher، مادر فقید Chapelle Sarker | |
| Mary Lou Moss، به عنوان نماینده شخصی ماترک Brian Moss، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای | |

خانواده Brian Moss

Mary Lou Moss، شخصاً به عنوان همسر بازمانده Brian Moss

Ashten Moss، شخصاً به عنوان فرزند بازمانده Brian Moss

Connor Moss، شخصاً به عنوان فرزند بازمانده Brian Moss

Christine O'Reilly، به عنوان نماینده شخصی ماترک Howard
Gelling، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و
اعضای خانواده Howard Gelling

Christine O'Reilly، شخصاً به عنوان همسر بازمانده Howard
Gelling

Deborah Mulford، شخصاً به عنوان خواهر بازمانده Howard
Gelling

William Gelling، شخصاً به عنوان برادر بازمانده Howard
Gelling

John Doe 158، که قرار بود نماینده شخصی ماترک Chet
Louie، متوفی، و نماینده از طرف تمام بازماندگان و ذینفعان قانونی
و اعضای خانواده Chet Louie باشد، نام مذکور غیرواقعی است،
نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا به نحو
مقتضی توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا
اگر هم منصوب شده، انتصاب وی منقضی شده است، و/یا انجام این
کار را متوقف کرده است و جانشین وی هنوز منصوب نشده است)

Catalina Louie، شخصاً به عنوان فرزند بازمانده Chet Louie

Cassandra Louie، شخصاً به عنوان فرزند بازمانده Chet Louie

Ken Yazawa Reibman همچنین با نام Calvin Louie، شخصاً
به عنوان فرزند بازمانده Chet Louie

Sunny Chiang، به عنوان نماینده شخصی ماترک Alexander
Chiang، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و
اعضای خانواده Alexander Chiang

Sunny Chiang، شخصاً به عنوان همسر بازمانده Alexander
Chiang

Devonte Carter، شخصاً به عنوان فرزند بازمانده Marcia

2

Cecil-Carter

Devonte Carter، به عنوان نماینده شخصی ماترک Andre
Carter، متوفی، همسر فقید Marcia Cecil-Carter

John Doe 156، که قصد دارد نماینده شخصی ماترک Jeffrey
Bittner، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام
واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه
واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت
منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار
نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام
بازماندگان و ذینفعان قانونی و اعضای خانواده Jeffrey Bittner

Pamela Bittner-Conley، شخصاً به عنوان خواهر بازمانده
Jeffrey Bittner

John Doe 157 به عنوان نماینده شخصی ماترک Donald
Bittner، متوفی، پدر فقید Jeffrey Bittner

خواهان(ها)،

- علیه -

جمهوری اسلامی ایران،

خوانده.

خواهان(های) مندرج در اینجا از طریق وکیلی که امضایش در زیر آمده است این فرم کوتاه شکایت را علیه خوانده
جمهوری اسلامی ایران ("ایران") در خصوص حملات تروریستی 11 سپتامبر 2001 ("حملات تروریستی 11 سپتامبر 2001")
ارائه می‌کنند که بنا به دستور دادگاه ECF شماره 5234 مورخ 28 اکتبر 2019 مجاز دانسته شده و تأیید گردیده است. هر یک از
خواهان‌ها اتهامات مشخص مندرج در زیر را از طریق ارجاع مطرح می‌سازند، (الف) شکایت تجمیعی اصلاح شده خواهان‌ها
بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران،ECF شماره 3237، یا (ب) شکایت اصلاح شده، برنت علیه جمهوری
اسلامی ایران، شماره (SN)(GBD) 15-CV-9903 (.S.D.N.Y) تاریخ 8 فوریه (2016)، ECF شماره 53.

فرض بر این خواهد بود که هر یک از خواهان(ها) با طرح این فرم کوتاه شکایت، تمامی اتهامات مبتنی بر حقایق و
قضایی شکایت را که در زیر مشخص شده است؛ تمامی علل اقدام مندرج در شکایت؛ تمام موارد ارائه شده در خصوص آن
شکایت؛ و تمام احکام و دستورات دادگاه در رابطه با آن شکایت را نیز گنجانده‌اند.

3

Case 1:03-md-01570-GBD-SN    Document 10860-2    Filed 04/14/25    Page 37 of 136

علاوه بر این، هر یک از خواهان‌ها اتهامات مبتنی بر حقایق مندرج در آن دادرسی‌ها و احکام ارائه شده در پرونده هاولیش علیه بن لادن، به شماره (.S.D.N.Y) (GBD)(SN) 9848-CV-03:1، ECF شماره‌های 263، 294، 295؛ عطف به حملات تروریستی 11 سپتامبر 2001، پرونده (.S.D.N.Y) (GBD)(SN) 1570-MDL-03، ECF شماره‌های 2430، 2431، 2432، 2433، 2473، 2515، 2516؛ و شواهد ارائه شده در دادرسی‌ها نزد قاضی جورج بی. دانیلز در 15 دسامبر 2011 (ECF شماره 2540) را گنجانده‌اند.

### مکان

1.    مکان این ناحیه بر اساس (2)(b)1391 §§ .U.S.C 28 و (1)(f)1391 مناسب است چرا که بخش قابل توجهی از رویدادهای منجر به دعاوی مطرح شده در اینجا در این ناحیه رخ داده است. همچنین محل اقامه دعوی در این ناحیه براساس (a)2334 § .U.S.C 18 مناسب است.

### صلاحیت قضایی

2.    صلاحیت قضایی علیه جمهوری اسلامی ایران بر اساس دلایل مندرج در شکایات مشخص شده در زیر، از جمله اما نه محدود به (a)1605 § .U.S.C 28 (استثنای شبه‌جرم قانون مصونیت حاکمیت خارجی)، 1605A § .U.S.C 28 (استثنای تروریسم قانون مصونیت حاکمیت خارجی) و 1605B § .U.S.C 28 (قانون عدالت علیه حامیان مالی تروریسم) اثبات می‌گردد.

### علل اقدام

3.    بدین وسیله هریک از خواهان(ها) با ارجاع تمامی اتهامات مبتنی بر حقایق، اتهامات قضایی و درخواست محاکمه با حضور هیئت منصفه از جمله تمام علل اقدام علیه جمهوری اسلامی ایران مندرج در شکایت زیر را اتخاذ می‌کنند [**فقط یک شکایت را علامت بزنید:**]

☐شکایت تجمیعی اصلاح شده خواهان‌ها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237

☒ شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره (GBD)(SN) 9903-CV-15 (.S.D.N.Y) 8 فوریه (2016)، ECF شماره 53

4.    به‌علاوه، هر یک از خواهان‌ها بدین‌وسیله علل اقدام اضافی زیر را نیز مطرح می‌کنند:

☒فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس § .U.S.C

4

docs-100708432.1

1605B (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 2333 § .U.S.C 18 (قانون مبارزه *et seq.* 28 با تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده هاولیش که در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 2331 § .U.S.C 18 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس 1189 § .U.S.C 8 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب § .U.S.C 18 2331 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض *et seq.* 18 U.S.C. § 2333 بوده است.

☐ فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس 28 U.S.C. § 1605B (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 2333 § .U.S.C 18 (قانون مبارزه با *et seq.* تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده هاولیش که در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 2331 § .U.S.C 18 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس 1189 § .U.S.C 8 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب § .U.S.C 18 2331 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض *et seq.* 18 U.S.C. § 2333 بوده است.

### شناسایی خواهان‌های جدید

5. اتهامات و اطلاعات زیر از طرف هر یک از افرادی ارائه گردیده که این دعوی را مطرح می‌کنند، چنانکه

در ضمیمه 1 این فرم کوتاه شکایت از ایران آمده است و در اینجا به آنها "خواهان‌ها" گفته می‌شود.

a. شهروندی/تابعیت هر یک از خواهان‌ها در ضمیمه 1 این فرم کوتاه شکایت از ایران ذکر شده است.

b. خواهان مشمول دریافت خسارت در مورد علل اقدام مطرح شده در شکایت ذکر شده در بالا است که در این فرم کوتاه شکایت از ایران مطرح شده و همچنین در این فرم کوتاه شکایت از ایران تصریح گردیده است.

c. همان‌گونه که در ضمیمه 1 آمده است، خواهان (1) نماینده وارثان شخصی است که در نتیجه حملات تروریستی 11 سپتامبر 2001 کشته شده است؛ (2) عضو زنده بلافصل خانواده شخصی است که در نتیجه حملات تروریستی 11 سپتامبر 2001 کشته شده است؛ و/یا (3) در نتیجه حملات تروریستی 11 سپتامبر 2001 دچار صدمات جسمی شده است.

5

d. در خصوص آن دسته از خواهان‌ها که ادعای صدمه شخصی را مطرح می‌کنند، چنانکه در ضمیمه 1 آمده در 11 سپتامبر 2001 یا بعد از آن، خواهان مذکور در پنتاگون و/یا مرکز تجارت جهانی و/یا محیط اطراف آن و/یا جنوب منهتن و/یا در جایی بوده که در معرض مواد سمی ناشی از حملات تروریستی قرار داشته و خود در معرض مواد سمی ناشی از حملات تروریستی قرار گرفته است و/یا موضوع به شکلی دیگر بهطور مشخص در ضمیمه 1 ذکر گردیده است.

e. در مورد خواهان‌هایی که دعوی صدمه شخصی و/یا قتل غیر عمد را، چنانکه در ضمیمه 1، و به سبب نتیجه مستقیم، بلافصل و قابل پیش‌بینی اقدام خوانده مطرح کرده‌اند، خوانده و/یا فرد متوفی وی دچار آسیب جسمی و/یا مرگ شده و در نتیجه متحمل زیان‌های اقتصادی و غیره شده است، از جمله، اما نه محدود به درد و رنج، پریشانی عاطفی، رنج روحی و از دست دادن لذت زندگی، و/یا آنچه در فرم کوتاه شکایت از ایران شرح داده شده است و/یا ممکن است در دادرسی‌های کشف حق بعدی شناسایی شود و/یا به شکل دیگری در ضمیمه 1 مطرح گردیده است.

f. نام، نسبت به فرد مجروح و/یا متوفی قربانی 11 سپتامبر، محل اقامت، شهروندی/تابعیت، و ماهیت کلی دعوی هر یک از خواندها در خصوص قتل غیر عمد و/یا دعاوی ترضیه خاطر در ضمیمه 1 ذکر شده است و در اینجا، همراه با تمام اتهامات شکایات مربوطه چنانکه در بالا ذکر شد، به عنوان اتهامات مورد ادعای هر یک از خواهان‌ها تلقی می‌شود.

**هویت خوانده**

6. تنها خوانده ذکر شده در این فرم شکایت کوتاه از ایران، جمهوری اسلامی ایران است.

**چشم‌پوشی نکردن از ادعاهای دیگر**

7. خواهان‌ها با ارائه این فرم کوتاه شکایت از ایران، از هیچیک از حقوق خود برای طرح دادخواهی علیه هر یک از خواندها یا طرفین بالقوه دیگر چشم‌پوشی نمی‌کنند.

8. خواهان‌ها، با ارائه این فرم کوتاه شکایت از ایران، از هرگونه دعوی جمعی که ممکن است دادگاه در اینده مجاز بداند، صرف‌نظر نمی‌کنند.

**درخواست هیئت منصفه**

9. بدین وسیله هر یک از خواهان‌ها محاکمه با حضور هیئت منصفه را در خصوص دعاوی این اقدام درخواست می‌نمایند.

6

بدین‌وسیله، خواهان‌ها درخواست صدور حکم علیه خوانده که در پرونده بر اساس مندرجات فرم کوتاه شکایت از ایران

را به صورت مقتضی دارند.

مورخ:22 ژوئیه 2024

تقدیم با احترام،

*/امضا/ جری اس. گلدمن*
وکیل دعاوی جری اس. گلدمن
Bruce Strong، وکیل دعاوی
Alexander Greene، وکیل دعاوی
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
تلفن:278-1000 (212)
jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com

*وکلای خواهان‌ها*

7

## پیوست 1

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از

ایران است که ضمیمه 1 به آن پیوست شده است و باید به عنوان دعوی 1 از ضمیمه 1 به فرم کوتاه شکایت از ایران، دعوی 2

از ضمیمه 1 به فرم کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| | نام خواهان | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | تابعیت/ ملیت متوفی 11 سپتامبر در تاریخ 9/11/01 | ماهیت دعوی (قتل غیر عمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Mary Jelnek | فلوریدا | ایالات متحده | Vincent Slavin | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 2 | Michael Slavin | نیویورک | ایالات متحده | Vincent Slavin | فرزند | ایالات متحده | ترضیه خاطر |
| 3 | Mary Jo Slavin | فلوریدا | ایالات متحده | Vincent Slavin | همسر | ایالات متحده | ترضیه خاطر |
| 4 | Jacqueline Beard-Edwards | نیویورک | ایالات متحده | Michael Edwards | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 5 | Jacqueline Beard-Edwards | نیویورک | ایالات متحده | Michael Edwards | همسر | ایالات متحده | ترضیه خاطر |
| 6 | Catherine Lyn-Shue | نیویورک | ایالات متحده | Francisco Munoz | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 7 | Catherine Lyn-Shue | نیویورک | ایالات متحده | Francisco Munoz | همسر | ایالات متحده | ترضیه خاطر |
| 8 | John Doe 154 | غیرقابل اعمال | ایالات متحده | Chapelle Sarker | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 9 | Anthony Stewart | مریلند | ایالات متحده | Chapelle Sarker | برادر/خواهر | ایالات متحده | ترضیه خاطر |

---

[1] در خصوص مواردی که مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

docs-100708432.1

| | نام خواهان | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | 9/11 نام کامل متوفی | نسبت خواهان با متوفی 9/11 | تابعیت/ ملیت متوفی 11 سپتامبر در تاریخ 9/11/01 | ماهیت دعوی (قتل غیر عمد، ترضیه خاطر، جراحت شخصی)² |
|---|---|---|---|---|---|---|---|
| 10 | John Doe 155، به عنوان نماینده شخصی ماترک Dorothy Belcher | غیرقابل‌اعمال | ایالات متحده | Chapelle Sarker | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 11 | Mary Lou Moss | تگزاس | ایالات متحده | Brian Moss | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 12 | Mary Lou Moss | تگزاس | ایالات متحده | Brian Moss | همسر | ایالات متحده | ترضیه خاطر |
| 13 | Ashten Moss | کلرادو | ایالات متحده | Brian Moss | فرزند | ایالات متحده | ترضیه خاطر |
| 14 | Connor Moss | تنسی | ایالات متحده | Brian Moss | فرزند | ایالات متحده | ترضیه خاطر |
| 15 | Christine O'Reilly | نیویورک | ایالات متحده | Howard Gelling | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 16 | Christine O'Reilly | نیویورک | ایالات متحده | Howard Gelling | همسر | ایالات متحده | ترضیه خاطر |
| 17 | Deborah Mulford | فلوریدا | ایالات متحده | Howard Gelling | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 18 | William Gelling | نیوجرسی | ایالات متحده | Howard Gelling | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 19 | John Doe 158 | غیرقابل‌اعمال | ایالات متحده | Chet Louie | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 20 | Catalina Louie | فلوریدا | ایالات متحده | Chet Louie | فرزند | ایالات متحده | ترضیه خاطر |
| 21 | Cassandra Louie | نیویورک | ایالات متحده | Chet Louie | فرزند | ایالات متحده | ترضیه خاطر |
| 22 | Ken Yazawa Reibman همچنین با نام Calvin Louie | نیویورک | ایالات متحده | Chet Louie | فرزند | ایالات متحده | ترضیه خاطر |
| 23 | Sunny Chiang | نیویورک | ایالات متحده | Alexander | پورتو ریکو | ایالات متحده | ترضیه |

9

تاریخ ارائه 07/22/24 صفحه 10 از 10          سند 1          پرونده 1:24-cv-05520

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | تابعیت/ ملیت متوفی 11 سپتامبر در تاریخ 9/11/01 | نسبت خواهان با متوفی 9/11 | 9/11 نام کامل متوفی | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان | |
|---|---|---|---|---|---|---|---|
| خاطر/قتل غیرعمد | | | Chiang | | | | |
| ترضیه خاطر | ایالات متحده | همسر | Alexander Chiang | ایالات متحده | نیویورک | Sunny Chiang | 24 |
| ترضیه خاطر | ایالات متحده | فرزند | Marcia Cecil-Carter | ایالات متحده | نیویورک | Devonte Carter | 25 |
| ترضیه خاطر | ایالات متحده | همسر (متوفی) | Marcia Cecil-Carter | ایالات متحده | نیویورک | Devonte Carter، به عنوان نماینده شخصی ماترک Andre Carter | 26 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | Jeffrey Bittner | ایالات متحده | غیرقابل‌اعمال | John Doe 156 | 27 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Jeffrey Bittner | ایالات متحده | فلوریدا | Pamela Bittner-Conley | 28 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | Jeffrey Bittner | ایالات متحده | غیرقابل‌اعمال | John Doe 157، به‌عنوان نماینده شخصی ماترک Donald Bittner | 29 |

10

docs-100708432.1

JS 44C/SDNY
REV.
10/01/2020

Case 1:24-cv-05520    Document 4    Filed 07/22/24    Page 1 of 5
CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Mary Jelnek, et al. (see appendix) | Islamic Republic of Iran |

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
Jerry S. Goldman, Esq., ANDERSON KILL P.C.
1251 Avenue of the Americas, New York, NY 10020
(212) 278-1000 / jgoldman@andersonkill.com

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

18 U.S.C. § 2333 and 18 U.S.C. §§ 1605A, 1605B

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No☐Yes☑

Judge Previously Assigned
George B. Daniels

If yes, was this case Vol.☐ Invol.☐  Dismissed. No☒ Yes☐  If yes, give date _____  & Case No. 1:03-md-1570

Is THIS AN INTERNATIONAL ARBITRATION CASE?    No ☑    Yes ☐

(PLACE AN [x] IN ONE BOX ONLY)                NATURE OF SUIT

TORTS                                          ACTIONS UNDER STATUTES

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110   INSURANCE | [ ] 310 AIRPLANE | [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | [ ] 422 APPEAL 28 USC 158 | [ ] 375 FALSE CLAIMS |
| [ ] 120   MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | | | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 376 QUI TAM |
| [ ] 130   MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 690 OTHER | | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 140   NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | PROPERTY RIGHTS | | [ ] 410 ANTITRUST |
| [ ] 150   RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | | [ ] 820 COPYRIGHTS | [ ] 880 DEFEND TRADE SECRETS ACT | [ ] 430 BANKS & BANKING |
| | | LIABILITY | [ ] 830 PATENT | | [ ] 450 COMMERCE |
| [ ] 151   MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | PERSONAL PROPERTY | [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION | | [ ] 460 DEPORTATION |
| [ ] 152   RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 MOTOR VEHICLE | [ ] 370 OTHER FRAUD | [ ] 840 TRADEMARK | | [ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 371 TRUTH IN LENDING | | SOCIAL SECURITY | [ ] 480 CONSUMER CREDIT |
| [ ] 153   RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | LABOR | [ ] 861 HIA (1395ff) | [ ] 485 TELEPHONE CONSUMER PROTECTION ACT |
| | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 862 BLACK LUNG (923) | |
| [ ] 160   STOCKHOLDERS SUITS | | | [ ] 720 LABOR/MGMT RELATIONS | [ ] 863 DIWC/DIWW (405(g)) | [ ] 490 CABLE/SATELLITE TV |
| [ ] 190   OTHER CONTRACT | | PRISONER PETITIONS | [ ] 740 RAILWAY LABOR ACT | [ ] 864 SSID TITLE XVI | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| | | [ ] 463 ALIEN DETAINEE | | [ ] 865 RSI (405(g)) | |
| [ ] 195   CONTRACT PRODUCT LIABILITY | ACTIONS UNDER STATUTES | [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255 | [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA) | FEDERAL TAX SUITS | [X] 890 OTHER STATUTORY ACTIONS |
| [ ] 196   FRANCHISE | CIVIL RIGHTS | [ ] 530 HABEAS CORPUS | [ ] 790 OTHER LABOR LITIGATION | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 891 AGRICULTURAL ACTS |
| | | [ ] 535 DEATH PENALTY | | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 893 ENVIRONMENTAL MATTERS |
| | [ ] 440  OTHER CIVIL RIGHTS (Non-Prisoner) | [ ] 540 MANDAMUS & OTHER | [ ] 791 EMPL RET INC SECURITY ACT (ERISA) | | [ ] 895 FREEDOM OF INFORMATION ACT |
| REAL PROPERTY | [ ] 441 VOTING | | IMMIGRATION | | [ ] 896 ARBITRATION |
| [ ] 210   LAND CONDEMNATION | [ ] 442 EMPLOYMENT | PRISONER CIVIL RIGHTS | [ ] 462 NATURALIZATION APPLICATION | | [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION |
| [ ] 220   FORECLOSURE | [ ] 443 HOUSING/ ACCOMMODATIONS | [ ] 550 CIVIL RIGHTS | | | |
| [ ] 230   RENT LEASE & EJECTMENT | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 555 PRISON CONDITION | [ ] 465 OTHER IMMIGRATION ACTIONS | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 240   TORTS TO LAND | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT | | | |
| [ ] 245   TORT PRODUCT LIABILITY | [ ] 448 EDUCATION | | | | |
| [ ] 290   ALL OTHER REAL PROPERTY | | | | | |

Check if demanded in complaint:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.
AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

DEMAND $ 100 million    OTHER _____    JUDGE George B. Daniels    DOCKET NUMBER 1:03-md-1570

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

Case 1:24-cv-05520    Document 4    Filed 07/22/24    Page 2 of 5

*(PLACE AN x IN ONE BOX ONLY)*                                    **ORIGIN**

☒ 1 Original          ☐ 2 Removed from          ☐ 3 Remanded          ☐ 4 Reinstated or          ☐ 5 Transferred from          ☐ 6 Multidistrict          ☐ 7 Appeal to District
  Proceeding            State Court                from                  Reopened                    (Specify District)            Litigation                  Judge from
                                                   Appellate                                                                       (Transferred)               Magistrate Judge
                        ☐ a. all parties represented  Court
                                                                                                                                  ☐ 8 Multidistrict Litigation (Direct File)
                        ☐ b. At least one party
                            is pro se.

*(PLACE AN x IN ONE BOX ONLY)*                    **BASIS OF JURISDICTION**                                      *IF DIVERSITY, INDICATE*
☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☒ 3 FEDERAL QUESTION         ☐ 4 DIVERSITY                          *CITIZENSHIP BELOW.*
                                               (U.S. NOT A PARTY)

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF DEF |  | PTF DEF |  | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1   [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5   [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2   [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 [ ] 4 | FOREIGN NATION | [ ] 6   [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
See attached appendix.

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
Islamic Republic of Iran
c/o Ministry of Foreign Affairs
Imam Khomeini Avenue
Tehran, Iran

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN
THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    ☐ WHITE PLAINS    ☒ MANHATTAN

DATE 07/19/2024      /s/ Jerry Goldman                              ADMITTED TO PRACTICE IN THIS DISTRICT
                     SIGNATURE OF ATTORNEY OF RECORD               [ ] NO
                                                                   ☒ YES (DATE ADMITTED Mo. May___ Yr. 1980___)
RECEIPT #                                                          Attorney Bar Code # 1302454

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

## APPENDIX 1

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Mary Jelnek | FL | United States | Vincent Slavin | PR | United States | Solatium/ Wrongful Death |
| 2 | Michael Slavin | NY | United States | Vincent Slavin | Child | United States | Solatium |
| 3 | Mary Jo Slavin | FL | United States | Vincent Slavin | Spouse | United States | Solatium |
| 4 | Jacqueline Beard-Edwards | NY | United States | Michael Edwards | PR | United States | Solatium/ Wrongful Death |
| 5 | Jacqueline Beard-Edwards | NY | United States | Michael Edwards | Spouse | United States | Solatium |
| 6 | Catherine Lyn-Shue | NY | United States | Francisco Munoz | PR | United States | Solatium/ Wrongful Death |
| 7 | Catherine Lyn-Shue | NY | United States | Francisco Munoz | Spouse | United States | Solatium |
| 8 | John Doe 154 | N/A | United States | Chapelle Sarker | PR | United States | Solatium/ Wrongful Death |
| 9 | Anthony Stewart | MD | United States | Chapelle Sarker | Sibling | United States | Solatium |

---

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

9

docs-100708432.1

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 10 | John Doe 155, as Personal Representative of the Estate of Dorothy Belcher | N/A | United States | Chapelle Sarker | Parent (Deceased) | United States | Solatium |
| 11 | Mary Lou Moss | TX | United States | Brian Moss | PR | United States | Solatium/ Wrongful Death |
| 12 | Mary Lou Moss | TX | United States | Brian Moss | Spouse | United States | Solatium |
| 13 | Ashten Moss | CO | United States | Brian Moss | Child | United States | Solatium |
| 14 | Connor Moss | TN | United States | Brian Moss | Child | United States | Solatium |
| 15 | Christine O'Reilly | NY | United States | Howard Gelling | PR | United States | Solatium/ Wrongful Death |
| 16 | Christine O'Reilly | NY | United States | Howard Gelling | Spouse | United States | Solatium |
| 17 | Deborah Mulford | FL | United States | Howard Gelling | Sibling | United States | Solatium |
| 18 | William Gelling | NJ | United States | Howard Gelling | Sibling | United States | Solatium |
| 19 | John Doe 158 | N/A | United States | Chet Louie | PR | United States | Solatium/ Wrongful Death |
| 20 | Catalina Louie | FL | United States | Chet Louie | Child | United States | Solatium |
| 21 | Cassandra Louie | NY | United States | Chet Louie | Child | United States | Solatium |
| 22 | Ken Yazawa Reibman a/k/a Calvin Louie | NY | United States | Chet Louie | Child | United States | Solatium |
| 23 | Sunny Chiang | NY | United States | Alexander Chiang | PR | United States | Solatium/ Wrongful Death |
| 24 | Sunny Chiang | NY | United States | Alexander Chiang | Spouse | United States | Solatium |
| 25 | Devonte Carter | NY | United States | Marcia Cecil-Carter | Child | United States | Solatium |

10

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 26 | Devonte Carter, as Personal Represenative of the Estate of Andre Carter | NY | United States | Marcia Cecil-Carter | Spouse (Deceased) | United States | Solatium |
| 27 | John Doe 156 | N/A | United States | Jeffrey Bittner | PR | United States | Solatium/ Wrongful Death |
| 28 | Pamela Bittner-Conley | FL | United States | Jeffrey Bittner | Sibling | United States | Solatium |
| 29 | John Doe 157 as Personal Representative of the Estate of Donald Bittner | N/A | United States | Jeffrey Bittner | Parent (Deceased) | United States | Solatium |

11

پرونده 1:24-cv-05520   سند 4   تاریخ ارائه 07/22/24   صفحه 1 از 5

## برگه جلد دادخواست مدنی

JS 44C/SDNY
بازنگری
10/01/2020

برگه جلد دادخواست مدنی JS-44 و اطلاعات مندرج در آن نه جایگزین ارائه و ابلاغ دادخواهی و سایر اوراق الزامی بر اساس قانون بوده و نه مکمل آنها است، مگر بر اساس قوانین محلی دادگاه. این فرم که توسط کنفرانس قضایی ایالات متحده در سپتامبر 1974 تصویب گردیده، برای استفاده منشی دادگاه به منظور تهیه برگه پرونده دادخواست مدنی در نظر گرفته شده است.

خواهان‌ها
Mary Jelnek و دیگران (ضمیمه را ببینید)

خواندها

جمهوری اسلامی ایران

وکلا (نام شرکت، آدرس، و شماره تلفن Jerry S. Goldman, Esq., Anderson KILL PC   وکلا (اگر مشخص شدهاند)
1251 Avenue of the Americas, New York, NY 10020
(212) 278-1000 / jgoldman@andersonkill.com

علّت دعوی (به قانون مدنی ایالات متحده که بر اساس آن اقامه دعوی می‌کنید استناد نموده و علت را بطور خلاصه ذکر نمایید)
(به قوانین مصوب مربوط به صلاحیت استناد نکنید، مگر در صورت وجود اختلاف آرا)

18 U.S.C. § 2333   18 U.S.C. §§ 1605A, 1605B

قاضی منصوب شده قبلی
جورج ب. دانیلز ( George
(B. Daniels

آیا این اقدام، پرونده یا دادرسی یا موردی دارای مشابهت اساسی قبلاً در هر زمانی در SDNY مطرح شده است؟ خیر ☐ بله☑

شماره پرونده را ذکر
کنید

اگر بله، آیا این پرونده داوطلبانه بود. ☐غیرداوطلبانه بود.   ☐رد شده است. خیر ☒ بله ☐ اگر بله، تاریخ
ارائه دهید.

1:03-md-1570

آیا این یک پرونده داوری بین‌المللی است؟   بله ☐   خیر ☒

*(فقط یک کادر را با علامت [x] مشخص نمایید)*

## ماهیت اقامه دعوی

اقدام بر اساس قوانین مصوب

| | | |
|---|---|---|

شبه جرم

صدمه شخصی

قرارداد

[ ] 110 هواپیما
[ ] 120 دریایی
[ ] 130 قانون MILLER
[ ] 140 اوراق بهادار
[ ] 150 استرداد اضافه پرداخت و
اجرای حکم
[ ] 151 قانون MEDICARE
[ ] 152 استرداد وام‌های تکون شده دانشجویی (بجز کهنه سربازان)
[ ] 153 استرداد اضافه پرداخت و مزایای کهنه سربازان
[ ] 160 دعاوی سهامداران
[ ] 190 سایر قراردادها
[ ] 195 مسئولیت محصول قرارداد
[ ] 196 فرانشیز

اقدام بر اساس قوانین مصوب

حقوق شهروندی

[ ] 210 تملک زمین
[ ] 220 ضبط ملک رهنی
[ ] 230 قرارداد اجاره و تخلیه
[ ] 240 شبه‌جرم مرتوط به زمین
[ ] 245 مسئولیت شبه‌جرم محصول
[ ] 290 تمام ملاک دیگر

املاک و مستغلات

صدمه شخصی
[ ] 310 هواپیما
[ ] 315 مسئولیت در قبل محصول هواپیما
[ ] 320 ضرب و جرح، افترا و توهین
[ ] 330 مسئولیت کارفرمایان فدرال
[ ] 340 دریایی
[ ] 345 مسئولیت در قبل محصول دریایی
[ ] 350 خودروهای موتوری
[ ] 355 مسئولیت در قبل محصول خودروی موتوری
[ ] 360 سایر صدمات شخصی
[ ] 362 صدمه شخصی - سوءاقدام پزشکی

صدمه شخصی
[ ] 367 بهداشت و درمان/صدمات شخصی دارویی/مسئولیت در قبل محصول
[ ] 365 مسئولیت در قبل صدمه شخصی ناشی از محصول
[ ] 368 مسئولیت در قبل صدمه شخصی ناشی از محصول آزبست

اموال شخصی
[ ] 370 سایر موارد تقلب
[ ] 371 حقیقت در مورد وام‌دهی

[ ] 380 سایر موارد آسیب به اموال شخصی
[ ] 385 مسئولیت در قبل آسیب محصول به دارایی‌ها

ورشکستگی
[ ] 422 تقاضای تجدیدنظر 28 USC 158
[ ] 423 انصراف 28 USC 157

حقوق مالکیت
[ ] 880 قانون دفاع از اسرار تجاری
[ ] 830 ثبت اختراع
[ ] 835 کاربرد داروی جدید با نام ثبت شده مختصر
[ ] 840 علامت تجاری

نیروی کار
[ ] 710 قانون استاندارهای کار منصفانه
[ ] 720 روابط کارگر/مدیریت
[ ] 740 قانون کار راه آهن
[ ] 751 قانون مرخصی استعلاجی خانواده (FMLA)
[ ] 790 سایر دادخواهی‌های کار
[ ] 791 قانون تضمین شرکت اجرشت (ERISA)

توقیف‌اموال‌به
[ ] 625 توقیف اموال مربوط به مواد مخدر 21 USC 881
[ ] 690 سایر

تأمین اجتماعی
[ ] 861 HIA (1395ff)
[ ] 862 بیماری سیاه شش (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID عنوان XVI
[ ] 865 RSI (405(g))

پرونده‌های مالیاتی فدرال
[ ] 870 مالیات‌ها (خواهان یا خوانده در ایالات متحده)
[ ] 871 شخص ثالث IRS 26 USC 7609

مهاجرت
[ ] 462 درخواست تابعیت
[ ] 465 سایر اقدامات مهاجرتی

سایر قوانین مصوب
[ ] 375 ادعای رهنی
[ ] 376 دعوی متقابل
[ ] 400 تفکیک مجدد ایالتی
[ ] 410 ضد انحصار
[ ] 430 بانک‌ها و بانکداری
[ ] 450 تجارت
[ ] 460 اخراج
[ ] 470 قانون سازمان‌های تحت نفوذ تقلب و فساد (RICO)
[ ] 480 اعتبار مشتری
[ ] 485 قانون حفاظت از مصرف‌کننده تلفنی
[ ] 490 تلویزیون کابلی/ماهواره
[ ] 850 تضمین/کالاها/مبادله
[ ] 890 سایر اقدامات قانونی
[ ] 891 قانون امور کشاورزی
[ ] 893 موضوعات زیست محیطی
[ ] 895 قانون آزادی اطلاعات
[ ] 896 داوری
[ ] 899 قانون رویه‌های اداری/بازنگری یا درخواست تجدیدنظر در مورد تصمیم بنگاه
[ ] 950 تحقیق قوانین ایالتی با قانون اساسی

اعتراضات زندانی
[ ] 463 فرد بازداشتی بیگانه
[ ] 510 اقدام برای ابطال حکم 28 USC 2255
[ ] 530 فرجام عمومی
[ ] 535 مجازات اعدام
[ ] 540 حبس و سایر

حقوق شهروندی زندانی
[ ] 550 حقوق شهروندی
[ ] 555 شرایط زندان
[ ] 560 شرایط بازداشت مدنی حبس

حقوق شهروندی
[ ] 440 سایر حقوق مدنی (غیرزندانی)
[ ] 441 رأی دهی
[ ] 442 استخدام
[ ] 443 مسکن/اقامتگاه
[ ] 445 آمریکایی‌های دچار معلولیت - اشتغال
[ ] 446 آمریکایی‌های دچار معلولیت - سایر
[ ] 448 آموزش

---

اگر در شکایت تقاضا شده است، علامت بزنید:
☐ اگر این یک اقدام دستهجمعی بر اساس F.R.C.P. 23 است علامت بزنید

| تقاضا $ | 100 میلیون | سایر |
|---|---|---|

آیا مدعی هستید که این پرونده با مربوطه به پرونده مدنی در دست بررسی در S.D.N.Y. است که طبق قانون محلی برای تقسیم کسب و کار 13 تعریف شده است؟
اگر پاسخ مثبت است، ذکر کنید:

| قاضی | جورج ب. دانیلز ( George B. (Daniels | شماره پرونده | 1:03-md-1570 |
|---|---|---|---|

*فقط اگر در شکایت تقاضا شده است، "بله" را علامت بزنید.*
در خواست هیئت منصفه:   ☒بله☐خیر

توجه: باید فرم اظهاریه مرتبط بودن (فرم IH-32) را نیز در هنگام طرح دعوی، ارائه نمایید.

پرونده 1:24-cv-05520    سند 4    تاریخ ارائه 07/22/24    صفحه 2 از 5

## منشا

*(فقط یک کادر را با علامت x مشخص نمایید)*

1 ☒ رسیدگی اصلی    2 ☐ خارج شده از دادگاه    3 ☐ تأیید شده در دادگاه    4 ☐ شروع مجدد یا پاسخ داده    5 ☐ منتقل‌شده از    6 ☐ ناحیه چندگانه    7 ☐ تجدیدنظرخواهی نزد ناحیه
ایالتی    تجدید نظر    شده    (ناحیه را مشخص کنید)    (منتقل‌شده)    قضایی از
دعوی قضایی    قاضی دادگاه

a. ☐ وکلای همه طرفین حضور داشتند    8 ☐ دادخواهی مربوط به چند ناحیه (ارائه مستقیم)

☐ ب. حداقل یکی از طرفین
بدون وکیل حضور دارد.

*(فقط یک کادر را با علامت x مشخص نمایید)*

1 ☐ خواهان ایالات متحده    2 ☐ خوانده ایالات متحده

*در صورت تفاوت، در زیر تابعیت را مشخص کنید*

## مبنای صلاحیت

3 ☒ بازپرسی فدرال    4 ☐ مورد اختلاف
(ایالات متحده یکی از طرفین نیست)

## تابعیت طرفین اصلی (فقط برای پرونده‌های اختلافی)

(با یک [X] در کادر مربوط به خواهان و با یک هم در کادر مربوط به خوانده علامت بزنید)

| | خواهان | خوانده | | | خواهان | خوانده | | | خواهان | خوانده |
|---|---|---|---|---|---|---|---|---|---|---|
| شهروند این ایالت | [ ]1 | [ ]1 | | شهروند یا تبعه یک کشور خارجی | [ ]3 | [ ]3 | | تأسیس شده و محل اصلی کسب و کار در ایالتی دیگر | [ ]5 | [ ]5 |
| شهروند ایالتی دیگر | [ ]2 | [ ]2 | | تأسیس شده یا محل اصلی کسب و کار در این ایالت | [ ]4 | | تابعیت خارجی | [ ]6 | [ ]6 |

آدرس(ها) و کشور(های) خواهان(ها)
به پیوست مراجعه کنید.

آدرس(ها) و کشور(های) خوانده(ها)
جمهوری اسلامی ایران
به نشانی وزارت امور خارجه
خیابان امام خمینی
تهران، ایران

آدرس خوانده(ها) نامعلوم است
بدین‌وسیله اعلام می‌گردد که در حال حاضر، با وجود انجام تلاش معقول نتوانستم، آدرس محل سکونت خوانده‌های زیر را مشخص نمایم.

## تخصیص به دادگاه

بدین‌وسیله گواهی می‌نمایم که این پرونده باید مطابق با قانون محلی بخش تجارت، 20 ،18 یا 21 به دادگاه مشخص شده در زیر اختصاص داده شود.

یک مورد را علامت    این اقدام را باید به محل زیر اختصاص یابد:    ☐ وایت پلینز    ☒ منهتن
بزنید:

تاریخ 07/19/2024    /امضا/ جری گلدمن    پذیرفته شده برای اجرا در این ناحیه
امضای وکیل پرونده    [ ] خیر
☒ بله (تاریخ پذیرش ماه می _____ سال 1980 _)
شماره کد وکیل در کانون وکلا # 1302454

شماره رسید.

قاضی بخش باید توسط منشی دادگاه تعیین شود.

قاضی بخش _____    _____ به این صورت تعیین شد.

روبی ج. کراجیک (Ruby J. Krajick)، منشی دادگاه از طرف _____    _____ معاون منشی، تاریخ

_____

دادگاه ناحیه‌ای ایالات متحده (نیویورک جنوبی)

## پیوست 1

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است که

ضمیمه ۱ به آن پیوست شده است و باید به عنوان دعوی ۱ از ضمیمه ۱ به فرم کوتاه شکایت از ایران، دعوی ۲ از ضمیمه ۱ به فرم کوتاه شکایت

از ایران و الی آخر مورد ارجاع قرار گیرد.

| | نام خواهان | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | 9/11 نام کامل متوفی | نسبت خواهان با متوفی 9/11 [1] | 9/11 شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Mary Jelnek | فلوریدا | ایالات متحده | Vincent Slavin | پورتو ریکو | ایالات متحده | ترضیه خاطر /قتل غیر عمد |
| 2 | Michael Slavin | نیویورک | ایالات متحده | Vincent Slavin | فرزند | ایالات متحده | ترضیه خاطر |
| 3 | Mary Jo Slavin | فلوریدا | ایالات متحده | Vincent Slavin | همسر | ایالات متحده | ترضیه خاطر |
| 4 | Jacqueline Beard-Edwards | نیویورک | ایالات متحده | Michael Edwards | پورتو ریکو | ایالات متحده | ترضیه خاطر /قتل غیر عمد |
| 5 | Jacqueline Beard-Edwards | نیویورک | ایالات متحده | Michael Edwards | همسر | ایالات متحده | ترضیه خاطر |
| 6 | Catherine Lyn-Shue | نیویورک | ایالات متحده | Francisco Munoz | پورتو ریکو | ایالات متحده | ترضیه خاطر /قتل غیر عمد |
| 7 | Catherine Lyn-Shue | نیویورک | ایالات متحده | Francisco Munoz | همسر | ایالات متحده | ترضیه خاطر |
| 8 | John Doe 154 | غیرقابل‌اعمال | ایالات متحده | Chapelle Sarker | پورتو ریکو | ایالات متحده | ترضیه خاطر /قتل غیر عمد |
| 9 | Anthony Stewart | مریلند | ایالات متحده | Chapelle Sarker | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 10 | John Doe 155، به عنوان نماینده شخصی ماترک Dorothy Belcher | غیرقابل‌اعمال | ایالات متحده | Chapelle Sarker | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 11 | Mary Lou Moss، تگزاس | | ایالات متحده | Brian Moss | پورتو ریکو | ایالات متحده | ترضیه خاطر /قتل غیر عمد |
| 12 | Mary Lou Moss، تگزاس | | ایالات متحده | Brian Moss | همسر | ایالات متحده | ترضیه خاطر |

---

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

صفحه 4 از 5      تاریخ ارائه 07/22/24      سند 4      پرونده 1:24-cv-05520

| نام خواهان | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 [1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) [2] |
|---|---|---|---|---|---|---|---|
| 13. | Ashten Moss | کلرادو | ایالات متحده | Brian Moss | فرزند | ایالات متحده | ترضیه خاطر |
| 14 | Connor Moss | تنسی | ایالات متحده | Brian Moss | فرزند | ایالات متحده | ترضیه خاطر |
| 15 | Christine O'Reilly | نیویورک | ایالات متحده | Howard Gelling | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 16 | Christine O'Reilly | نیویورک | ایالات متحده | Howard Gelling | همسر | ایالات متحده | ترضیه خاطر |
| 17 | Deborah Mulford | فلوریدا | ایالات متحده | Howard Gelling | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 18 | William Gelling | نیوجرسی | ایالات متحده | Howard Gelling | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 19 | John Doe 158 | غیرقابل‌اعمال | ایالات متحده | Chet Louie | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 20 | Catalina Louie | فلوریدا | ایالات متحده | Chet Louie | فرزند | ایالات متحده | ترضیه خاطر |
| 21 | Cassandra Louie | نیویورک | ایالات متحده | Chet Louie | فرزند | ایالات متحده | ترضیه خاطر |
| 22 | Ken Yazawa Reibman همچنین با نام Calvin Louie | نیویورک | ایالات متحده | Chet Louie | فرزند | ایالات متحده | ترضیه خاطر |
| 23 | Sunny Chiang | نیویورک | ایالات متحده | Alexander Chiang | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 24 | Sunny Chiang | نیویورک | ایالات متحده | Alexander Chiang | همسر | ایالات متحده | ترضیه خاطر |
| 25 | Devonte Carter | نیویورک | ایالات متحده | Marcia Cecil-Carter | فرزند | ایالات متحده | ترضیه خاطر |
| 26 | Devonte Carter، به عنوان نماینده شخصی ماترک Andre Carter | نیویورک | ایالات متحده | Marcia Cecil-Carter | همسر (متوفی) | ایالات متحده | ترضیه خاطر |
| 27 | John Doe 156 | غیرقابل‌اعمال | ایالات متحده | Jeffrey Bittner | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 28 | Pamela Bittner-Conley | فلوریدا | ایالات متحده | Jeffrey Bittner | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 29 | John Doe 157، به‌عنوان نماینده شخصی ماترک Donald Bittner | غیرقابل‌اعمال | ایالات متحده | Jeffrey Bittner | والد (متوفی) | ایالات متحده | ترضیه خاطر |

10

docs-100708432.1

IH-32                                                                                    Rev: 2014-1

# United States District Court
for the
# Southern District of New York
## Related Case Statement

### Full Caption of Later Filed Case:

Mary Jelnek, et al. (see appendix)

| Plaintiff | Case Number |
|---|---|
| vs. | |
| Islamic Republic of Iran | |
| Defendant | |

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

In re Terrorist Attacks on September 11, 2001

| Plaintiff | Case Number |
|---|---|
| vs. | Case Number: 03 MDL 1570 (GBD) (SN) |
| | |
| Defendant | |

IH-32                                                                                           Rev: 2014-1

Status of Earlier Filed Case:

| | |
|---|---|
| ☐ Closed | (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.) |
| ✔ Open | (If so, set forth procedural status and summarize any court rulings.) |

Partial and/or full summary judgment as to Defendant Islamic Republic of Iran has been granted and ordered for select plaintiffs. This matter is still ongoing. On October 28, 2019, the Court entered an Order approving the "Iran Short Form Complaint" that is filed herewith. (See ECF No. 5234 in 1:03-md-01570-GBD-SN).

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

This is also a September 11th case for wrongful death and solatium against sponsors of terrorism, as the Defendant Islamic Republic of Iran is involved in the related MDL action. We are seeking similar relief in the form of damages from the Defendant. The Plaintiffs herein intend to participate in the underlying litigations as to the other defendants in due course.

This case is also related to Estate of John Patrick O'Neill Sr., et al. v. The Republic of Iraq, et al., 04-1076-GBD-SN; Thomas E. Burnett, Sr., in his own right as the Parent of Thomas E. Burnett, Jr., Deceased, et al. v. The Islamic Republic of Iran, et al., 15-cv-09903-GBD-SN; and Kathleen Ashton et al. v. al Qaeda Islamic Army, et al., 02-cv-06977-GBD-FM. The instant complaint is being filed in accordance with the Court's directives of October 28, 2019, ECF No. 5234 in 1:03-md-01570-GBD-SN.

Signature: **/s/ Jerry S. Goldman**          Date: July 22, 2024

Anderson Kill P.C.

Firm:

## APPENDIX

Mary Jelnek, as the Personal Representative of the Estate of Vincent Slavin, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Vincent Slavin

Michael Slavin, individually, as surviving child of Vincent Slavin

Mary Jo Slavin, individually, as surviving spouse of Vincent Slavin

Jacqueline Beard-Edwards, as the Personal Representative of the Estate of Michael Edwards, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael Edwards

Jacqueline Beard-Edwards, individually, as surviving spouse of Michael Edwards

Catherine Lyn-Shue, as the Personal Representative of the Estate of Francisco Munoz, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Francisco Munoz

Catherine Lyn-Shue, individually, as surviving spouse of Francisco Munoz

John Doe 154, being intended to designate the Personal Representative of the Estate of Chapelle Sarker, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Chapelle Sarker

Anthony Stewart, individually, as surviving sibling of Chapelle Sarker

John Doe 155, as Personal Representative of the Estate of Dorothy Belcher, deceased, the late parent of Chapelle Sarker

Mary Lou Moss, as the Personal Representative of the Estate of Brian Moss, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Brian Moss

Mary Lou Moss, individually, as surviving spouse of Brian Moss

Ashten Moss, individually, as surviving child of Brian Moss

Connor Moss, individually, as surviving child of Brian Moss

Christine O'Reilly, as the Personal Representative of the Estate of Howard Gelling, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Howard Gelling

Christine O'Reilly, individually, as surviving spouse of Howard Gelling

docs-100708433.1

Deborah Mulford, individually, as surviving sibling of Howard Gelling

William Gelling, individually, as surviving sibling of Howard Gelling

John Doe 158 being intended to designate the Personal Representative of the Estate of Chet Louie, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Chet Louie

Catalina Louie, individually, as surviving child of Chet Louie

Cassandra Louie, individually, as surviving child of Chet Louie

Ken Yazawa Reibman a/k/a Calvin Louie, individually, as surviving child of Chet Louie

Sunny Chiang, as the Personal Representative of the Estate of Alexander Chiang, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Alexander Chiang

Sunny Chiang, individually, as surviving spouse of Alexander Chiang

Devonte Carter, individually, as surviving child of Marcia Cecil-Carter

Devonte Carter, as Personal Represenative of the Estate of Andre Carter, deceased, the late spouse of Marcia Cecil-Carter

John Doe 156, being intended to designate the Personal Representative of the Estate of Jeffrey Bittner, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Jeffrey Bittner

Pamela Bittner-Conley, individually, as surviving sibling of Jeffrey Bittner

John Doe 157 as Personal Representative of the Estate of Donald Bittner, deceased, the late parent of Jeffrey Bittner

# دادگاه ناحیه‌ای ایالات متحده
### برای
# ناحیه جنوبی نیویورک
اظهارنامه مرتبط با پرونده

شرح کامل پرونده ثبت شده بعدی:

Mary Jelnek و دیگران (ضمیمه را ببینید)

| شماره پرونده | خواهان |
|---|---|
| | علیه |
| | جمهوری اسلامی ایران |

مدعی علیه (خوانده)

شرح کامل پرونده ثبت شده قبلی:
(از جمله هرگونه درخواست تجدید نظر ورشکستگی و رسیدگی‌های مربوطه)

عطف به حملات تروریستی 11 سپتامبر 2001

| شماره پرونده | خواهان |
|---|---|
| شماره پرونده:(SN) (GBD) 03 MDL 1570 | علیه |
| | |

خوانده

<div dir="rtl">

پرونده 05520-cv-24:1   سند 3   تاریخ ارائه 07/22/24   صفحه 2 از 4
بازنگری:1-2014 IH-32

وضعیت پرونده ارائه شده قبلی:

☐ بسته    (در این صورت، رویه منتهی به مختومه شدن، نظیر رد اختیار، حل و فصل یا تصمیم دادگاه را ذکر کنید. همچنین اعلام نمایید آیا درخواست تجدید نظر در دست بررسی است یا خیر.)

☑ باز    (در این صورت، وضعیت رویه قانونی و خلاصه احکام دادگاه را ذکر کنید.)

حکم خلاصه جزئی یا کامل در مورد جمهوری اسلامی ایران صادر شده و دستور انتخاب خواهان‌ها مطرح گردیده است. موضوع همچنان در دست رسیدگی است. در 28 اکتبر 2019، دادگاه حکمی را صادر کرد و "فرم کوتاه شکایت از ایران" را تأیید نمود که در اینجا ارائه شده است. (به ECF شماره 5234 در 03-md-01570-GBD-SN:1 مراجعه کنید).

دلایل موضع خود را مبنی بر اینکه پرونده به تازگی مطرح شده با پرونده مطرح شده قبلی مرتبط است، به تفصیل بیان کنید.

همچنین مربوط به پرونده 11 سپتامبر جهت قتل غیرعمد و ترضیه خاطر علیه حامیان تروریسم است زیرا جمهوری اسلامی ایران در اقدام MDL مربوطه مشارکت داشته است. همچنین به دنبال دریافت خسارت مشابه از خواهان هستیم. خواهان‌ها در اینجا قصد دارند در دادرسی‌های مشابه سایر خواهان‌ها به ترتیب مقتضی شرکت کنند.

این پرونده همچنین مربوط است به املاک John Patrick O'Neill پدر و دیگران علیه جمهوری عراق و دیگران، -GBD-04-1076 Thomas E. Burnett ‏،SN پدر به عنوان والد‏Thomas E. Burnett پسر، متوفی، و دیگران علیه جمهوری اسلامی ایران، و دیگران‏،SN-GBD-09903-cv-15- ؛ و Kathleen Ashton و دیگران علیه ارتش اسلامی القاعده و دیگران، -02-cv-06977 GBD-FM. شکایت فعلی بر اساس دستور دادگاه به تاریخ 28 اکتبر ECF ‏،2019 شماره 5234 در 03-md-01570-GBD-SN:1 مطرح شده است.

امضا:    /امضا/ Jerry S. Goldman    تاریخ: 22 ژوئیه 2024

اندرسون کیل پ.س. (Anderson Kill P.C.)

شرکت حقوقی: _____

</div>

**پیوست**

Mary Jelnek، به عنوان نماینده شخصی ماترک Vincent Slavin، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Vincent Slavin

Michael Slavin، شخصاً به عنوان فرزند بازمانده Vincent Slavin

Mary Jo Slavin، شخصاً به عنوان همسر بازمانده Vincent Slavin

Jacqueline Beard-Edwards، به عنوان نماینده شخصی ماترک Michael Edwards، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Michael Edwards

Jacqueline Beard-Edwards، شخصاً به عنوان همسر بازمانده Michael Edwards

Catherine Lyn-Shue، به عنوان نماینده شخصی ماترک Francisco Munoz، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Francisco Munoz

Catherine Lyn-Shue، شخصاً به عنوان همسر بازمانده Francisco Munoz

John Doe 154، که قصد دارد نماینده شخصی ماترک Chapelle Sarker، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Chapelle Sarker

Anthony Stewart، شخصاً به عنوان برادر بازمانده Chapelle Sarker

John Doe 155، به عنوان نماینده شخصی ماترک Dorothy Belcher، مادر فقید Chapelle Sarker

Mary Lou Moss، به عنوان نماینده شخصی ماترک Brian Moss، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Brian Moss

Mary Lou Moss، شخصاً به عنوان همسر بازمانده Brian Moss

Ashten Moss، شخصاً به عنوان فرزند بازمانده Brian Moss

Connor Moss، شخصاً به عنوان فرزند بازمانده Brian Moss

Christine O'Reilly، به عنوان نماینده شخصی ماترک Howard Gelling، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Howard Gelling

Christine O'Reilly، شخصاً به عنوان همسر بازمانده Howard Gelling

Deborah Mulford، شخصاً به عنوان خواهر بازمانده Howard Gelling

William Gelling، شخصاً به عنوان برادر بازمانده Howard Gelling

John Doe 158، که قرار بود نماینده شخصی ماترک Chet Louie، متوفی، و نماینده از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Chet Louie باشد، نام مذکور غیرواقعی است، نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا به نحو مقتضی توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا اگر هم منصوب شده، انتصاب وی منقضی شده است، و/یا انجام این کار را متوقف کرده است و جانشین وی هنوز منصوب نشده است)

Catalina Louie، شخصاً به عنوان فرزند بازمانده Chet Louie

Cassandra Louie، شخصاً به عنوان فرزند بازمانده Chet Louie

Ken Yazawa Reibman همچنین با نام Calvin Louie، شخصاً به عنوان فرزند بازمانده Chet Louie

Sunny Chiang، به عنوان نماینده شخصی ماترک Alexander Chiang، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Alexander Chiang

Sunny Chiang، شخصاً به عنوان همسر بازمانده Alexander Chiang

Devonte Carter، شخصاً به عنوان فرزند بازمانده Marcia Cecil-Carter

Devonte Carter، به عنوان نماینده شخصی ماترک Andre Carter، متوفی، همسر فقید Marcia Cecil-Carter

John Doe 156، که قصد دارد نماینده شخصی ماترک Jeffrey Bittner، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Jeffrey Bittner

Pamela Bittner-Conley، شخصاً به عنوان خواهر بازمانده Jeffrey Bittner

John Doe 157 به عنوان نماینده شخصی ماترک Donald Bittner، متوفی، پدر فقید Jeffrey Bittner

2

JS 44C/SDNY
REV
05/28/2024

Case 1:24-cv-05520-GBD    Document 1    Filed 07/25/24    Page 1 of 5
CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Mary Jelnek, et al (see appendix) | Islamic Republic of Iran |

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jerry S. Goldman, Esq., ANDERSON KILL P.C.
1251 Avenue of the Americas, New York, NY 10020
(212) 278-1000 / jgoldman@andersonkill.com

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

18 U.S.C. § 2333 and 18 U.S.C. §§ 1605A, 1605B

Has this action, case, or proceeding, or one essentially the same, been previously filed in SDNY at any time? No[ ] Yes[✓]

Judge Previously Assigned
George B. Daniels
(If yes, Judge Previously Assigned)

If yes, was this case Vol.[ ] Invol.[ ]    Dismissed. No [X] Yes[ ]    If yes, give date _____    & Case No. 1:03-md-1570

IS THIS AN INTERNATIONAL ARBITRATION CASE?    No [X]    Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)    **NATURE OF SUIT**

TORTS                    ACTIONS UNDER STATUTES

**CONTRACT**

[ ] 110  INSURANCE
[ ] 120  MARINE
[ ] 130  MILLER ACT
[ ] 140  NEGOTIABLE INSTRUMENT
[ ] 150  RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151  MEDICARE ACT
[ ] 152  RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153  RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160  STOCKHOLDERS SUITS
[ ] 190  OTHER CONTRACT
[ ] 195  CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE

**PERSONAL INJURY**
[ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING

[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
[ ] 463 ALIEN DETAINEE
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

**FORFEITURE/PENALTY**
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690 OTHER

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
[ ] 840 TRADEMARK

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 740 RAILWAY LABOR ACT
[ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
[ ] 375 FALSE CLAIMS
[ ] 376 QUI TAM
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 485 TELEPHONE CONSUMER PROTECTION ACT
[ ] 490 CABLE/SATELLITE TV
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[X] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 896 ARBITRATION
[ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

[ ] 880 DEFEND TRADE SECRETS ACT

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
[ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 448 EDUCATION

**PRISONER CIVIL RIGHTS**
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION
[ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

**IMMIGRATION**
[ ] 462 NATURALIZATION APPLICATION
[ ] 465 OTHER IMMIGRATION ACTIONS

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 100 million    OTHER _____

Check YES only if demanded in complaint
JURY DEMAND: x YES    NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S D N Y AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE George B. Daniels    DOCKET NUMBER 1:03-md-1570

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

Case 1:24-cv-05520-GBD    Document 11    Filed 07/25/24    Page 2 of 5

*(PLACE AN x IN ONE BOX ONLY)* **ORIGIN**

[X] 1 Original Proceeding    [ ] 2 Removed from State Court    [ ] 3 Remanded from Appellate Court    [ ] 4 Reinstated or Reopened    [ ] 5 Transferred from (Specify District)    [ ] 6 Multidistrict Litigation (Transferred)    [ ] 7 Appeal to District Judge from Magistrate Judge

[ ] a. all parties represented

[ ] 8 Multidistrict Litigation (Direct File)

[ ] b. At least one party is pro se.

*(PLACE AN x IN ONE BOX ONLY)* **BASIS OF JURISDICTION**

[ ] 1 U.S. PLAINTIFF    [ ] 2 U.S. DEFENDANT    [X] 3 FEDERAL QUESTION (U.S. NOT A PARTY)    [ ] 4 DIVERSITY

**IF DIVERSITY, INDICATE CITIZENSHIP BELOW.**

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

See attached appendix.

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Islamic Republic of Iran
c/o Ministry of Foreign Affairs
Imam Khomeini Avenue
Tehran, Iran

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN
THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS

**COURTHOUSE ASSIGNMENT**

I have reviewed Rules 18(a) and 20(a) of the Rules for the Division of Business Among District Judges, Southern District of New York, and I hereby certify that this case should be assigned to the courthouse indicated below pursuant thereto.

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    [ ] WHITE PLAINS    [X] MANHATTAN

DATE 7/25/2024    /s/ Jerry Goldman

SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. May    Yr. 1980   )
Attorney Bar Code # 1302454

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated

Daniel Ortiz, Acting Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

## APPENDIX 1

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Mary Jelnek | FL | United States | Vincent Slavin | PR | United States | Solatium/ Wrongful Death |
| 2 | Michael Slavin | NY | United States | Vincent Slavin | Child | United States | Solatium |
| 3 | Mary Jo Slavin | FL | United States | Vincent Slavin | Spouse | United States | Solatium |
| 4 | Jacqueline Beard-Edwards | NY | United States | Michael Edwards | PR | United States | Solatium/ Wrongful Death |
| 5 | Jacqueline Beard-Edwards | NY | United States | Michael Edwards | Spouse | United States | Solatium |
| 6 | Catherine Lyn-Shue | NY | United States | Francisco Munoz | PR | United States | Solatium/ Wrongful Death |
| 7 | Catherine Lyn-Shue | NY | United States | Francisco Munoz | Spouse | United States | Solatium |
| 8 | John Doe 154 | N/A | United States | Chapelle Sarker | PR | United States | Solatium/ Wrongful Death |
| 9 | Anthony Stewart | MD | United States | Chapelle Sarker | Sibling | United States | Solatium |

---

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

9

|    | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|----|----|----|----|----|----|----|----|
| 10 | John Doe 155, as Personal Representative of the Estate of Dorothy Belcher | N/A | United States | Chapelle Sarker | Parent (Deceased) | United States | Solatium |
| 11 | Mary Lou Moss | TX | United States | Brian Moss | PR | United States | Solatium/ Wrongful Death |
| 12 | Mary Lou Moss | TX | United States | Brian Moss | Spouse | United States | Solatium |
| 13 | Ashten Moss | CO | United States | Brian Moss | Child | United States | Solatium |
| 14 | Connor Moss | TN | United States | Brian Moss | Child | United States | Solatium |
| 15 | Christine O'Reilly | NY | United States | Howard Gelling | PR | United States | Solatium/ Wrongful Death |
| 16 | Christine O'Reilly | NY | United States | Howard Gelling | Spouse | United States | Solatium |
| 17 | Deborah Mulford | FL | United States | Howard Gelling | Sibling | United States | Solatium |
| 18 | William Gelling | NJ | United States | Howard Gelling | Sibling | United States | Solatium |
| 19 | John Doe 158 | N/A | United States | Chet Louie | PR | United States | Solatium/ Wrongful Death |
| 20 | Catalina Louie | FL | United States | Chet Louie | Child | United States | Solatium |
| 21 | Cassandra Louie | NY | United States | Chet Louie | Child | United States | Solatium |
| 22 | Ken Yazawa Reibman a/k/a Calvin Louie | NY | United States | Chet Louie | Child | United States | Solatium |
| 23 | Sunny Chiang | NY | United States | Alexander Chiang | PR | United States | Solatium/ Wrongful Death |
| 24 | Sunny Chiang | NY | United States | Alexander Chiang | Spouse | United States | Solatium |
| 25 | Devonte Carter | NY | United States | Marcia Cecil-Carter | Child | United States | Solatium |

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 26 | Devonte Carter, as Personal Represenative of the Estate of Andre Carter | NY | United States | Marcia Cecil-Carter | Spouse (Deceased) | United States | Solatium |
| 27 | John Doe 156 | N/A | United States | Jeffrey Bittner | PR | United States | Solatium/ Wrongful Death |
| 28 | Pamela Bittner-Conley | FL | United States | Jeffrey Bittner | Sibling | United States | Solatium |
| 29 | John Doe 157 as Personal Representative of the Estate of Donald Bittner | N/A | United States | Jeffrey Bittner | Parent (Deceased) | United States | Solatium |

docs-100708432.1

| JS 44C/SDNY | پرونده 1:24-cv-05520-GBD | سند 11 | ثبت شده در 07/25/24 | صفحه 1 از 5 |
| بازنگری | | **برگه جلد دادخواست مدنی** | | |
| 05/28/2024 | | | | |

برگه جلد دادخواست مدنی JS-44 و اطلاعات مندرج در آن نه جایگزین ارائه و ابلاغ دادخواهی بر اساس قانون الزامی بر اساس اوراق الزامی بر اساس قانون بوده و نه مکمل آنها است، مگر بر اساس قوانین محلی دادگاه. این فرم که توسط کنفرانس فضایی ایالات متحده در سپتامبر 1974 تصویب گردیده، برای استفاده منشی دادگاه به منظور تهیه برگه پرونده دادخواست مدنی در نظر گرفته شده است.

| خواندگان | خواهان‌ها |
| --- | --- |
| جمهوری اسلامی ایران | Mary Jelnek و دیگران (ضمیمه را ببنید) |
| وکلا (اگر مشخص شدند) | وکلا (نام شرکت، آدرس و شماره تلفن) |
| | جذب، آقای جری، س. گلمن، ANDERSON KILL P.C. 1251 Avenue of the Americas، نیویورک، NY 10020 |
| | jgoldman@andersonkill.com / 212) 278-1000 |

علت اقدام (به قانون مدنی ایالات متحده که بر اساس آن اقامه دعوی می‌کنید استناد نموده و علت را بطور خلاصه ذکر نمایید) (به جز در موارد ناهمسانی، به قوانین قضایی استناد نکنید)

18 U.S.C. §§ 1605A،1605 B و 18 U.S.C § 2333

آیا این اقدام به دادرسی یا موردی دارای مشابهت اساسی قبلا در هر زمانی در SDNY ثبت شده است؟ خیر ☐ بله ☒

قاضی منصوب‌شده قبلی

قاضی جورج ب. دانیلز
(اگر بله، قاضی منصوب شده قبلی)

شماره پرونده    1:03-md-1570

اگر بله، آیا این پرونده داوطلبانه ☐ غیرداوطلبانه ☐ رد شده است. ☐ بله ☐ گر بله، تاریخ ارائه بود؟ خیر ☒ بله ☐ دهید.

آیا این یک پرونده داوری بین‌المللی است؟
(فقط یک کادر را با /s/ علامت بزنید)

ماهیت اقامه دعوی    خیر ☒ بله ☐

شبه جرم

| فرزند | | صدمه شخصی | | صدمه شخصی | | توقف/جریمه | | ورشکستگی | | سایر قوانین مصوب | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| ☐ 110 | بیمه | ☐ 310 | هواپیما | ☐ 367 بهداشت و درمان/صدمات شخصی دارویی/مسئولیت در قبال محصول | | ☐ 625 توقیف اموال مرتبط با مواد مخدر 21 USC 881 | | ☐ 422 تقاضای تجدیدنظر 28 USC 158 | | ☐ 375 ادعای واهی | |
| ☐ 120 | دریایی | ☐ 315 مسئولیت در قبال محصول هواپیما | | | | ☐ 690 سایر | | ☐ 423 انصراف 28 USC 157 | | ☐ 376 اویی مقابل بیانی | |
| ☐ 130 | قانون MILLER | ☐ 320 ضرب و جرح، افترا یا توهین | | ☐ 365 صدمه شخصی مسئولیت محصول | | | | ☐ 21 USC 881 | | ☐ 400 تقسیم مجدد ایالتی | |
| ☐ 140 | قابل مذاکره ابزار | ☐ 330 مسئولیت کارفرمای فدرال | | ☐ 368 آزبست صدمه شخصی مسئولیت در قبال محصول | | حقوق مالکیت | | | | ☐ 410 معامله انحصاری | |
| ☐ 150 | استرداد اضافه پرداخت و اجرای حکم | ☐ 340 دریایی | | | | ☐ 820 حقوق انحصاری اثر | | | | ☐ 430 بانک‌ها و بانکداری | |
| | | ☐ 345 مسئولیت در قبال محصول دریایی | | اموال شخصی | | ☐ 830 ثبت اختراع | | | | ☐ 450 تجارت | |
| ☐ 151 | قانون MEDICARE | ☐ 350 موتور وسیله نقلیه | | ☐ 370 سایر موارد تقلب | | ☐ 835 قانون رقابت داروی اختراعی جدید مصوب | | تامین اجتماعی | | ☐ 460 مهاجرت | |
| ☐ 152 | استرداد وام‌های دانشجویی پیش‌فرض‌شده (شامل دامپزشکان) | ☐ 355 مسئولیت در قبال محصول موتور وسیله نقلیه | | ☐ 371 حقیقت در وام‌دهی | | ☐ 840 علامت تجاری | | ☐ 861 HIA (1395ff) | | ☐ 470 سازمان متاثر از فساد و سازمان‌های تاثیرگذار (RICO) | |
| ☐ 153 | استرداد اضافه‌پرداخت مزایای بازنشستگی سربازان | ☐ 360 سایر صدمات شخصی | | ☐ 380 آسیب دیدگی اموال شخصی | | | | ☐ 862 ریه سیاه (923) | | ☐ 480 اعتبار مشتری | |
| | | ☐ 362 صدمه شخصی، قصور، پزشکی | | ☐ 385 آسیب در قبال محصول مسئولیت | | تعاون اجتماعی | | ☐ 863 DIWC/DIWW (405(g)) | | ☐ 485 اطلاعات فون خصوصی مصرف‌کننده | |
| ☐ 160 | دعوی سهامداران | | | | | | | ☐ 864 SSID عنوان XVI | | | |
| | | | | | | | | ☐ 865 RSI (405(g)) | | ☐ 490 قانون تلویزیون کابلی/ماهواره | |
| ☐ 190 | سایر قراردادها | | اعتراضات زمانی | | پرونده‌های مالک فدرال | | | | | | ☐ 891 قوانین کشاورزی | |
| | | | | ☐ 410 قانون در مسیر استعلامی ماده 410 (ELA) | | | | | | ☐ 893 قانون رویه اداری/بازنگری یا درخواست تجدیدنظر از تصمیم یک نهاد دولتی/قانون اساسی ایالتی | |
| ☐ 195 | قرارداد مسئولیت محصول | | ☐ 440 حقوق مدنی (غیر زندانی) | | ☐ 462 طبیعت‌یافتن مهاجرت | | ☐ 871 IRS-شخص ثالث 26 USC 7609 | | | | |
| ☐ 196 | فرانشیز | | ☐ 441 رای‌گیری | | ☐ 465 سایر اقدامات مهاجرتی | | | | مهاجرت | | ☐ 895 قانون آزادی اطلاعات | |
| | | | | ☐ 442 اشتغال | | | | ☐ 462 پناهندگی و درخواست تابعیت | | | |
| ملاک و مستغلات | | ☐ 443 مسکن/اقامتگاه | | حقوق شهروندی زمانی | | | | | | ☐ 950 قانون اساسی ایالتی/قانونی اساسی | |
| ☐ 210 | ملک و زمین | | ☐ 445 امریکایی‌های دارای معلولیت - اشتغال | | ☐ 530 حبس عمومی | | ☐ 465 سایر اقدامات مهاجرتی | | | | |
| ☐ 220 | ضبط ملک رهنی | | ☐ 446 امریکایی‌های دارای معلولیت - سایر | | ☐ 535 حکم اعدام | | | | | | |
| ☐ 230 | قرارداد اجاره و اخراج | | ☐ 448 آموزش | | ☐ 540 تقاضای نامه/سایر | | | | | | |
| ☐ 240 | شبه‌جرم مربوط به زمین | | | | | | | | | | |
| ☐ 245 | مسئولیت شبه‌جرم محصول | | | | | | | | | | |
| ☐ 290 | تمام ملک دیگر | | | | | | | | | | |

☐ آیا این یک ادعای جمعی بر اساس 21 RCP است؟ خیر ☐ بله ☒

مطالبه $ 100 میلیون

اگر این یک اقدام فراملیتی یا موضوع مربوط به پرونده‌ای بر مبنای چندی یا دسته‌بندی‌ای بر دست بر سی در SDNY است که طبق قانون محلی برای تقسیم کسب و کار 11 تعریف شده است؟

قاضی جورج ب. دانیلز H George/ قاضی.       شماره پرونده. 1:03-md-1570       Daniels

لطفا توجه داشته باشید ☒ بله ☐ خیر

توجه: باید فرم ظهرنویه مرتبط بودن (فرم JH-32) را نیز در هنگام طرح دعوی، ارسال نمایید

صفحه 2 از 5 | ثبت شده در 07/25/24 | سند 11 | پرونده 1:24-cv-05520-GBD

---

**منشا**

*(فقط یک کادر را با x علامت بزنید)*

☒ 1 رسیدگی اصلی | ☐ 2 خارج شده از دادگاه ایالتی | ☐ 3 تایید شده در دادگاه تجدید نظر | ☐ 4 شروع مجدد یا پاسخ | ☐ 5 منتقل شده از (ناحیه را مشخص کنید) | ☐ 6 دادخواهی مربوط به چند ناحیه (منتقل شده) | ☐ 7 درخواست تجدید نظر از قاضی ناحیه از قاضی بخش

☐ 8 دادخواهی مربوط به چند ناحیه به چند ناحیه (ارائه مستقیم)

a. ☐ وکلای همه طرفین حضور داشتند

b. ☐ حداقل یکی از طرفین بدون وکیل حضور دارد.

**مبنای صلاحیت**
☐ 4 مورد اختلاف

☐ 3 سوال فدرال (ایالات متحده جزو طرفین نیست.)

*در صورت تفاوت، در زیر تابعیت را مشخص کنید.*

**تابعیت طرفین اصلی (فقط برای پرونده‌های اختلافی)**

*(با یک [X] در کادر مربوط به خواهان و با یک هم در کادر مربوط به خواهانده علامت بزنید)*

*(فقط یک کادر را با x علامت بزنید)*
☐ 1 خواهان ایالات متحده | ☐ 2 خوانده ایالات متحده

| خوانده | خواهان | | خوانده | خواهان | | خوانده | خواهان | |
|---|---|---|---|---|---|---|---|---|
| ☐ 5 | ☐ 5 | تاسیس شده و محل اصلی کسب و کار در ایالتی دیگر | ☐ 1 | ☐ 1 | شهروند یا تبعه یک کشور خارجی | ☐ 1 | ☐ 1 | شهروند این ایالت |
| ☐ 6 | ☐ 6 | تابعیت خارجی | ☐ 4 | ☐ 4 | تاسیس شده یا محل اصلی کسب و کار در این ایالت | ☐ 2 | ☐ 2 | شهروند این ایالت |

آدرس(ها) و کشور(های) خواهان(ها)

به پیوست به اجمعه کنید

آدرس(ها) و کشور(های) خوانده(ها)
جمهوری اسلامی ایران
به نشانی وزارت امور خارجه
خیابان امام خمینی
تهران، ایران

آدرس خوانده(ها) نامعلوم است.
بدین‌وسیله اعلام می‌گردد که در حال حاضر، با وجود انجام تلاش معقول نتوانستم آدرس محل سکونت خوانده‌های زیر را مشخص نمایم.

---

**تخصیص به دادگاه**

اینجانب مفاد 18(a) و 20(a) قوانین مربوط به تقسیم مسئولیت میان قضات ناحیه، ناحیه جنوبی نیویورک را بررسی کردم و بدین‌وسیله گواهی می‌دهم که این پرونده باید به دادگاهی که در زیر نشان داده شده است، بر اساس آن واگذار شود

یک مورد را علامت بزنید:  این اقدام باید به محل زیر اختصاص یابد.

| MANHATTAN ☒ | WHITE PLAINS ☐ |
|---|---|

تاریخ 7/25/2024 امضا/ Jerry Goldman /امضای وکیل پرونده

شماره رسید _____

قاضی بخش باید توسط منشی دادگاه تعیین شود.
قاضی دادگاه _____  بدین‌گونه تعیین شده است.

Daniel Ortiz، منشی عامل دادگاه توسط نایب منشی، مورخ
دادگاه ناحیه‌ای ایالات متحده (جنوب نیویورک)

پذیرفته شده برای اجرا در این ناحیه
☐ خیر
☒ بله (تاریخ پذیرش ماه ___ می ___ سال 1980 )
شماره کد وکیل در کانون وکلا 1302454

نایب منشی، مورخ _____

---

چاپ | ذخیره | پاک کردن فرم

## پیوست 1

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است که ضمیمه 1 به آن پیوست شده

است و باید به عنوان دعوی 1 از ضمیمه 1 به فرم کوتاه شکایت از ایران، دعوی 2 از ضمیمه 1 به فرم کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| | نام خواهان | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 [1] | 9/11 شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، متوفی 9/11 در ترضیه خاطر، جراحت شخصی) [2] |
|---|---|---|---|---|---|---|---|
| 1 | Mary Jelnek | فلوریدا | ایالات متحده | Vincent Slavin | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 2 | Michael Slavin | نیویورک | ایالات متحده | Vincent Slavin | فرزند | ایالات متحده | ترضیه خاطر |
| 3 | Mary Jo Slavin | فلوریدا | ایالات متحده | Vincent Slavin | همسر | ایالات متحده | ترضیه خاطر |
| 4 | Jacqueline Beard-Edwards | نیویورک | ایالات متحده | Michael Edwards | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 5 | Jacqueline Beard-Edwards | نیویورک | ایالات متحده | Michael Edwards | همسر | ایالات متحده | ترضیه خاطر |
| 6 | Catherine Lyn-Shue | نیویورک | ایالات متحده | Francisco Munoz | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 7 | Catherine Lyn-Shue | نیویورک | ایالات متحده | Francisco Munoz | همسر | ایالات متحده | ترضیه خاطر |
| 8 | John Doe 154 | غیرقابل‌اعمال | ایالات متحده | Chapelle Sarker | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 9 | Anthony Stewart | مریلند | ایالات متحده | Chapelle Sarker | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 10 | John Doe 155، به عنوان نماینده شخصی ماترک Dorothy Belcher | غیرقابل‌اعمال | ایالات متحده | Chapelle Sarker | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 11 | Mary Lou Moss | تگزاس | ایالات متحده | Brian Moss | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 12 | Mary Lou Moss | تگزاس | ایالات متحده | Brian Moss | همسر | ایالات متحده | ترضیه خاطر |
| 13 | Ashten Moss | کلرادو | ایالات متحده | Brian Moss | فرزند | ایالات متحده | ترضیه خاطر |

---

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

| | نام خواهان | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | 9/11 نام کامل متوفی | نسبت خواهان با متوفی 9/11 [1] | 9/11 شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیر عمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 14 | Connor Moss | تنسی | ایالات متحده | Brian Moss | فرزند | ایالات متحده | ترضیه خاطر |
| 15 | Christine O'Reilly | نیویورک | ایالات متحده | Howard Gelling | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 16 | Christine O'Reilly | نیویورک | ایالات متحده | Howard Gelling | همسر | ایالات متحده | ترضیه خاطر |
| 17 | Deborah Mulford | فلوریدا | ایالات متحده | Howard Gelling | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 18 | William Gelling | نیوجرسی | ایالات متحده | Howard Gelling | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 19 | John Doe 158 | غیرقابل‌اعمال | ایالات متحده | Chet Louie | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 20 | Catalina Louie | فلوریدا | ایالات متحده | Chet Louie | فرزند | ایالات متحده | ترضیه خاطر |
| 21 | Cassandra Louie | نیویورک | ایالات متحده | Chet Louie | فرزند | ایالات متحده | ترضیه خاطر |
| 22 | Ken Yazawa Reibman همچنین با نام Calvin Louie | نیویورک | ایالات متحده | Chet Louie | فرزند | ایالات متحده | ترضیه خاطر |
| 23 | Sunny Chiang | نیویورک | ایالات متحده | Alexander Chiang | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 24 | Sunny Chiang | نیویورک | ایالات متحده | Alexander Chiang | همسر | ایالات متحده | ترضیه خاطر |
| 25 | Devonte Carter | نیویورک | ایالات متحده | Marcia Cecil-Carter | فرزند | ایالات متحده | ترضیه خاطر |
| 26 | Devonte Carter، به عنوان نماینده شخصی ماترک Andre Carter | نیویورک | ایالات متحده | Marcia Cecil-Carter | همسر (متوفی) | ایالات متحده | ترضیه خاطر |
| 27 | John Doe 156 | غیرقابل‌اعمال | ایالات متحده | Jeffrey Bittner | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 28 | Pamela Bittner-Conley | فلوریدا | ایالات متحده | Jeffrey Bittner | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 29 | John Doe 157، به‌عنوان نماینده شخصی ماترک Donald Bittner | غیرقابل‌اعمال | ایالات متحده | Jeffrey Bittner | والد (متوفی) | ایالات متحده | ترضیه خاطر |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:                                                              03 MDL 1570 (GBD) (SN)

       TERRORIST ATTACKS ON                **NOTICE TO CONFORM TO**
       SEPTEMBER 11, 2001               **CONSOLIDATED AMENDED**
                                       **COMPLAINT**

This document relates to:
*Mary Jelnek, et al. v. Islamic Republic of Iran*, 1:24-cv-05520 (GBD)(SN)

       Plaintiffs in the above-mentioned previously filed case file this Notice to Conform to the

Consolidated Amended Complaint as to the Kingdom of Saudi Arabia, ECF No. 3463, as permitted

and approved by the Court's Order of October 27, 2019, ECF No. 5234. Upon filing of this Notice

to Conform, all Plaintiffs in the Complaint in *Mary Jelnek, et al. v. Islamic Republic of Iran*, 1:24-

cv-05520 (GBD)(SN) at ECF No. 1 (individual case docket number), are deemed amended to include

the factual allegations, jurisdictional allegations, and jury trial demand of the Consolidated

Amended Complaint, as well as all causes of action specified below. The amendment effected

through this Notice to Conform supplements by incorporation into, but does not displace,

Plaintiffs' underlying pleadings. This Notice to Conform relates solely to the Kingdom of Saudi

Arabia and does not apply to any other defendant, as to which Plaintiffs' underlying pleadings and

any amendments thereto are controlling.

       Upon filing this Notice to Conform, each Plaintiff is deemed to have adopted all factual

and jurisdictional allegations of the Consolidated Amended Complaint; all prior filings in

connection with the Consolidated Amended Complaint; and all prior Orders and rulings of the

Court in connection with the Consolidated Amended Complaint.

docs-100710740.1

## VENUE

1.      Plaintiffs' case is part of the multi-district proceeding In re Terrorist Attacks on

September 11, 2001, 03-MDL-1570 (GBD)(SN), established by the Judicial Panel on Multidistrict

Litigation for coordinated or consolidated pre-trial proceedings in the United States District Court

for the Southern District of New York.

## IDENTIFICATION OF PLAINTIFFS

2.      Plaintiffs filing this Notice to Conform are identified in the Complaint in *Mary*

*Jelnek, et al. v. Islamic Republic of Iran*, 1:24-cv-05520 (GBD)(SN) at ECF No. 1 (individual case

docket number), and are incorporated herein by reference.

3.      Plaintiffs have described their particular injuries and the nexus between those

injuries and the September 11th attacks in their underlying pleadings, which allegations are

incorporated herein by reference.

## CAUSES OF ACTION

4.      Plaintiffs hereby adopt and incorporate herein by reference the following causes of

action set forth in the Consolidated Amended Complaint, ECF No. 3463 (check all that apply):

        ☒     COUNT I – Aiding and Abetting and Conspiring with Al Qaeda to
                Commit the September 11th Attacks upon the United States in violation
                of 18 U.S.C. § 2333(d) (JASTA).

        ☒     COUNT II – Aiding and Abetting and Conspiring with Al Qaeda to
                Commit the September 11th Attacks upon the United States in violation
                of 18 U.S.C. § 2333(a).

        ☒     COUNT III – Committing Acts of International Terrorism in violation
                of 18 U.S.C. § 2333.

        ☒     COUNT IV – Wrongful Death.

        ☒     COUNT VI – Alien Tort Claims Act.

        ☒     COUNT VII – Assault and Battery.

        ☒     COUNT VIII – Conspiracy.

2

docs-100710740.1

&#9747;  COUNT IX – Aiding and Abetting.

&#9747;  COUNT X – Intentional Infliction of Emotional Distress.

&#9747;  COUNT XII – Liability Pursuant to Restatement (Second) of Torts §
    317 and Restatement (Third) of Agency § 7.05: Supervising Employees
    and Agents.

&#9747;  COUNT XIII – Liability Pursuant to Restatement (Second) of Torts §
    317 and Restatement (Third) of Agency § 7.05: Hiring, Selecting, and
    Retaining Employees and Agents.

&#9747;  COUNT XIV – 18 U.S.C. § 1962(a)–(d) – CIVIL RICO.

&#9747;  COUNT XV – Trespass.

&#9747;  COUNT XVI – Violations of International Law.

Plaintiffs' constituent case shall be deemed subject to any motion to dismiss the

Consolidated Amended Complaint or answer to the Consolidated Amended Complaint filed by the

Kingdom of Saudi Arabia. By way of filing this Notice, Plaintiffs shall not be deemed to have

adopted any class-action allegations set forth in the Consolidated Amended Complaint, waived

any right to object to class certification, or opted out of any certified class. This Notice also does

not serve as a request for exclusion from any class that the Court may certify.

Dated: August 6, 2024

             Respectfully submitted,

             */s/ Jerry S. Goldman*
             Jerry S. Goldman, Esq.
             Bruce Strong, Esq.
             Alexander Greene, Esq.
             **ANDERSON KILL P.C.**
             1251 Avenue of the Americas
             New York, NY 10020
             Telephone: (212) 278-1000
             jgoldman@andersonkill.com
             bstrong@andersonkill.com
             agreene@andersonkill.com
             *Attorneys for Plaintiffs*

3

**دادگاه منطقه‌ای ایالات متحده**
**منطقه جنوبی نیویورک**

بازگشت به:

03 MDL 1570 (GBD) (SN)

**اطلاعیه برای مطابقت با شکایت اصلاح شده تلفیقی**

حملات تروریستی
11 سپتامبر 2001

این سند مربوط است به:

*ماری جلنک (Mary Jelnek) و دیگران علیه جمهوری اسلامی ایران* (SN)(GBD) 05520-cv-1:24 ،

خواهان‌ها در پرونده‌های ثبت‌شده فوق‌الذکر، این اخطار را برای انطباق با شکایت اصلاح‌شده تلفیقی در مورد پادشاهی عربستان سعودی، ECF شماره 3463، مطابق با مجوز و تأیید حکم دادگاه در 27 اکتبر 2019، ECF شماره 5234 طرح می‌کنند. پس از طرح این شکایت جهت انطباق، کلیه خواهان‌ها در شکایت *ماری جلنک (Mary Jelnek) و دیگران علیه جمهوری اسلامی ایران،* (SN)(GBD) 05520-cv -1:24 در ECF شماره 1 (شماره پرونده انفرادی)، در نظر گرفته می‌شود که شامل ادعاهای واقعی، ادعاهای قضایی، و تقاضای محاکمه هیئت منصفه شکایت اصلاحی و همچنین همه دلایل اقدام که در زیر مشخص شده است، می‌باشد. اصلاحیه‌ای که از طریق این ابلاغیه اصلاحیه نافذ می‌شود، با درج در شکایت اصلی مکمل آن خواهد بود اما جایگزین آن نمی‌شود. این ابلاغیه برای انطباق صرفاً به پادشاهی عربستان سعودی مربوط می‌شود و در مورد هیچ متهم دیگری اعمال نمی‌شود، زیرا ادعاهای اساسی خواهان ها و هرگونه اصلاحیه در آن کنترل می‌شود.

پس از تسلیم این اخطار برای انطباق، تلقی می‌شود که هر شاکی تمام ادعاهای واقعی و قضایی شکایت اصلاحی تلفیقی را پذیرفته است. کلیه پرونده‌های قبلی در ارتباط با شکایت اصلاح شده تلفیقی؛ و کلیه احکام و احکام قبلی دادگاه در رابطه با شکایت با شکایت اصلاحی تلفیقی.

**مکان**

1.   پرونده خواهان ها بخشی از روند رسیدگی چند منطقه ای در حملات تروریستی مجدد در 11 سپتامبر 1570-MDL-03 ،2001 (GBD) (SN) است که توسط هیئت قضایی در دعاوی چند ناحیه ای برای رسیدگی های پیش از محاکمه هماهنگ یا تلفیقی در دادگاه منطقه ای ایالات متحده برای ناحیه جنوبی نیویورک.

**هویت خواهان‌ها**

2.   خواهان‌های مطرح‌کننده این ابلاغیه برای انطباق در پرونده *ماری جلنک (Mary Jelnek) و دیگران علیه جمهوری اسلامی ایران،* (GBD) 05520-cv-1:24 (SN) در ECF شماره 1 (شماره پرونده انفرادی) شناسایی شده‌اند و در اینجا از طریق ارجاع گنجانده شده‌اند.

3.   خواهان ها جراحات خاص خود و رابطه بین آن صدمات و حملات 11 سپتامبر را در دادخواست های اساسی خود شرح داده اند، که این ادعاها در اینجا با ارجاع گنجانده شده است.

## علل اقدام

4.   خواهان ها بدین‌وسیله دلایل اقدامات زیر را که در شکایت اصلاحی تلفیقی، شماره ECF 3463 ذکر شده است، با ارجاع در اینجا

می‌پذیرند (همه مواردی که اعمال می‌شوند را بررسی کنید):

☒   مورد I - کمک و مشارکت و توطئه با القاعده برای انجام حملات 11 سپتامبر علیه ایالات متحده در نقض 18
U.S.C. § 2333(d) (JASTA).

☒   مورد II - کمک و مشارکت و توطئه با القاعده برای انجام حملات 11 سپتامبر به ایالات متحده که نقض 18
U.S.C. § 2333(a) است.

☒   مورد III – ارتکاب اقدامات تروریستی بین المللی که نقض (a)2333 § 18 U.S.C. است.

☒   مورد IV - مرگ نادرست.

☒   مورد VI - قانون دعاوی تخلف بیگانه.

☒   مورد VII - حمله و اتشبار.

☒   مورد VIII - توطئه.

☒   مورد IX - کمک و مشارکت.

☒   مورد X - ایجاد عمدی پریشانی عاطفی.

☒   مورد XII - مسئولیت بر اساس بیان مجدد (دوم) شبه جرم ها § 317 و بیان مجدد (سوم) § 7.05 عاملیت: نظارت
بر کارمندان و نمایندگان.

☒   مورد XIII - مسئولیت بر اساس اظهار مجدد (دوم) شبه جرم ها § 317 و اظهار مجدد (سوم) § 7.05 عاملیت:
استخدام، انتخاب و حفظ کارمندان و نمایندگان.

☒   مورد XIV - 18 U.S.C. § 1962(a)-(d) - CIVIL RICO .

☒   مورد XV - تجاوز.

☒   مورد XVI - نقض حقوق بین الملل.

پرونده تشکیل دهنده خواهان ها مشروط به هرگونه درخواست برای رد شکایت اصلاح شده تلفیقی یا پاسخ به شکایت اصلاح شده تلفیقی ارائه

شده توسط پادشاهی عربستان سعودی تلقی می شود. از طریق تسلیم این اخطار، تلقی نمی‌شود که خواهان ها ادعاهای دسته‌بندی مندرج در شکایت اصلاحی

تلفیقی را پذیرفته‌اند، از هر گونه حق اعتراض به گواهینامه کلاس چشم پوشی کرده باشند، یا از هر کلاس تایید شده انصراف داده باشند. این ابلاغیه

همچنین به عنوان درخواستی برای حذف از هر طبقه ای که دادگاه ممکن است تایید کند، عمل نمی کند.

مورخ: 6 اگوست 2024

تقدیم با احترام،

2

/امضا/ جری اس. گلدمن

وکیل دعاوی جری اس. گلدمن

Bruce Strong، وکیل دعاوی

Alexander Greene، وکیل دعاوی

**ANDERSON KILL P.C.**

1251 Avenue of the Americas

New York, NY 10020

تلفن:1000-278 (212)

jgoldman@andersonkill.com

bstrong@andersonkill.com

agreene@andersonkill.com

وکلای خواهان‌ها

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

**03-MDL-1570 (GBD)(SN)**

**NOTICE TO CONFORM TO**
**SUDAN CONSOLIDATED**
**AMENDED COMPLAINT OR**
***ASHTON* SUDAN AMENDED**
**COMPLAINT**

This document relates to:
*Mary Jelnek, et al. v. Islamic Republic of Iran*, No. 1:24-cv-05520 (GBD)(SN)

Plaintiffs in the above-mentioned previously filed case file this Notice to Conform to the

[**check only one**]:

    ☒    Consolidated Amended Complaint as to the Republic of the Sudan ("SCAC"),
            ECF No. 6539.

    ☐    the *Ashton* Amended Complaint as to Sudan Defendants in *Ashton v. The*
            *Republic of the Sudan*, No. 02-CV-6977 (GBD)(SN), ECF No. 6537 (in 03-md-
            1570) [hereinafter the *Ashton* Sudan Amended Complaint],

as permitted and approved by the Court's Order of December 1, 2020, ECF No. 6547. Upon

filing of this Notice to Conform, all Plaintiffs in the Complaint in *Mary Jelnek, et al. v. Islamic*

*Republic of Iran*, 1:24-cv-05520 (GBD)(SN) at ECF No. 1 (individual case docket number), are

deemed to include the factual allegations, jurisdictional allegations, and jury trial demand of the

SCAC or *Ashton* Sudan Amended Complaint (as selected above), as well as all causes of action

specified below. The complaint effected through this Notice to Conform supplements by

incorporation into, but does not displace, Plaintiffs' underlying Complaint. This Notice to

Conform relates solely to the Republic of the Sudan and does not apply to any other defendant,

as to which Plaintiffs' underlying Complaint and any amendments thereto are controlling.

      Upon filing this Notice to Conform, each Plaintiff is deemed to have adopted all factual

and jurisdictional allegations of the SCAC or *Ashton* Sudan Amended Complaint (as selected

above); all prior filings in connection with the SCAC or *Ashton* Sudan Amended Complaint (as

1

docs-100710739.1

selected above); and all prior Orders and rulings of the Court in connection with the SCAC or

*Ashton* Sudan Amended Complaint (as selected above).

## VENUE

1.      Plaintiffs' case is part of the multi-district proceeding *In re Terrorist Attacks on*

*September 11, 2001*, 03-MDL-1570 (GBD)(SN), established by the Judicial Panel on

Multidistrict Litigation for coordinated or consolidated pre-trial proceedings in the United

States District Court for the Southern District of New York.

## IDENTIFICATION OF PLAINTIFFS

2.      Plaintiffs filing this Notice to Conform are identified in the Complaint in

*Mary Jelnek, et al. v. Islamic Republic of Iran*, 1:24-cv-05520 (GBD)(SN) at ECF No. 1

(individual case docket number), and are incorporated herein by reference.

3.      Plaintiffs have described their particular injuries and the nexus between those

injuries and the September 11th attacks in their underlying Complaint, which allegations are

incorporated herein by reference.

## CAUSES OF ACTION

4.      Plaintiffs hereby adopt and incorporate herein by reference the following

causes of action set forth in the SCAC, ECF No. 6539, or *Ashton* Sudan Amended

Complaint, ECF No. 6537 (as selected above) (check all that apply):

**[If Plaintiffs elected (above) to conform to the Consolidated Amended
Complaint as to the Republic of the Sudan ("SCAC"), ECF No. 6539,
check all causes of action that apply]:**

☒      COUNT I – Claims under Section 1605A(c) of the Foreign Sovereign
       Immunities Act, 28 U.S.C. § 1605A(c), on behalf of all Plaintiffs granted a
       private right of action under 28 U.S.C. § 1605A.[1]

---

Section 1605A of the Foreign Sovereign Immunities Act grants a right of action to (1) nationals of the United
States, (2) members of the armed forces, (3) employees of the U.S. government (including individuals
performing a contract awarded by the U.S. Government) acting within the scope of employment, and legal

docs-100710739.1

☒    COUNT II – Claims under Section 1605A(d) of the Foreign Sovereign
        Immunities Act, 28 U.S.C. § 1605A(d), on behalf of all Plaintiffs granted a
        private right of action under 28 U.S.C. § 1605A.[2]

☒    COUNT III – Aiding and Abetting and Conspiring with Al Qaeda to commit the
        September 11th Attacks upon the United States in Violation of 18 U.S.C. §
        2333(d) (JASTA), on behalf of all "U.S. National" Plaintiffs.[3]

☒    COUNT IV – Aiding and Abetting and Conspiring with Al Qaeda to commit the
        September 11th Attacks upon the United States in Violation of 18 U.S.C. §
        2333(a), on behalf of all "U.S. National" Plaintiffs.

☒    COUNT V – Committing acts of international terrorism in violation of 18 U.S.C.
        § 2333, on behalf of all "U.S. National" Plaintiffs.

☒    COUNT VI – Wrongful Death, on behalf of all plaintiffs bringing Wrongful
        Death claims.

☒    COUNT VII – Negligence, on behalf of all plaintiffs.

☒    COUNT VIII – Survival, on behalf of all plaintiffs bringing wrongful death
        claims.

☒    COUNT IX – Alien Tort Claims Act, on behalf of all Alien National Plaintiffs.[4]

☒    COUNT X – Assault and Battery, on behalf of all plaintiffs bringing wrongful
        death and personal injury claims.

☒    COUNT XI – Conspiracy, on behalf of all plaintiffs.

☒    COUNT XII – Aiding and Abetting, on behalf of all plaintiffs.

☒    COUNT XIII – Negligent and/or intentional infliction of emotional distress on
        behalf of all plaintiffs.

---

representatives of persons described in (1), (2), or (3).

[2]  See preceding footnote.

[3]  The causes of action pursuant to the ATA, 18 U.S.C. § 2331 et seq., are asserted on behalf of plaintiffs who are
U.S. nationals; estates, heirs, and survivors of U.S. nationals; U.S. nationals who are members of a putative class
represented by such plaintiffs; plaintiffs who are subrogated to the rights of U.S. nationals who incurred physical
injuries to property and related losses as a result of the September 11th attacks; and plaintiffs who are assignees
of U.S. nationals killed or injured in the September 11th attacks. The term "U.S. National Plaintiffs" in the
context of claims under JASTA or the ATA refers to all such parties.

[4]  The causes of action pursuant to the Alien Tort Claims Act (ATCA), 28 U.S.C. § 1350, are asserted on behalf of
plaintiffs who are alien nationals; estates, heirs, and survivors of alien nationals who are not themselves U.S.
nationals; alien nationals who are members of a putative class represented by such plaintiffs; subrogated to the
rights of alien nationals who incurred injuries to property and related losses as a result of the September 11th
attacks; and assignees of alien nationals killed or injured in the September 11th attacks.

3

docs-100710739.1

☒    COUNT XIV – Liability pursuant to Restatement (SECOND) of Torts § 317 and Restatement (THIRD) of Agency § 7.05: Supervising Employees and Agents, on behalf of all plaintiffs.

☒    COUNT XV – Liability pursuant to Restatement (SECOND) of Torts § 317 and Restatement (THIRD) of Agency § 7.05: Hiring, Selecting, and Retaining Employees and Agents, on Behalf of all plaintiffs.

☒    COUNT XVI – 18 U.S.C. § 1962(a)-(d) – Civil RICO, on behalf of all plaintiffs.

☒    COUNT XVII – Trespass, on behalf of all plaintiffs asserting claims for property damage and economic injuries.

☒    COUNT XVIII –Violations of international law, on behalf of all plaintiffs.

> **[If Plaintiffs elected (above) to conform to the *Ashton* Sudan Amended Complaint, ECF No. 6537, check all causes of action that apply]:**
>
> ☐    First Cause of Action to Recover Personal Injury and Wrongful Death Damages Pursuant to Section 1605A of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A.
>
> ☐    Second Cause of Action to Recover Personal Injury and Wrongful Death Damages Pursuant to Section 1605B of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605B (JASTA) and the Anti-Terrorism Acts.
>
> ☐    Third Cause of Action for Personal Injury and Wrongful Death Injuries Pursuant to State Tort Law.
>
> ☐    Fourth Cause of Action for Personal Injury and Wrongful Death Damages Pursuant to the Alien tort Claims Act.
>
> ☐    Fifth Cause of Action for Punitive Damages.
>
> ☐    Sixth Cause of Action for Property Damage.

Plaintiffs' constituent case shall be deemed subject to any motion to dismiss the SCAC or the *Ashton* Sudan Amended Complaint, or answer to the SCAC or *Ashton* Sudan Amended Complaint filed by Sudan. By way of filing this Notice, Plaintiffs shall not be deemed to have adopted any class-action allegations set forth in the SCAC or *Ashton* Sudan Amended Complaint, waived any right to object to class certification, or opted out of any certified class. This Notice

docs-100710739.1

also does not serve as a request for exclusion from any class that the Court may certify.

Dated: August 6, 2024                    Respectfully submitted,

                                         /s/ Jerry S. Goldman
                                         Jerry S. Goldman, Esq.
                                         Bruce Strong, Esq.
                                         Alexander Greene, Esq.
                                         **ANDERSON KILL P.C.**
                                         1251 Avenue of the Americas
                                         New York, NY 10020
                                         Telephone: (212) 278-1000
                                         jgoldman@andersonkill.com
                                         bstrong@andersonkill.com
                                         agreene@andersonkill.com
                                         *Attorneys for Plaintiffs*

docs-100710739.1

**دادگاه منطقه‌ای ایالات متحده**
**منطقه جنوبی نیویورک**



بازگشت به:

حملات تروریستی
11 سپتامبر 2001

**03-MDL-1570 (GBD)(SN)**

**اطلاعیه برای انطباق با شکایت اصلاح شده تلفیقی سودان یا شکایت اصلاح شده اشتون سودان**

*این سند مربوط است به:*
*ماری جلنک (Mary Jelnek) و دیگران علیه جمهوری اسلامی ایران، شماره (GBD) 1:24-cv-05520 (SN)*

خواهان‌ها در پرونده‌ای که در بالا ذکر شد، این اخطار را برای مطابقت با

**[فقط یک مورد را علامت بزنید]:**

☒    شکایت اصلاح شده تلفیقی در مورد جمهوری سودان ("SCAC")، شماره ECF 6539.

☐    شکایت اصلاح شده *اشتون* در مورد متهمان سودانی در پرونده *اشتون علیه جمهوری سودان* شماره 02-CV-6977 ECF، (GBD)(SN) شماره 6537 (در 1570 -md-03) [از این بعد شکایت اصلاحی *اشتون* سودان نامیده می‌شود]،

طبق دستور دادگاه در 1 دسامبر 2020، شماره ECF 6547 مجاز و تأیید شده است. پس از طرح این شکایت جهت انطباق، کلیه خواهان‌ها در شکایت *ماری جلنک (Mary Jelnek) و دیگران علیه جمهوری اسلامی ایران*، شماره (SN) (GBD) 1:24-cv-05520 در ECF شماره 1 (شماره پرونده انفرادی)، در نظر گرفته می‌شود که شامل ادعاهای واقعی، ادعاهای قضایی و تقاضای محاکمه هیئت منصفه شکایت اصلاحی SCAC یا *اشتون سودان (Ashton Sudan)* (همانطور که در بالا انتخاب شده است) و همچنین همه دلایل اقدام که در زیر مشخص شده است، می‌باشد. شکایتی که از طریق این اخطار برای انطباق با الحاق به شکایت اساسی خواهان‌ها انجام می‌شود، اما جایگزین آنها نمی‌شود. این اعلامیه برای انطباق صرفاً به جمهوری سودان مربوط می‌شود و در مورد هیچ متهم دیگری اعمال نمی‌شود، زیرا شکایت اساسی خواهان‌ها و هرگونه اصلاحیه در آن کنترل می‌شود.

پس از تسلیم این اخطار برای انطباق، تلقی می‌شود که هر شاکی تمام ادعاهای واقعی و قضایی مربوط به شکایت اصلاح شده SCAC یا *اشتون* سودان (همانطور که در بالا انتخاب شد)؛ کلیه پرونده‌های قبلی در ارتباط با شکایت اصلاح شده SCAC یا *اشتون* سودان (همانطور که در بالا انتخاب شد)؛ و تمام دستورات و احکام قبلی دادگاه در ارتباط با شکایت اصلاح شده SCAC یا اشتون سودان (همانطور که در بالا انتخاب شد) را پذیرفته است.

**مکان**

1.    پرونده خواهان‌ها بخشی از روند رسیدگی چند منطقه‌ای در روند رسیدگی در حملات تروریستی مجدد در *11 سپتامبر* 2001، 03-MDL-1570 (GBD) (SN)، است که توسط هیئت قضایی در دعاوی چند منطقه‌ای برای رسیدگی‌های پیش از محاکمه هماهنگ یا تلفیقی در دادگاه منطقه‌ای ایالات متحده برای ناحیه جنوبی نیویورک تشکیل شده است.

1

## هویت خواهان‌ها

2.   خواهان‌های مطرح‌کننده این ابلاغیه برای انطباق در پرونده *ماری جلنک (Mary Jelnek) و دیگران علیه جمهوری اسلامی*

*ایران،*(SN) (GBD) 1:24-cv-05520 در ECF شماره 1 (شماره پرونده انفرادی) شناسایی شده‌اند و در اینجا از طریق ارجاع گنجانده شده‌اند.

3.   خواهان‌ها جراحات خاص خود و رابطه بین آن صدمات و حملات 11 سپتامبر را در شکایت اصلی خود شرح داده‌اند، که ادعاها

در اینجا با ارجاع گنجانده شده است.

## علل اقدام

4.   خواهان‌ها بدین‌وسیله دلایل دعوی زیر را که در شکایت اصلاحی تلفیقی SCAC ECF شماره 6539 یا شکایت اصلاح شده

*اشتون سودان،* ECF شماره 6537 ذکر شده است، با ارجاع در اینجا می‌پذیرند (تمام موارد قابل اطلاق را علامت بزنید):

**[اگر خواهان‌ها (در بالا) برای مطابقت با شکایت اصلاح شده تلفیقی در مورد جمهوری سودان "SCAC")، ECF شماره 6539 انتخاب شدند، همه دلایل اعمال را بررسی کنید:]**

☒   مورد I - ادعاهای تحت بخش (c) 1605A قانون مصونیت‌های حاکمیت خارجی، (c) 1605A § U.S.C. 28 ، به نمایندگی از همه خواهان‌ها حق اقدام خصوصی تحت 1605A § U.S.C. 28 اعطا شده است.[1]

☒   مورد II - دعاوی بر اساس بخش (d) 1605A قانون مصونیت های حاکمیت خارجی، (d) 1605A § U.S.C. 28، از طرف همه خواهان ها حق دعوی خصوصی تحت 1605A § U.S.C. 28 اعطا شده است.[2]

☒   مورد III - کمک و مشارکت و توطئه با القاعده برای ارتکاب حملات "11" سپتامبر به ایالات متحده در نقض 18 § U.S.C. (d) 2333 (JASTA)، از طرف کلیه خواهان‌های «ملی ایالات متحده».[3]

☒   مورد IV - کمک و مشارکت و توطئه با القاعده برای انجام حملات 11 سپتامبر به ایالات متحده در نقض 18 § U.S.C. 2333(a)، از طرف همه خواهان های "ملی ایالات متحده".

☒   مورد V - ارتکاب اقدامات تروریستی بین المللی در نقض 2333 § U.S.C. 18، به نمایندگی از همه خواهان های "ملی ایالات متحده".

☒   مورد VI - مرگ نادرست، از طرف همه شاکیانی که ادعاهای مرگ نادرست را مطرح می کنند.

☒   مورد VII - سهل انگاری، از طرف کلیه خواهان‌ها.

☒   مورد VIII - بقا، از طرف همه شاکیانی که ادعای مرگ نادرست را مطرح می کنند.

---

[1]   بخش 1605A قانون مصونیت‌های حاکمیت خارجی، حق اقدام را به (1) اتباع ایالات متحده، (2) اعضای نیروهای مسلح، (3) کارمندان دولت ایالات متحده (از جمله افرادی که قرارداد اعطا شده توسط دولت ایالات متحده را انجام می‌دهند) که در محدوده شغلی عمل می‌کنند و نمایندگان قانونی اشخاص شرح داده شده در (2)، (1) یا (3) اعطا می‌کند.

[2]   به پاورقی قبل مراجعه کنید.

[3]   دلایل دعوی طبق 2331 § U.S.C 18، ATA و مابعد، از طرف خواهان‌هایی که اتباع ایالات متحده هستند بیان می‌شود؛ اموال، وارثان و بازماندگان اتباع ایالات متحده؛ اتباع ایالات متحده که اعضای یک طبقه فرضی هستند که توسط چنین خواهان‌هایی نمایندگی می شود؛ خواهان‌هایی که جایگزین حقوق اتباع ایالات متحده می‌شوند که در نتیجه حملات 11 سپتامبر متحمل صدمات فیزیکی به اموال و خسارات مربوطه به آن شده‌اند؛ و خواهان‌هایی که مأموران اتباع آمریکایی کشته یا مجروح در حملات 11 سپتامبر هستند. اصطلاح «شاکیان ملی ایالات متحده» در زمینه دعاوی تحت JASTA یا ATA به همه این طرف‌ها اشاره دارد.

2

☒ مورد IX - قانون دعاوی جرم بیگانه، به نمایندگی از همه خواهان های ملی بیگانه.⁴

☒ مورد X - حمله و افتبار، از طرف همه خواهان هایی که ادعاهای مرگ و صدمات شخصی غیرقانونی را مطرح می کنند.

☒ مورد XI - توطئه، از طرف همه خواهان ها.

☒ مورد XII - کمک و مشارکت، از طرف همه خواهان ها.

☒ مورد XIII - ایجاد غفلت و یا عمد پریشانی عاطفی از طرف همه خواهان ها.

☒ مورد XIV - مسئولیت بر اساس اظهار مجدد (دوم) شبه جرم ها § 317 و اظهار مجدد (سوم) § 7.05 عاملیت: نظارت بر کارمندان و نمایندگان به نمایندگی از همه خواهان ها.

☒ مورد XV - مسئولیت مطابق با تجدید ارائه (دوم) تخلفات § 317 و تجدید ارائه (سوم) نمایندگی § 7.05: استخدام، انتخاب و حفظ کارمندان و نمایندگان، از طرف همه خواهان ها.

☒ مورد XVI - Civil RICO – 18 U.S.C. § 1962(a)-(d) به نمایندگی همه خواهان ها.

☒ مورد XVII - تجاوز، از طرف همه خواهان هایی که ادعای خسارت مالی و صدمات اقتصادی را دارند.

☒ مورد XVIII - نقض قوانین بین‌الملل، از طرف همه خواهان ها.

**[اگر خواهان ها (در بالا) برای انطباق با شکایت اصلاح شده اشتون سودان، شماره ECF شماره 6537 انتخاب شدند، همه دلایل قابل اطلاق را علامت بزنید:]**

☐ اولین علت اقدام برای بازیابی صدمات شخصی و خسارات نادرست مرگ بر اساس بخش 1605A قانون مصونیت های حاکمیت خارجی، 28 USC § 1605A.

☐ علت دوم اقدام برای بازیابی صدمات شخصی و خسارات نادرست مرگ بر اساس بخش 1605B قانون مصونیت های حاکمیت خارجی، (JASTA) 1605B § USC 28 و قوانین ضد تروریسم.

☐ علت سوم برای صدمات شخصی و صدمات غیرقانونی فوت بر اساس قانون تخلفات دولتی.

☐ چهارمین علت دعوی برای صدمات جانی و خسارات ناشی از مرگ بر اساس قانون ادعاهای جرم بیگانه.

☐ علت پنجم برای خسارات تعزیری.

☐ علت ششم دعوی خسارت مال.

پرونده‌های تشکیل‌دهنده خواهان ها مشروط به هرگونه درخواست برای رد SCAC یا شکایت اصلاح شده اشتون سودان یا پاسخ به شکایت اصلاحی SCAC یا اشتون سودان است که توسط سودان مطرح شده است. با تسلیم این ابلاغیه، تلقی نمی‌شود که خواهان ها هرگونه ادعای دسته‌بندی مندرج در شکایت اصلاحی SCAC یا اشتون سودان را پذیرفته باشند، از هرگونه حق اعتراض به گواهینامه کلاس چشم پوشی کرده باشند، یا از هر

---

⁴ دلایل دعوی طبق قانون ادعاهای تخلفات بیگانه 1350 § USC 28، (ATCA)، از طرف خواهان‌های که اتباع بیگانه هستند بیان می‌شود؛ اموال، وارثان و بازماندگان اتباع بیگانه که خود تبعه ایالات متحده نیستند؛ اتباع بیگانه که اعضای یک طبقه فرضی هستند که توسط خواهان‌هایی نمایندگی می‌شوند؛ جایگزین حقوق اتباع بیگانه که در نتیجه حملات 11 سپتامبر متحمل صدمات به اموال و خسارات ناشی از آن شده‌اند؛ و مأموران اتباع بیگانه که در حملات 11 سپتامبر کشته یا زخمی شدند.

کلاس تایید شده انصراف داده باشند. این اعلامیه همچنین به عنوان درخواستی برای حذف از هر طبقه ای که دادگاه ممکن است تأیید کند، عمل نمی کند.

تقدیم با احترام، مورخ:6 آگوست 2024

*/امضا/ جری اس. گلدمن*

وکیل دعاوی جری اس. گلدمن
Bruce Strong، وکیل دعاوی
Alexander Greene، وکیل دعاوی
**ANDERSON KILL P.C.**
1251 Avenue of the Americas
New York, NY 10020
تلفن: 278-1000 (212)
jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com
*وکلای خواهان‌ها*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | As it relates to 03 MDL 1570 (GBD)(SN) |
| MARY JELNEK, et al.,<br><br>PLAINTIFFS,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>DEFENDANT. | Civil Docket Number: 1:24-cv-05520 (GBD)(SN) |

## NOTICE OF SUIT

| | | |
|---|---|---|
| 1. | Title of legal proceeding: | *Mary Jelnek, et al. v. Islamic Republic of Iran* |
| 2. | Full Name of Court: | United States District Court for the Southern District of New York |
| 3. | Docket Number: | 1:24-cv-05520 (GBD)(SN) |
| 4. | Judges: | Hon. George B. Daniels |
| | | Hon. Judge Sarah Netburn |
| 5. | Name of foreign state concerned: | The Islamic Republic of Iran |
| 6. | Identity of the other Parties: | The Kingdom of Saudi Arabia |
| | | The Republic of Sudan |
| 7. | Nature of documents served: | Summonses and Complaint (in English and Farsi) |
| 8. | Nature and Purpose of Proceedings: | Action to recover for wrongful death, and other injuries resulting from the terrorist attack upon the United States of America on September 11th, 2001. The Islamic Republic of Iran has been sued based on its participation in a conspiracy with other parties to commit acts of international terrorism against the United States, its nationals and allies, and the provision of material support to those engaging in/planning terrorist activities, of |

docs-100713625.1

which the September 11th Attack was a direct, intended, and foreseeable product.

9.  A response to a "Summons" and "Complaint" is required to be submitted to the court, not later than sixty (60) days after these documents are received. The response may present jurisdictional defenses (including defenses relating to state immunity).

10. The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

11. Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code (Pub. L. 94–583; 90 Stat. 2891). These sections of the United States Code are attached in English and Farsi.

Dated: August 8, 2024

/s/ Jerry S. Goldman
Jerry S. Goldman, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
jgoldman@andersonkill.com
Attorneys for Plaintiffs

2

**دادگاه منطقه‌ای ایالات متحده**
**منطقه جنوبی نیویورک**

| | |
|---|---|
| مربوط به (GBD)(SN) 1570 MDL 03 | بازگشت به حملات تروریستی 11 سپتامبر 2001 |
| شماره پرونده مدنی: (GBD)(SN) 05520-cv-1:24 | [g1]ماری جلنک (Mary Jelnek) و دیگران خواهان‌ها، |
| | علیه |
| | جمهوری اسلامی ایران، |
| | خوانده. |

## ابلاغیه اقامه دعوی

| | | |
|---|---|---|
| 1. | عنوان دادرسی حقوقی: | ماری جلنک (Mary Jelnek) و دیگران علیه جمهوری اسلامی ایران |
| 2. | نام کامل دادگاه: | دادگاه ناحیه‌ای ایالات متحده جهت ناحیه جنوب نیویورک |
| 3. | شماره دفتر ثبت دعاوی: | 05520-cv-1:24 (GBD)(SN) |
| 4. | قضات: | محترم جورج بی. دانیلز |
| | | محترم قاضی سارا نتبرن |
| 5. | نام دولت خارجی مربوطه: | جمهوری اسلامی ایران |
| 6. | هویت طرفین دیگر: | پادشاهی عربستان سعودی |
| | | جمهوری سودان |
| 7. | ماهیت اسناد ابلاغ شده: | احضاریه و شکایت (به انگلیسی و فارسی) |
| 8. | ماهیت و هدف دادرسی‌ها: | اقدام برای جبران خسارت قتل غیر عمد، و سایر جراحات ناشی از حمله تروریستی به ایالات متحده امریکا در 11 سپتامبر 2001. جمهوری اسلامی ایران به دلیل مشارکت خود در زمینه توطئه‌چینی با سایر طرفین برای تحقق اقدامات تروریستی بین‌المللی علیه ایالات متحده، اتباع و متحدانش و ارائه حمایت عمده به کسانی که در فعالیت‌های تروریستی/برنامه‌ریزی‌های آنها دخالت داشته‌اند، و حمله 11 سپتامبر نتیجه مستقیم، عامدانه و قابل پیش‌بینی چنین فعالیت‌هایی بوده مورد پیگرد قرار گرفته است. |

docs-100713625.1

9. پاسخ به "احضار" و "شکایت" باید حداکثر شصت (60) روز پس از دریافت این اسناد به دادگاه ارائه شود. پاسخ می‌تواند همراه با ارائه دفاعیه قضایی (از جمله دفاع مربوط به مصونیت دولتی) باشد.

10. عدم ارائه پاسخ به موقع به دادگاه می‌تواند منجر به صدور حکم غیابی و درخواست اجرای حکم شود. اگر حکم غیابی صادر شده باشد، ممکن است برای ابطال یا ورود به آن حکم رویه‌ای وجود داشته باشد.

11. سؤالات مربوط به مصونیت دولتی و صلاحیت قضایی دادگاه‌های ایالات متحده نسبت به کشورهای خارجی براساس قانون مصونیت حاکمیت خارجی سال 1976 در بخش‌های (d)1441 ،(f)1391 ،1330، و 1602 تا 1611، عنوان 28 قانون ایالات متحده مورد رسیدگی قرار می‌گیرد (Pub. L. 94-583; 90 Stat. 2891). این بخش‌های قوانین ایالات متحده به زبان انگلیسی و فارسی پیوست هستند.

مورخ: 8 آگوست 2024

/امضا/ جری اس. گلدمن
وکیل دعاوی جری اس. گلدمن
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York 10020
تلفن:1000-278 (212)
jgoldman@andersonkill.com
وکلای خواهان‌ها

2

## I.    28 USCS § 1330

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

**United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 85. DISTRICT COURTS; JURISDICTION**

### § 1330. Actions against foreign states

**(a)** The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this *title [28 USCS §§ 1605-1607]* or under any applicable international agreement.

**(b)** Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this *title [28 USCS § 1608]*.

**(c)** For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605-1607 of this *title [28 USCS §§ 1605-1607]*.

## II.    28 USCS § 1391

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

**United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 87. DISTRICT COURTS; VENUE**

### § 1391. Venue generally

**(f)** Civil actions against a foreign state. A civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be brought--

**(1)** in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

**(2)** in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this *title [28 USCS § 1605(b)]*;

**(3)** in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or

instrumentality of a foreign state as defined in section 1603(b) of this *title [28 USCS § 1603(b)]*; or

**(4)** in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

## 28 USCS § 1441

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 89. DISTRICT COURTS; REMOVAL OF CASES FROM STATE COURTS*

## § 1441. Removal of civil actions

**(d)** Actions against foreign states. Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter [*28 USCS § 1446(b)*] may be enlarged at any time for cause shown.

### 28 USCS § 1602
**Current through PL 115-181, approved 6/5/18**

*United States Code Service - Titles 1 through 54*
*TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE - PART IV.  JURISDICTION AND VENUE CHAPTER 97.*
*JURISDICTIONAL IMMUNITIES OF FOREIGN STATES*

### § 1602. Findings and declaration of purpose

The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter [*28 USCS §§ 1602* et seq.].

### *28 USCS § 1603*
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54**
**TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.**
**JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1603. Definitions

For purposes of this chapter [28 USCS §§ 1602 et seq.]

**(a)** A "foreign state", except as used in section 1608 of this title [28 USCS § 1608], includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

**(b)** An "agency or instrumentality of a foreign state" means any entity—

**(1)** which is a separate legal person, corporate or otherwise, and

**(2)** which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

**(3)** which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title [28 USCS § 1332(c) and (e)] nor created under the laws of any third country.

**(c)** The "United States" includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.

**(d)** A "commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

**(e)** A "commercial activity carried on in the United States by a foreign state" means commercial activity carried on by such state and having substantial contact with the United States.

### 28 USCS § 1604
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.**
**JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE**
**CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1604. Immunity of a foreign state from jurisdiction

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] a foreign state shall be immune from

the jurisdiction of the courts of the United States and of the States except as provided in sections 1605-1607 of this chapter [28 USCS §§ 1605-1607].

## 28 USCS § 1605
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.
JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE
CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1605. General exceptions to the jurisdictional immunity of a foreign state

(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

(1) in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

(3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

(4) in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

(5) not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

(A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

(B) any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; or

(6) in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined

legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607 [28 USCS § 1607], or (D) paragraph (1) of this subsection is otherwise applicable.

**(b)** A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided,* That—

**(1)** notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; and if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit, the service of process of arrest shall be deemed to constitute valid delivery of such notice, but the party bringing the suit shall be liable for any damages sustained by the foreign state as a result of the arrest if the party bringing the suit had actual or constructive knowledge that the vessel or cargo of a foreign state was involved; and

**(2)** notice to the foreign state of the commencement of suit as provided in section 1608 of this title [28 USCS § 1608] is initiated within ten days either of the delivery of notice as provided in paragraph (1) of this subsection or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

**(c)** Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and shall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it appears that, had the vessel been privately owned and possessed, a suit in rem might have been maintained. A decree against the foreign state may include costs of the suit and, if the decree is for a money judgment, interest as ordered by the court, except that the court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose. Such value shall be determined as of the time notice is served under subsection (b)(1). Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the same action brought to enforce a maritime lien as provided in this section.

**(d)** A foreign state shall not be immune from the jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage, as defined in section 31301 of title 46. Such action shall be brought, heard, and determined in accordance with the provisions of chapter 313 of title 46 [46 USCS §§ 31301 et seq.] and in accordance with the principles of law and rules of practice of suits in rem, whenever it appears that had the vessel been privately owned and possessed a suit in rem might have been maintained.

**(e), (f)** [Repealed]

**(g)** Limitation on discovery.

**(1)** In general.

**(A)** Subject to paragraph (2), if an action is filed that would otherwise be barred by section 1604 [28 USCS § 1604], but for section 1605A or section 1605B [28 USCS § 1605A or 1605B], the court, upon request of the Attorney General, shall stay any request, demand, or order for discovery on the United States that the Attorney General certifies would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action, until such time as the Attorney General advises the court that such request, demand, or order will no longer so interfere.

**(B)** A stay under this paragraph shall be in effect during the 12-month period beginning on the date on which the court issues the order to stay discovery. The court shall renew the order to stay discovery for additional 12-month periods upon motion by the United States if the Attorney General certifies that discovery would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action.

**(2)** Sunset.

**(A)** Subject to subparagraph (B), no stay shall be granted or continued in effect under paragraph (1) after the date that is 10 years after the date on which the incident that gave rise to the cause of action occurred.

**(B)** After the period referred to in subparagraph (A), the court, upon request of the Attorney General, may stay any request, demand, or order for discovery on the United States that the court finds a substantial likelihood would

**(i)** create a serious threat of death or serious bodily injury to any person;

**(ii)** adversely affect the ability of the United States to work in cooperation with foreign and international law enforcement agencies in investigating violations of United States law; or

**(iii)** obstruct the criminal case related to the incident that gave rise to the cause of action or undermine the potential for a conviction in such case.

**(3)** Evaluation of evidence. The court's evaluation of any request for a stay under this subsection filed by the Attorney General shall be conducted ex parte and in camera.

**(4)** Bar on motions to dismiss. A stay of discovery under this subsection shall constitute a bar to the granting of a motion to dismiss under rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

**(5)** Construction. Nothing in this subsection shall prevent the United States from seeking protective orders or asserting privileges ordinarily available to the United States.

**(h)** Jurisdictional immunity for certain art exhibition activities.

**(1)** In general. If

**(A)** a work is imported into the United States from any foreign state pursuant to an agreement that provides for the temporary exhibition or display of such work entered into between a foreign state that is the owner or custodian of such work and the United States or one or more cultural or educational institutions within the United States;

**(B)** the President, or the President's designee, has determined, in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)), that such work is of cultural significance and the temporary exhibition or display of such work is in the national interest; and

**(C)** the notice thereof has been published in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)),
any activity in the United States of such foreign state, or of any carrier, that is associated with the temporary exhibition or display of such work shall not be considered to be commercial activity by such foreign state for purposes of subsection (a)(3).

**(2)** Exceptions.

**(A)** Nazi-era claims. Paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

**(i)** the property at issue is the work described in paragraph (1);

**(ii)** the action is based upon a claim that such work was taken in connection with the acts of a covered government during the covered period;

**(iii)** the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

**(iv)** a determination under clause (iii) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

**(B)** Other culturally significant works. In addition to cases exempted under subparagraph (A), paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

**(i)** the property at issue is the work described in paragraph (1);

**(ii)** the action is based upon a claim that such work was taken in connection with the acts of a foreign government as part of a systematic campaign of coercive confiscation or misappropriation of works from members of a targeted and vulnerable group;

**(iii)** the taking occurred after 1900;

**(iv)** the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

**(v)** a determination under clause (iv) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

**(3)** Definitions. For purposes of this subsection

**(A)** the term "work" means a work of art or other object of cultural significance;

**(B)** the term "covered government" means

**(i)** the Government of Germany during the covered period;

**(ii)** any government in any area in Europe that was occupied by the military forces of the Government of Germany during the covered period;

**(iii)** any government in Europe that was established with the assistance or cooperation of the Government of Germany during the covered period; and

**(iv)** any government in Europe that was an ally of the Government of Germany during the covered period; and

**(C)** the term "covered period" means the period beginning on January 30, 1933, and ending on May 8, 1945.

## § 1605A Terrorism exception to the jurisdictional immunity of a foreign state

**(a)** In general.

**(1)** No immunity. A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

**(2)** Claim heard. The court shall hear a claim under this section if—

**(A)** (i) (I) the foreign state was designated as a state sponsor of terrorism at the time the act described in paragraph (1) occurred, or was so designated as a result of such act, and, subject to subclause (II), either remains so designated when the claim is filed under this section or was so designated within the 6-month period before the claim is filed under this section; or

**(II)** in the case of an action that is refiled under this section by reason of section 1083(c)(2)(A) of the National Defense Authorization Act for Fiscal Year 2008 [note to this section] or is filed under this section by reason of section 1083(c)(3) of that Act [note to this section], the foreign state was designated as a state sponsor of terrorism when the original action or the related action under section 1605(a)(7) [*28 USCS § 1605(a)(7)*] (as in effect before the enactment of this section [enacted Jan. 28, 2008]) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] was filed;

**(ii)** the claimant or the victim was, at the time the act described in paragraph (1) occurred—

    **(I)**   a national of the United States;

    **(II)**  a member of the armed forces; or

    **(III)** otherwise an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment; and

    **(IV)** in a case in which the act occurred in the foreign state against which the claim has been brought, the claimant has afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with the accepted international rules of arbitration; or

**(B)** the act described in paragraph (1) is related to Case Number 1:00CV03110 (EGS) in the United States District Court for the District of Columbia.

**(b)** Limitations. An action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) (before the date of the enactment of this section) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] not later than the latter of-

    **(1)** 10 years after April 24, 1996; or

    **(2)** 10 years after the date on which the cause of action arose.

**(c)** Private right of action. A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to

    **(1)** a national of the United States,

    **(2)** a member of the armed forces,

    **(3)** an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or

**(4)** the legal representative of a person described in paragraph (1), (2), or (3), for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

**(d)** Additional damages. After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

**(e)** Special masters.

**(1)** In general. The courts of the United States may appoint special masters to hear damage claims brought under this section.

**(2)** Transfer of funds. The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (42 U.S.C. 10603c), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs.

**(f)** Appeal. In an action brought under this section, appeals from orders not conclusively ending the litigation may only be taken pursuant to section 1292(b) of this title [28 USCS § 1292(b)].

**(g)** Property disposition.

**(1)** In general. In every action filed in a United States district court in which jurisdiction is alleged under this section, the filing of a notice of pending action pursuant to this section, to which is attached a copy of the complaint filed in the action, shall have the effect of establishing a lien of lis pendens upon any real property or tangible personal property that is—

**(A)** subject to attachment in aid of execution, or execution, under section 1610 [28 USCS § 1610];

**(B)** located within that judicial district; and

**(C)** titled in the name of any defendant, or titled in the name of any entity controlled by any defendant if such notice contains a statement listing such controlled entity.

**(2)** Notice. A notice of pending action pursuant to this section shall be filed by the clerk of the district court in the same manner as any pending action and shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant.

**(3)** Enforceability. Liens established by reason of this subsection shall be enforceable as provided in chapter 111 of this *title [28 USCS §§ 1651* et seq.].

**(h)** Definitions. For purposes of this section—

**(1)** the term "aircraft sabotage" has the meaning given that term in Article 1 of the Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation;

**(2)** the term "hostage taking" has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages;

**(3)** the term "material support or resources" has the meaning given that term in section 2339A of title 18;

**(4)** the term "armed forces" has the meaning given that term in section 101 of title 10;

**(5)** the term "national of the United States" has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (*8 U.S.C. 1101(a)(22)*);

**(6)** the term "state sponsor of terrorism" means a country the government of which the Secretary of State has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (*50 U.S.C. App. 2405(j)* [*50 USCS § 4605(j)*]), section 620A of the Foreign Assistance Act of 1961 (*22 U.S.C. 2371*), section 40 of the Arms Export Control Act (*22 U.S.C. 2780*), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism; and

**(7)** the terms "torture" and "extrajudicial killing" have the meaning given those terms in section 3 of the Torture Victim Protection Act of 1991 (*28 U.S.C. 1350* note).

### § 1605B. Responsibility of foreign states for international terrorism against the United States

**(a)** Definition. In this section, the term "international terrorism"

**(1)** has the meaning given the term in *section 2331 of title 18, United States Code*; and

**(2)** does not include any act of war (as defined in that section).

**(b)** Responsibility of foreign states. A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which money damages are sought against a foreign state for physical injury to person or property or death occurring in the United States and caused by

**(1)** an act of international terrorism in the United States; and

**(2)** a tortious act or acts of the foreign state, or of any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, regardless where the tortious act or acts of the foreign state occurred.

(c) Claims by nationals of the United States. Notwithstanding section 2337(2) of title 18 [*18 USCS § 2337(2)*], a national of the United States may bring a claim against a foreign state in accordance with section 2333 of that *title [18 USCS § 2333*] if the foreign state would not be immune under subsection (b).

(d) Rule of construction. A foreign state shall not be subject to the jurisdiction of the courts of the United States under subsection (b) on the basis of an omission or a tortious act or acts that constitute mere negligence.

## 28 USCS § 1606
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1606. Extent of liability

As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter [28 USCS § 1605 or 1607], the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

## 28 USCS § 1607
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1607. Counterclaims

In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim—

(a) for which a foreign state would not be entitled to immunity under section 1605 or 1605A of this chapter [28 USCS § 1605 or 1605A] had such claim been brought in a separate action against the foreign state; or

(b) arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

(c) to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.

## 28 USCS § 1608
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1608. Service; time to answer; default

(a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

(2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

(3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

(4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

(b) Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

(2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized

by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

**(3)** if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state

**(A)** as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

**(B)** by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

**(C)** as directed by order of the court consistent with the law of the place where service is to be made.

**(c)** Service shall be deemed to have been made—

**(1)** in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and

**(2)** in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

**(d)** In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

**(e)** No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

## 28 USCS § 1609
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1609. Immunity from attachment and execution of property of a foreign state

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] the property in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter [28 USCS §§ 1610 and 1611].

## 28 USCS § 1610
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1610. Exceptions to the immunity from attachment or execution

**(a)** The property in the United States of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

**(1)** the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

**(2)** the property is or was used for the commercial activity upon which the claim is based, or

**(3)** the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

**(4)** the execution relates to a judgment establishing rights in property

**(A)** which is acquired by succession or gift, or

**(B)** which is immovable and situated in the United States: *Provided,* That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

**(5)** the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment, or

**(6)** the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement, or

**(7)** the judgment relates to a claim for which the foreign state is not immune under section 1605A [28 USCS § 1605A] or section 1605(a)(7) [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved with the act upon which the claim is based.

**(b)** In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be

immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act if—

**(1)** the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

**(2)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a)(2), (3), or (5) or 1605(b) of this chapter [28 USCS § 1605(a)(2), (3), or (5), or 1605(b)], regardless of whether the property is or was involved in the act upon which the claim is based, or

**(3)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605A of this chapter [28 USCS § 1605A] or section 1605(a)(7) of this chapter [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved in the act upon which the claim is based.

**(c)** No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter [28 USCS § 1608(e)].

**(d)** The property of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if—

**(1)** the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

**(2)** the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

**(e)** The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d) [28 USCS § 1605(d)].

**(f)** (1) (A) Notwithstanding any other provision of law, including but not limited to section 208(f) of the Foreign Missions Act (22 U.S.C. 4308(f)), and except as provided in subparagraph (B), any property with respect to which financial transactions are prohibited or regulated pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b) [50 USCS § 4305(b)]), section 620(a) of the Foreign Assistance Act of 1961 (22 U.S.C. 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701-1702), or any other proclamation, order, regulation, or license issued pursuant thereto, shall be subject to execution or attachment in aid of execution of any judgment relating to a claim for which a foreign state (including any agency or instrumentality or such state) claiming such

property is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A].

    **(B)** Subparagraph (A) shall not apply if, at the time the property is expropriated or seized by the foreign state, the property has been held in title by a natural person or, if held in trust, has been held for the benefit of a natural person or persons.

    **(A)** At the request of any party in whose favor a judgment has been issued with respect to a claim for which the foreign state is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A], the Secretary of the Treasury and the Secretary of State should make every effort to fully, promptly, and effectively assist any judgment creditor or any court that has issued any such judgment in identifying, locating, and executing against the property of that foreign state or any agency or instrumentality of such state.

    **(B)** In providing such assistance, the Secretaries

    **(i)** may provide such information to the court under seal; and

    **(ii)** should make every effort to provide the information in a manner sufficient to allow the court to direct the United States Marshall's office to promptly and effectively execute against that property.

    **(3)** Waiver. The President may waive any provision of paragraph (1) in the interest of national security.

    **(g)** Property in certain actions.

    **(1)** In general. Subject to paragraph (3), the property of a foreign state against which a judgment is entered under section 1605A [28 USCS § 1605A], and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of

    **(A)** the level of economic control over the property by the government of the foreign state;

    **(B)** whether the profits of the property go to that government;

    **(C)** the degree to which officials of that government manage the property or otherwise control its daily affairs;

    **(D)** whether that government is the sole beneficiary in interest of the property; or

    **(E)** whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

    **(2)** United States sovereign immunity inapplicable. Any property of a foreign state, or agency or instrumentality of a foreign state, to which paragraph (1) applies shall

not be immune from attachment in aid of execution, or execution, upon a judgment entered under section 1605A [28 USCS § 1605A] because the property is regulated by the United States Government by reason of action taken against that foreign state under the Trading With the Enemy Act [50 USCS Appx §§ 1 et seq.] or the International Emergency Economic Powers Act [50 USCS §§ 1701 et seq.].

(3)  Third-party joint property holders. Nothing in this subsection shall be construed to supersede the authority of a court to prevent appropriately the impairment of an interest held by a person who is not liable in the action giving rise to a judgment in property subject to attachment in aid of execution, or execution, upon such judgment.

## 28 USCS § 1611
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1611. Certain types of property immune from execution

(a)  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

(b)  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution, if—

(1)  the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

(2)  the property is, or is intended to be, used in connection with a military activity and

(A)  is of a military character, or

(B)  is under the control of a military authority or defense agency.

(c)  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution in an action brought under section 302 of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 [22 USCS § 6082] to the extent that the property is a facility or installation used by an accredited diplomatic mission for official purposes.

## یک.   *1330 § USCS 28*

جاری از طریق PL. 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 115-97.

*خدمت قانون ایالات متحده - عناوین 1 تا 54> عنوان 28. دادرسی و رویه دادرسی> بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 85. دادگاههای ناحیه؛ صلاحیت قضایی*

## § 1330. اقدام علیه دولت‌های خارجی.

**(a)**   دادگاه‌های ناحیه صلاحیت قضایی اولیه را بدون توجه به مبلغ محل اختلاف در هرگونه اقدام مدنی بدون هیئت منصفه علیه یک دولت خارجی دارند که در بخش 1603(a) این ـــ / 28 USCS § 1603(a) ] تعریف شده است چنانچه ادعای ترضیه خاطر شخصی به صورتی باشد که حکومت خارجی در برابر آن مشمول مصونیت بر اساس بخش‌های 1605-1607 این ـــ / 1605-1607 §§ USCS 28 ] یا هرگونه موافقتنامه بین‌المللی نباشد.

**(b)**   در هر دعوی ترضیه خاطر که دادگاه‌های ناحیه در آن زمینه بر اساس زیربخش (a) صلاحیت قضایی دارند، باید صلاحیت شخصی در مورد یک دولت خارجی نیز وجود داشته باشد چنانچه ابلاغ بر اساس بخش 1608 این ـــ / 1608 § USCS 28 ] انجام شده باشد.

**(c)**   در خصوص اهداف زیربخش (b)، حضور دولت خارجی موید صلاحیت شخصی در خصوص هرگونه دعوی ترضیه خاطر نیست که از هرگونه تعامل یا رخداد برشمرده شده در بخش‌های 1605-1607 این ـــ / 1605 §§ USCS 28 -1607] ناشی شده باشد.

## دو.   *28 USCS § 1391*

جاری از طریق PL. 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 115-97.

*خدمت قانون ایالات متحده - عناوین 1 تا 54> عنوان 28. دادرسی و رویه دادرسی> بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 87. دادگاه‌های ناحیه؛ محل اقامه دعوی*

## § 1391. کلیات محل اقامه دعوی

**(f)** اقدام‌های مدنی علیه یک دولت خارجی. طرح اقدام مدنی علیه یک دولت خارجی که در بخش 1603(a) این ـــ/ 28 USCS § 1603(a) ] تعریف شده قابل انجام است-

**(1)**   در هر ناحیه قضایی که بخش عمده رویدادها یا ترک افعال منجر به طرح دعوی در آنجا اتفاق افتاده باشد، یا بخش قابل توجهی از دارایی‌هایی که مشمول اقدام است در آنجا قرار گرفته باشد؛

**(2)**   در هر ناحیه قضایی که کشتی یا محموله یک دولت خارجی در آنجا واقع شده است، چنانچه ادعا بر اساس بخش 1605(b) این ـــ/ 1605(b) § USCS 28 ] مطرح شده باشد؛

**(3)**   در هر ناحیه قضایی که سازمان یا نهاد دارای مجوز کسب و کار در آنجا است یا در حال انجام کسب و کار در آنجا است، در صورتی که اقدام علیه یک دولت خارجی تعریف شده در بخش 1603(b) این ـــ/ 28 USCS § 1603(b) ] مطرح شده باشد؛ یا

**(4)** در دادگاه ناحیه‌ای ایالات متحده جهت ناحیه کلمبیا در صورتی که اقدام علیه یک دولت خارجی یا زیربخش

سیاسی ان صورت گیرد.

## *1441 § USCS 28*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 89. دادگاه‌های ناحیه؛ انتقال پرونده‌ها از دادگاه‌های ایالتی*

### § 1441. انتقال اقدام‌های مدنی

**(d)** اقدام علیه دولت‌های خارجی. هر دعوی مدنی که در یک دادگاه ایالتی علیه یک دولت خارجی مطابق تعریف شده بخش 1603(a) این ـ ـ ـ [28 USCS § 1603*a*] مطرح شود می‌تواند توسط دولت خارجی به دادگاه ناحیه ایالات متحده برای ان ناحیه و بخشی منتقل شود که محلی را که اقدام در دست انجام است پوشش می‌دهد. اقدام در صورت انتقال باید توسط دادگاه و بدون هیئت منصفه مورد رسیدگی قرار گیرد. در صورتی که انتقال بر اساس این زیربخش باشد، محدودیت‌های زمانی بخش 1446(b) این فصل [28 USCS § 1446*b*] را می‌توان در هر زمان و بنا به علت اثبات شده، تمدید کرد.

## *1602 § 28 USCS*
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54*
*عنوان 28. دادرسی و رویه دادرسی ـ بخش چهارم. صلاحیت قضایی و*
*محل اقامه دعوی، فصل 97.*
*مصونیت‌های قضائی دولت‌های خارجی*

### § 1602. یافته‌ها و اعلام هدف

کنگره به این نتیجه رسیده است که تصمیم‌گیری دادگاه‌های ایالات متحده در خصوص دعاوی دولت‌های خارجی در خصوص مصونیت از صلاحیت قضایی چنین دادگاه‌هایی به نفع عدالت است و از حقوق دولت‌های خارجی و دادخواهان در دادگاه‌های ایالات متحده محافظت می‌کند. طبق قوانین بین‌المللی، کشورها تا آنجا که به فعالیت‌های تجاری آنها مربوط می‌شود از صلاحیت قضایی دادگاه‌های خارجی مصون نیستند و امکان توقیف دارایی‌های تجاری انها برای اجرای احکامی که علیه انها در ارتباط با فعالیت‌های تجاری‌شان صادر شده، وجود دارد. بنابراین لازم است از این پس دعاوی دولت‌های خارجی در خصوص مصونیت توسط دادگاه‌های ایالات متحده و ایالات مطابق با اصول مندرج در این فصل [28 USCS §§ *1602 et seq*.] تعیین شود.

صفحه 3 از 18

<div dir="rtl">

**_1603 § 28 USCS_**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54**
**عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97.**
**مصونیت‌های قضایی دولت‌های خارجی**

**§1603. تعاریف**

برای اهداف این فصل [et seq 28 USCS §§ 1602].

**(a)** یک "دولت خارجی"، به استثنای معنای مستفاد ان در بخش 1608 این عنوان [§ 28 USCS 1608]، شامل تقسیمات سیاسی یک دولت خارجی یا یک سازمان یا نهاد دولتی خارجی است که در زیربخش (b) تعریف شده است.

**(b)** یک "سازمان یا نهاد دولت خارجی" به معنای نهادی است ـ

**(1)** که یک شخص حقوقی جداگانه، شرکتی یا غیره است، و

**(2)** یک ارگان دولت خارجی یا زیربخش سیاسی ان است، یا اکثریت سهام یا منافع مالکیت دیگر ان متعلق به حکومت خارجی یا زیربخش سیاسی ان است، و

**(3)** که شهروند دولت ایالات متحده بنا به تعریف بخش (1332(c) و (e) این عنوان [§ 28 USCS 1332(c) و (e)] نبوده و تحت قوانین کشور ثالثی ایجاد نشده باشد.

**(c)** "ایالات متحده" شامل تمام قلمرو و ابها، اعم از قاره‌ای یا جزیره‌ای است که تحت حاکمیت ایالات متحده قرار دارند.

**(d)** "فعالیت تجاری" به معنای یک روند عادی رفتار تجاری یا یک معامله یا اقدام خاص تجاری است. ماهیت تجاری یک فعالیت باید با توجه به ماهیت روند رفتار یا معامله یا اقدام خاص، و نه با ارجاع به هدف ان تعیین شود.

**(e)** یک "فعالیت تجاری انجام شده در ایالات متحده توسط یک دولت خارجی" به معنای فعالیت تجاری است که توسط چنان کشوری انجام شده و ارتباط قابل ملاحظه‌ای با ایالات متحده دارد.

**28 USCS § 1604**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28.**
**دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

**§ 1604. مصونیت یک دولت خارجی در برابر صلاحیت قضایی**

یک دولت خارجی، مشروط به توافقتنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از صلاحیت قضایی دادگاه‌های ایالات متحده و ایالات مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1605-1607 این فصل [§§ 28 USCS 1605-16071].

**28 USCS § 1605**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28.**
**دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

</div>

## 1605 §. استثنائات عمومی در مورد مصونیت قضایی یک دولت خارجی

(a) یک دولت خارجی نباید از صلاحیت دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای مصون باشد-

(1) که در آن دولت خارجی به صراحت با به مابعد از مصونیت خود چشم‌پوشی کرده است، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛

(2) که در آن اقدام بر اساس فعالیت تجاری انجام شده توسط دولت خارجی در ایالات متحده است؛ یا بر اساس یک عمل انجام شده در ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر است؛ یا بر اساس عملی خارج از قلمروی ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر بوده و این عمل دارای تأثیر مستقیمی در ایالات متحده است؛

(3) که در آن مسئله مربوط به اموالی مطرح است که با نقض حقوق بین‌المللی در اختیار گرفته شده است و آن دارایی یا هرگونه دارایی مبادله شده با دارایی مذکور در ایالات متحده بوده و در ارتباط با فعالیت تجاری انجام شده در ایالات متحده توسط دولت خارجی باشد؛ یا آن دارایی یا دارایی مبادله شده به از ای آن دارایی تحت تملک یا اداره سازمان یا نهاد دولت خارجی است و این سازمان یا نهاد به فعالیت تجاری در ایالات متحده می‌پردازد؛

(4) که در آن حقوق دارایی در ایالات متحده از طریق جانشینی یا هدیه به دست آمده باشد یا مسئله حق مالکیت دارایی‌های منقول در ایالات متحده مطرح باشد؛

(5) به شکل دیگری در بند (2) فوق‌الذکر تحت پوشش قرار نگرفته باشد، که در آن مسئله خسارات پولی علیه یک دولت خارجی برای صدمات شخصی یا مرگ، یا صدمه با زیان به دارایی مطرح باشد که در ایالات متحده رخ داده و ناشی از فعل یا ترک فعل شبه جرم آن دولت خارجی یا هر مقام یا کارمند آن دولت خارجی باشد در حالی که در حوزه سمت یا اشتغال خود عمل می‌کند؛ بجز اینکه این پاراگراف نباید در خصوص موارد زیر اعمال گردد --

(A) هر ادعایی که مبتنی بر اعمال یا اجرا یا عدم اعمال یا عدم اجرای عملی اختیاری باشد صرف‌نظر از اینکه اعمال اختیاری مورد سوء استفاده قرار بگیرد یا خیر، یا

(B) هرگونه ادعای ناشی از پیگرد زیانبار، سوءاستفاده از روند، افترا، توهین، تدلیس، فریب یا مداخله در حقوق قرارداد؛ یا

(6) که در آن اقدام، یا به منظور اجرای توافقنامه‌ای که توسط یک دولت خارجی با یا به نفع یک طرف خصوصی به منظور ارائه یا داوری تمام یا هرگونه اختلافاتی صورت گرفته باشد که بین طرفین در خصوص یک رابطه حقوقی تعریف شده، اعم از قراردادی یا غیرقراردادی، ایجاد شده یا ممکن است ایجاد شود و مربوط به موضوعی باشد که امکان حل و فصل آن توسط داوری بر اساس قوانین ایالات متحده وجود داشته باشد، یا برای تأیید رأی صادر شده به موجب چنین توافقی برای داوری باشد، چنانچه (A) داوری در ایالات متحده صورت بگیرد یا در نظر باشد که در آنجا صورت بگیرد؛ (B) توافقنامه یا رأی تحت حاکمیت یک پیمان یا سایر توافقنامه‌های بین‌المللی جاری در مورد ایالات متحده بوده که خواهان به رسمیت شناختن و اجرای رأی داوری باشد؛ (C) ادعای مبنایی، صرف‌نظر از موافقت یا عدم موافقت جهت داوری، می‌توانست در دادگاه ایالات متحده بر اساس این بخش یا بخش [ 28 USCS 16071 §] مطرح گردد، یا (D) بند (1) این زیربخش به شکل دیگری قابل اعمال باشد.

(b) دولت خارجی نباید در برابر صلاحیت دادگاه‌های ایالات متحده مصون باشد که در آن دادخواست مربوط به امور دریایی برای اجرای توقیف دریایی علیه کشتی یا بار دولت خارجی مطرح شده و توقیف دریایی بر اساس فعالیت تجاری دولت خارجی مذکور باشد: به شرط آنکه—

(1) ابلاغیه دادخواست با ارائه یک نسخه از احضارنامه و شکایت به شخص یا نماینده وی تحویل داده شود که مالکیت کشتی یا محموله‌ای را در اختیار دارد که توقیف دریایی مورد ادعا علیه آن مطرح شده است؛ و اگر کشتی یا محموله طبق روند صورت گرفته به نمایندگی از طرف مطرح‌کننده دادخواست ضبط شود، ابلاغ روند ضبط به منزله تحویل قابل قبول چنان ابلاغیه‌ای محسوب می‌شود، اما اگر طرف مطرح‌کننده دادخواست اطلاع واقعی یا سازنده داشته باشد که کشتی یا محموله مربوط به دولت خارجی بوده است، طرف مطرح‌کننده دادخواست در برابر هرگونه صدمه متحمل شده توسط دولت خارجی در نتیجه ضبط مسئول خواهد بود؛ و

**(2)** ابلاغیه شروع دادخواست به دولت خارجی در خصوص دادخواست که در بخش 1608 این عنوان [28 USCS § 1608] مطرح شده است ظرف ده روز یا از زمان تحویل ابلاغیه طبق بند (1) این بخش فرعی یا، در خصوص طرفی که از این مسئله آگاه نیست که کشتی یا محموله یک دولت خارجی درگیر بوده، از تاریخی که طرف مذکور وجود منافع دولت خارجی را تشخیص دهد، آغاز می‌گردد.

**(c)** هرگاه ابلاغیه مطابق با بند (1)(b) تحویل داده شود، سپس باید دادخواست توقیف دریایی مورد رسیدگی قرار گیرد و با توجه به اصول قانون و قواعد مربوط به دادخواست‌های عینی مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد. حکم علیه دولت خارجی ممکن است شامل هزینه دادخواست باشد و اگر حکم برای دریافت پول باشد، سود نیز به موجب دستور دادگاه دریافت می‌شود، به استثنای اینکه دادگاه دادخواست حکمی را علیه دولت خارجی صادر کند که مبلغ آن بیش از ارزش کشتی یا محموله‌ای باشد که توقیف دریایی در مورد آن صورت گرفته است. ارزش مذکور باید در زمان ابلاغ شدن ابلاغیه بر اساس بخش فرعی (1)(b) تعیین شود. احکام مشمول درخواست تجدید نظر و بازنگری مشابه سایر پرونده‌های دریایی و حوزه صلاحیت دریایی هستند. هیچ‌یک از مفاد نباید مانع از آن شود که خواهان در هر پرونده مناسب از درخواست غرامت شخصی در همان اقدامی که برای توقیف دریایی صورت گرفته و در این بخش ارائه شده است، منع شود.

**(d)** دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر اقدام مطرح شده برای توقیف وام رهنی ترجیحی که در بخش 31301 عنوان 46 تعریف شده است، مصون باشد. چنین اقدامی باید بر اساس مفاد فصل 313 عنوان 46 [ 46 USCS §§ 31301 et seq. in] and و همچنین بر اساس اصول قانون و و قواعد مربوط به دادخواست‌های عینی مطرح شده، مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد.

**(f) ،(e)** [منسوخ شد]

**(g)** محدودیت کشف.

**(1)** بهطور کلی.

**(A)** در خصوص بند (2)، اگر اقدامی مطرح شود که بر اساس بخش 1604 [ 28 USCS §
1604]،همچنین بخش 1605A یا بخش 1605B [1605A § 28 USCS یا 1605B] مشمول مرور زمان باشد، دادگاه باید بر اساس
درخواست دادستان کل هرگونه درخواست، تقاضا یا دستور برای کشف در ایالات متحده که بنا به گواهی دادستان کل بهطور قابل توجهی
در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد میکند و مربوط به حادثهای است که منجر به علت اقدام شده است
را متوقف نماید، تا زمانی که دادستان کل به دادگاه اطلاع دهد که درخواست، تقاضا یا دستور مذکور دیگر چنان اختلالی را ایجاد نخواهد
کرد.

**(B)** توقف صورت گرفته بر اساس این بند باید در طول دوره 12 ماهه نافذ بماند که از تاریخی
که دادگاه دستور کشف توقف را صادر میکند، آغاز گردد. دادگاه باید دستور کشف توقف را برای دورههای 12 ماهه دیگر بنا به اقدام
صورت گرفته توسط ایالات متحده تمدید کند، به شرطی که دادستان کل گواهی کند که این کشف بهطور قابل توجهی در تحقیقات جنایی یا
پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد میکند و مربوط به حادثهای است که منجر به علت اقدام شده است.

**(2)** شرط اول.

**(A)** در خصوص بند فرعی (B)، هیچ توقفی بر اساس بند (1) نباید بعد از تاریخی که 10 سال
پس از تاریخی است که منجر به طرح اقدام صورت گرفته است، اعطا شده یا نافذ بماند.

**(B)** پس از دوره مورد اشاره در بند فرعی (A)، دادگاه بنا به درخواست دادستان کل، ممکن است
هرگونه درخواست، تقاضا یا حکم برای کشف در ایالات متحده را متوقف کند چنانکه دادگاه احتمال قابل توجهی بدهد که این کار

**(i)** موجب تهدید جدی مرگ یا آسیب جدی جسمی به هر شخصی میشود؛

**(ii)** بر توانایی ایالات متحده در زمینه همکاری با سازمانهای مجری قانون خارجی و
بینالمللی در خصوص تحقیق در مورد نقض قوانین ایالات متحده تأثیر منفی بگذارد؛ یا

**(iii)** مانعی در پرونده کیفری مربوط به حادثهای ایجاد کند که موجب علت اقدام شده است
یا احتمال محکومیت در چنین پروندهای را تضعیف کند.

**(3)** ارزیابی شواهد. ارزیابی دادگاه از هر گونه درخواست توقف بر اساس این بخش فرعی که توسط
دادستان کل ارائه میشود باید به صورت غیابی و غیرحضوری انجام شود.

**(4)** منع قانونی در خصوص اقدام برای خلع. توقف کشف بر اساس این بخش فرعی باید موجب ایجاد
منع قانونی برای اقدام جهت خلع بر اساس قوانین 12(b)(6) و 56 قوانین رویه دادرسی مدنی فدرال گردد.

**(5)** رفع ابهام. هیچ یک از مفاد این بخش فرعی نباید مانع از آن شود که ایالات متحده احکام محافظتی را
دریافت کرده یا از امتیازاتی بهره بگیرد که بهطور معمول در دسترس ایالات متحده است.

**(h)** مصونیت حوزه قضایی برای برخی از فعالیتهای نمایشگاههای هنری.

**(1)** بطور کلی. اگر

**(A)** اثر وارد شده به ایالات متحده از هر دولت خارجی بر اساس توافقی که امکان به نمایش گذاشتن یا نشان دادن موقت چنین اثری را فراهم می‌سازد و بین یک دولت خارجی که صاحب یا مسئول نگهداری از چنین اثری است و ایالات متحده یا یک یا چند مؤسسه فرهنگی یا آموزشی در ایالات متحده منعقد شده است؛

**(B)** رئیس جمهور یا نماینده رئیس جمهور، مطابق با بخش فرعی (a) قانون عمومی 259-89 ((a)2459 .U.S.C 22) به این نتیجه رسیده باشد که چنین اثری دارای اهمیت فرهنگی است و به نمایش گذاشتن یا نشان دادن موقت چنین اثری به نفع مصالح ملی است؛ و

**(C)** ابلاغیه مذکور طبق بخش فرعی (a) قانون عمومی 259-89 ( .U.S.C 22 (a)2459) منتشر شده است.

هرگونه فعالیت دولت خارجی مذکور در ایالات متحده، یا نماینده آن که مرتبط با به نمایش گذاشتن یا نشان دادن موقت چنین اثری باشد نباید فعالیت تجاری دولت خارجی برای اهداف بخش فرعی (3)(a) در نظر گرفته شود.

**(2)** استثنائات.

**(A)** دعاوی دوران نازی‌ها. بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (3)(a) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

**(i)** اموال مورد نظر اثر شرح داده شده در بند (1) است؛

**(ii)** اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات دولت تحت پوشش در طول دوره تحت پوشش تملک شده است؛

**(iii)** دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش USCS 28] 1603(d) § 1603(d)] تعریف شده است؛ و

**(iv)** تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (3)(a) ضروری است.

**(B)** سایر آثار دارای اهمیت فرهنگی. علاوه بر موارد مستثنی شده بر اساس بند فرعی (A)، بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (3)(a) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

**(i)** اموال مورد نظر اثر شرح داده شده در بند (1) است؛

**(ii)** اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات حکومت خارجی به عنوان بخشی از اقدام نظام‌مند در زمینه مصادره قهرآمیز یا ضبط آثار از اعضای یک گروه هدفمند و آسیب‌پذیر تملک شده است؛

**(iii)** تملک پس از سال 1900 رخ داده است؛

**(iv)** دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش (d)1603 [(d)1603 § 28 USCS] تعریف شده است؛ و

**(v)** تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (3)(a) ضروری است.

**(3)** تعاریف. برای اهداف این بخش فرعی

**(A)** اصطلاح "اثر" به معنی اثر هنری یا شیء واجد اهمیت فرهنگی دیگر است؛

**(B)** اصطلاح "دولت تحت پوشش" یعنی

**(i)** دولت آلمان در طول دوره تحت پوشش؛

**(ii)** هر دولتی در هر منطقه‌ای در اروپا که توسط نیروهای نظامی دولت آلمان طی دوره تحت پوشش اشغال شده بود؛

**(ii)** هر دولتی در اروپا که که با کمک یا همکاری دولت آلمان طی دوره تحت پوشش اشغال شده بود؛ و

**(iv)** هر دولتی در اروپا که متحد دولت آلمان طی دوره تحت پوشش بود؛ و

**(C)** اصطلاح "دوره تحت پوشش" به معنای دوره‌ای است که از 30 ژانویه 1933 شروع شده و در 8 می 1945 به پایان می‌رسد.

---

## § 1605A استثنای تروریسم در مورد مصونیت قضایی یک دولت خارجی

**(a)** بطور کلی.

**(1)** عدم مصونیت. دولت خارجی نباید در برابر صلاحیت قضایی دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای که به شکل دیگری در این فصل تحت پوشش قرار نگرفته مصون باشد که خسارت پولی برای صدمه شخصی یا مرگ ناشی از عمل شکنجه، قتل فراقضایی، خرابکاری در هواپیما، گروگانگیری، یا ارائه منابع یا حمایت عمده برای چنین اقدامی خواستار شده بود چنانچه اقدام مذکور یا ارائه حمایت مالی یا منابع مذکور توسط یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صورت گرفته باشد.

**(2)** استماع دعاوی. دادگاه باید در صورتی به استماع دعاوی بر اساس این بخش بپردازد که—

**(A)** (1) (i) دولت خارجی به عنوان کشور حامی تروریسم معرفی شده باشد و این مسئله در زمان رخ دادن عمل شرح داده شده در بند (1) صورت گرفته باشد یا در نتیجه چنان عملی مشمول عنوان مذکور شده باشد و مشروط به ماده فرعی (II) یا در هنگام ارائه دعوی بر اساس این بخش یا 6 ماه قبل از ارائه دعوی بر اساس این بخش چنین عنوانی را داشته باشد؛ یا

**(II)** در صورتی که اقدام مجدداً به دلیل بخش (A)(2)(c)1083) قانون مجوز دفاع ملی سال مالی 2008 مطرح می‌شود [تبصره این بخش] یا بر اساس این بخش به دلیل بخش (3)(c)1083) ان قانون مطرح می‌گردد [تبصره این بخش]، دولت خارجی به عنوان کشور حامی تروریسم و در زمانی تعیین شده باشد که اقدام اصلی یا اقدام مربوطه بر اساس بخش (7)(a)1605) [_28 USCS § 1605(a)(7_] (که قبل از تصویب این بخش نافذ بوده [تاریخ تصویب 28 ژانویه 2008]) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش (c)101) قسمت A قانون عمومی 104-208 [_28 USCS § 1605_] تبصره] مطرح شده باشد؛

**(ii)** مدعی یا قربانی در زمان رخ دادن اقدام شرح داده شده در پاراگراف (1)—

    **(I)**    تبعه ایالات متحده باشد؛

    **(II)**    عضو نیروهای مسلح باشد؛ یا

    **(III)**    به شکلی دیگر کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ و

    **(IV)**    در صورتی که اقدام در دولت خارجی صورت گرفته باشد که علیه وی دعوی اقامه شده است، به دولت خارجی فرصتی معقول برای داوری در خصوص ادعا به موجب قوانین پذیرفته شده داوری بین‌المللی داده شود؛ یا

  **(B)** اقدامات شرح داده شده در بند (1) مربوط به پرونده شماره (EGS) 1:00CV03110) دادگاه ناحیه‌ای برای ناحیه کلمبیای ایالات متحده باشد.

    **(b)** محدودیت‌ها. اقدام در صورتی می‌تواند بر اساس این بخش مطرح شده یا حفظ گردد که اغاز اقدام، یا اقدام مربوطه بر اساس بخش (7)(a)1605) (قبل از تاریخ تصویب این بخش) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش

(c) 101) قسمت A قانون عمومی 104-208) [_28 USCS § 1605_ تبصره] نباید بعد از آخرین مورد از تاریخ‌های زیر باشد-

    **(1)**    10 سال پس از 24 اوریل 1996؛ یا

    **(2)**    10 سال پس از تاریخی که در ان علت اقدام پدید می‌آید.

    **(c)** حق خصوصی اقدام. دولت خارجی که بر اساس توضیحات بند فرعی (i)(A)(2)(a) کشور حامی تروریسم است، و یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، در این موارد مسئولیت دارد-

    **(1)**    تبعه ایالات متحده باشد،

    **(2)**    یک عضو نیروهای مسلح باشد،

    **(3)**    یک کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ یا

**(4)** نماینده قانونی شخص شرح داده شده در بندهای (2) ،(1)، یا (3)، برای صدمه شخصی یا مرگ ناشی از اعمال شرح داده شده در بخش (a)(1) دولت خارجی، یا مقام رسمی، کارمند یا نماینده دولت خارجی که دادگاه‌های ایالات متحده صلاحیت لازم بر اساس این بخش را برای دریافت خسارت پولی دارند. در چنین اقدامی، خسارت ممکن است شامل زیان‌های اقتصادی، جبران خسارت، درد و رنج، و جبران خسارت تنبیهی باشد. در چنین اقدامی، یک دولت خارجی نهایتاً به ازای اعمال مقامات، کارکنان، یا عوامل خود مسئول است.

**(d)** خسارت‌های بیشتر. پس از طرح اقدام بر اساس بند فرعی (c)، امکان طرح اقدام مربوط به از دست رفتن قابل پیش‌بینی اموال، اعم از بیمه شده یا بیمه نشده، مسئولیت شخص ثالث، و دعاوی زیان بر اساس بیمه‌نامه عمر و اموال، به دلیل مشابهی که اقدام بر اساس بخش فرعی (c) بر آن مبتنی است، وجود دارد.

**(e)** سرپرستان ویژه.

**(1)** [1] بطور کلی. دادگاه‌های ایالات متحده می‌توانند سرپرستان ویژه‌ای را برای استماع دعاوی خسارت مطرح شده بر اساس این بخش تعیین کنند.

**(2)** انتقال وجوه. دادستان کل باید وجوه موجود برای برنامه بر اساس بخش 1404C قانون قربانیان جرم سال 1984 (*42 U.S.C. 10603c*)، را به مدیر دادگاه ناحیه‌ای ایالات متحده که هر پرونده‌ای مورد رسیدگی مطرح شده یا حفظ شده بر اساس این بخش در آنجا مورد رسیدگی قرار می‌گیرد و بنا به نیاز برای پوشش هزینه‌های سرپرستان ویژه منصوب بر اساس بند (1) منتقل نماید. هر مبلغی که به عنوان حق الزحمه به هر یک از این سرپرستان ویژه پرداخت می‌شود باید به عنوان هزینه‌های دادگاه تلقی شود.

**(f)** درخواست تجدید نظر. در اقدام مطرح شده بر اساس این بخش، درخواست‌های تجدید نظر مربوط به احکامی که بطور قطعی به دادرسی خاتمه نمی‌دهند تنها باید مطابق با بخش 1292(b) این عنوان [*28 USCS § 1292(b)*] مطرح گردد.

**(g)** مقررات مربوط به اموال.

**(1)** بطور کلی. در هر اقدامی که در یک دادگاه ناحیه‌ای ایالات متحده مطرح شده و صلاحیت قضایی آن بر اساس این بخش ادعا شده است، ارائه ابلاغیه اقدام در دست بررسی بر اساس این بخش که یک نسخه از شکایت ارائه شده در اقدام به آن پیوست باشد، باید دارای تأثیر توقیف دعوای مطروحه در خصوص هر ملک و یا دارایی شخصی منقول باشد که—

**(A)** مشمول ضبط برای کمک به اجرا، یا اجرا بر اساس بخش 1610 [*28 USCS § 1610*] باشد؛

**(B)** در آن ناحیه قضایی واقع شده باشد؛ و

**(C)** سند آن به نام هر یک از خواندها ثبت شده باشد، یا سند آن به نام هر نهادی ثبت شده باشد که تحت کنترل هر یک از خواندها است، در صورتی که چنان ابلاغیه‌ای شامل لیست آن نهاد تحت کنترل باشد.

**(2)** ابلاغیه. ابلاغیه اقدام در دست بررسی مطابق با این بخش باید توسط منشی دادگاه ناحیه و به همان شیوه‌ای ثبت شود که در مورد تمام اقدامات در دست بررسی صورت می‌گیرد و باید لیست همه خواندده‌های نامبرده و تمام نهادهای تحت کنترل هر خوانده به آن پیوست باشد.

**(3)** قابلیت اجرا. توقیف‌های اثبات شده بر اساس این بخش فرعی باید طبق مفاد فصل 111 این *عنوان [28 USCS §§ 1651 et seq.]* قابل اجرا باشد.

**(h)** تعاریف. برای اهداف این بخش-

**(1)** اصطلاح "خرابکاری در هواپیما" دارای معنای ذکر شده برای این اصطلاح در ماده 1 کنوانسیون سرکوب اعمال غیرقانونی علیه ایمنی حمل و نقل هوایی غیرنظامی است؛

**(2)** اصطلاح "گروگان‌گیری" دارای معنایی است که در ماده (1) کنوانسیون بین‌المللی علیه گروگان‌گیری به آن داده شده است؛

**(3)** اصطلاح "حمایت مادی یا منابع" دارای معنای ذکر شده برای این اصطلاح در بخش 2339A عنوان 18 است؛

**(4)** اصطلاح "نیروهای مسلح" دارای معنای ذکر شده برای این اصطلاح در بخش 101 عنوان 10 است؛

**(5)** اصلاح "تبعه ایالات متحده" دارای معنای ذکر شده برای این اصطلاح در بخش 101(a)(22) قانون مهاجرت و تابعیت *(8 U.S.C. 1101(a)(22))* است.

**(6)** اصطلاح "کشور حامی تروریسم" به معنای کشوری است که دولت آن توسط وزیر امور خارجه بر اساس اهداف بخش 6(j) قانون مدیریت صادرات 1979 *(50 U.S.C. App. 2405(i) [50 USCS § 46050])*، بخش 620A قانون کمک خارجی 1961 *(22 U.S.C. 2371)*، بخش 40 قانون کنترل صادرات اسلحه *(22 U.S.C. 2780)*، یا هر مفاد قانونی دیگری، به‌عنوان دولتی تعیین شده که مکرراً از اقدامات تروریستی بین‌المللی حمایت کرده است؛ و

**(7)** اصطلاح "شکنجه" و "قتل فراقضایی" عبارت است از معنای ذکر شده برای این اصطلاحات در بخش 3 قانون حفاظت از قربانی در برابر شکنجه سال 1991 *(28 U.S.C. 1350* تبصره).

### § 16Q5B. مسئولیت دولت‌های خارجی در خصوص تروریسم بین‌المللی علیه ایالات متحده

**(a)** تعریف. در این بخش، عبارت "تروریسم بین‌المللی"

**(1)** دارای معنی ذکر شده برای این اصطلاح در *بخش 2331 عنوان 18، قانون ایالات متحده* است؛ و

**(2)** شامل هیچ‌گونه اقدام جنگی نمی‌شود (چنانکه در آن بخش تعریف شده است).

**(b)** مسئولیت دولت‌های خارجی. یک دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن درخواست خسارات پولی علیه یک دولت خارجی در خصوص آسیب جسمی به فرد یا اموال یا مرگ در ایالات متحده رخ داده و ناشی از موارد زیر باشد

**(1)** یک اقدام تروریستی بین‌المللی در ایالات متحده؛ و

**(2)** یک عمل شبه جرم یا اقدامات دولت خارجی یا هر مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صرف‌نظر از جایی که عمل شبه جرم یا اعمال دولت خارجی رخ داده باشد.

**(c)** دعاوی اتباع ایالات متحده. علی‌رغم بخش 2337(2) عنوان 18 *[2](2337 § USCS 18]،* یک تبعه ایالات متحده می‌تواند اقدامی را علیه دولت خارجی مطابق با بخش 2333 ان *عنوان [2333 § USCS 18]* مطرح کند، به شرطی که دولت خارجی بر اساس بخش فرعی (b) مصون نباشد.

**(d)** قاعده رفع ابهام. دولت خارجی نباید مشمول صلاحیت قضایی دادگاه‌های ایالات متحده بر اساس بخش فرعی (b) بر اساس ترک فعل یا عمل یا اعمال شبه جرم باشد که صرفاً به منزله سهل‌انگاری است.

<div align="center">

**28 USCS § 1606**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

</div>

**§1606. میزان مسئولیت**

در خصوص هر ادعای جبران خسارت که در خصوص ان دولت خارجی بر اساس بخش 1605 یا 1607 این فصل [1605 § USCS 28 یا 1607] از مصونیت برخوردار نیست، دولت خارجی باید به همان شیوه و به همان اندازه یک فرد خصوصی در شرایط مشابه مسئول تلقی شود؛ اما دولت خارجی، بجز سازمان یا نهاد ان نباید در قبال خسارات تنبیهی مسئول باشد؛ با این حال، اگر در هر پرونده‌ای که در ان مرگ رخ داده باشد، قانون محلی که فعل یا ترک فعل در انجا رخ داده مجاز بداند، یا بنا به تفسیر مجاز بداند فقط خسارات دارای ماهیت تنبیهی پرداخت شود، دولت خارجی مسئول خسارت واقعی یا جبرانی سنجیده شده بر اساس اسیب‌های مالی ناشی از چنان مرگی توسط افرادی است که اقدام به نفع انها مطرح شده است.

<div align="center">

**28 USCS § 1607**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

</div>

**§ 1607. دعاوی متقابل**

در هر اقدامی که توسط یک دولت خارجی مطرح شده یا در ان یک دولت خارجی دخالت کند، در دادگاه ایالات متحده یا یک ایالت، دولت ایالات متحده نباید از مصونیت در برابر هر گونه دعوی متقابل برخوردار شود-

**(a)** که در قبال ان یک دولت خارجی مشمول مصونیت بر اساس بخش 1605 یا 1605A این فصل نیست [ 28 USCS § 1605 یا 1605A] چنانچه چنان ادعایی در یک اقدام جداگانه علیه ان دولت خارجی مطرح می‌شد؛ یا

**(b)** ناشی از تعامل یا رخدادی باشد که موضوع ادعای دولت خارجی باشد؛ یا

(c) تا حدی که دعوی متقابل در پی دریافت خسارت مازاد بر مبلغ یا متفاوت از حیث نوع با آنچه که مد نظر دولت خارجی است نباشد.

## 28 USCS § 1608
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

### § 1608. ابلاغ؛ مهلت پاسخگویی؛ محاکمه غیابی

(a) در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک دولت خارجی یا زیربخش سیاسی یک دولت خارجی باید به این ترتیب صورت بگیرد:

(1) با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و دولت خارجی یا زیربخش سیاسی آن؛ یا

(2) اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

(3) اگر ابلاغ را نتوان بر اساس بندهای (1) یا (2) انجام داد، با ارسال یک نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به رئیس وزارت امور خارجه دولت خارجی مربوطه و ارسال توسط منشی دادگاه، یا

(4) اگر ابلاغ را نتوان ظرف مدت 30 روز بر اساس بند (3) انجام داد، با ارسال دو نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به وزیر امور خارجه در واشنگتن، ناحیه کلمبیا، قابل توجه مدیر خدمات کنسولی ویژه و ارسال توسط منشی دادگاه، و وزیر امور خارجه باید یک نسخه از اوراق را از طریق کانال‌های دیپلماتیک به دولت خارجی ارسال نماید و باید یک نسخه گواهی شده یادداشت دیپلماتیک که نشان می‌دهد اوراق منتقل شده‌اند را برای منشی دادگاه ارسال نماید.

"ابلاغیه اقامه دعوی" چنانکه در این بخش فرعی استفاده شده است به معنی ابلاغیه‌ای است که خطاب به یک دولت خارجی و طبق شکل تجویز شده توسط وزیر امور خارجه بنا به مقررات باشد.

(b) در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک سازمان یا نهاد اجرایی یک دولت خارجی باید به این ترتیب صورت بگیرد:

(1) با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و آن سازمان یا نهاد اجرایی؛ یا

(2) اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت یا به یک مسئول، مدیر یا نماینده عمومی، یا به هر نماینده مجاز دیگر منصوب شده یا تعیین شده توسط قانون برای دریافت ابلاغ روند در ایالات متحده؛ یا مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

(3) اگر ابلاغ را نتوان بر اساس بند (1) یا (2) انجام داد، و اگر محاسبه منطقی برای ارائه ابلاغیه واقعی صورت گرفته باشد، با تحویل یک نسخه از احضاریه و شکایت همراه با ترجمه هر یک به زبان رسمی دولت خارجی

(A) بنا به دستور مقام دولت خارجی یا زیربخش سیاسی در پاسخ به تقاضانامه یا

درخواست یا

**(B)** با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به سازمان یا نهادی که ابلاغ باید به ان صورت بگیرد و ارسال توسط منشی دادگاه، یا

**(C)** طبق دستور دادگاه و مطابق با قانون مربوط به محلی که ابلاغ باید در انجا صورت بگیرد.

**(c)** ابلاغ در موارد زیر، محقق شده تلقی خواهد شد ۔

**(1)** در صورت ابلاغ براساس بخش فرعی (4)(a)، در تاریخ انتقال ذکر شده در نسخه گواهی شده یادداشت دیپلماتیک؛ و

**(2)** در سایر موارد این بخش، براساس تاریخ دریافت ذکر شده در گواهی، رسید پستی امضا و برگردانده شده، یا مدرک ابلاغ دیگر مربوط به روش ابلاغ مورد استفاده.

**(d)** در هر اقدام مطرح شده در یک دادگاه ایالات متحده یا یک ایالت، یک دولت خارجی، یک زیربخش سیاسی ان، یا یک سازمان یا نهاد اجرایی دولت خارجی باید پاسخ یا لایحه دفاعیه به شکایت را ظرف مدت شصت روز پس از ابلاغ براساس این بخش ارائه نماید.

**(e)** محاکمه غیابی نباید توسط یک دادگاه ایالات متحده یا یک ایالت علیه یک دولت خارجی، یک زیربخش سیاسی، یا یک سازمان یا نهاد اجرایی دولت خارجی مذکور صورت بگیرد، مگر اینکه خواهان ادعا یا حق خود را درخصوص غرامت و با استفاده از شواهد مورد قبول دادگاه اثبات نماید. یک نسخه از هرگونه حکم غیابی مذکور باید براساس روش تجویز شده جهت ابلاغ در این بخش به دولت خارجی یا زیربخش سیاسی ارسال میشود.

## 28 USCS §1609
### جاری از طریق PL 115-181، تاریخ تایید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیتهای قضایی دولتهای خارجی**

### § 1609. مصونیت در برابر توقیف اموال دولت خارجی

اموال یک دولت خارجی در ایالات متحده، مشروط به توافقنامههای موجود بینالمللی که ایالات متحده در زمان تصویب این قانون عضو ان بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از توقیف و اجرای حکم مصون باشد، بجز در خصوص موارد مندرج در بخشهای 1610 و 1611 این فصل [28 USCS 55 1610 و 1611].

## 28 USCS § 1610
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

### § 1610. موارد استثنا مصونیت از توقیف یا اجرای حکم

(a)  اموال دولت خارجی در ایالات متحده بنا به تعریف بخش 1603(a) این فصل [28 USCS § 1603(a)]، که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه ـــ

(1)  دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علیرغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

(2)  از اموال برای فعالیت تجاری استفاده شده باشد یا استفاده شود که ادعا بر آن مبتنی است، یا

(3)  اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد که با نقض حقوق بین‌المللی در اختیار گرفته شده یا با اموال تملک شده با نقض حقوق بین‌المللی مبادله شده باشد، یا

(4)  اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد

(A)  که از طریق ارث یا به‌عنوان هدیه کسب شده باشد یا

(B)  غیرمنقول بوده و در ایالات متحده واقع شده باشد: به شرطی که، از این اموال برای اهداف حفظ مأموریت دیپلماتیک یا کنسولی یا اسکان رئیس چنان مأموریتی استفاده نشود، یا

(5)  اموال شامل هرگونه تعهد قراردادی یا هرگونه درآمد حاصل از چنین تعهد قراردادی برای جبران خسارت یا سلب مسئولیت از دولت خارجی یا کارکنان آن بر اساس بیمه‌نامه خودرو یا سایر موارد بیمه مسئولیت یا جراحت پوشش‌دهنده ادعایی باشد که در حکم درج شده‌اند، یا

(6)  حکم براساس دستور مؤید یک حکم داوری صادر شده علیه دولت خارجی باشد، به شرطی که توقیف برای کمک به اجرای حکم یا اجرای حکم، با هیچ یک از مفاد موافقت‌نامه داوری ناسازگار نباشد، یا

(7)  حکم مربوط به ادعایی باشد که دولت خارجی در خصوص آن بر اساس بخش 1605A [28 USCS § 1605A] یا بخش 1605(a)(7) [سابقاً 28 USCS § 1605(a)(7)] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

(b)  علاوه بر بخش فرعی (a)، هرگونه اموال یک نهاد یا سازمان یک دولت خارجی در ایالات متحده که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه ـــ

(1)  سازمان یا نهاد به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علیرغم هرگونه بازپس‌گیری چشم‌پوشی که سازمان یا نهاد می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

(2)  حکم مربوط به ادعایی باشد که نهاد یا سازمان مذکور بر اساس بخش 3)، (2)(a)(1605)، یا (5) یا 1605(b) این فصل [28 USCS 5 1605(a)(2)، (3)، یا (5)، یا 1605(b)] در برابر آن مصون نباشد، صرف‌نظر از اینکه اموال

در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر، یا

**(3)** حکم مربوط به ادعایی باشد که نهاد یا سازمان در خصوص آن طبق بخش 1605A این فصل [ 28 USCS§ 1605A] یا بخش 1605(a)(7)) این فصل [سابقاً 28 USCS § 1605(a)7] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

**(c)** توقیف یا اجرای حکم مورد اشاره در بخش‌های فرعی (a) و (b) این بخش نباید مجاز باشد مگر هنگامی که دادگاه به توقیف یا اجرای حکم مذکور دستور داده باشد چرا که به این نتیجه رسیده باشد که منطقاً زمان کافی پس از صدور حکم و ارائه ابلاغیه مورد نیاز بر اساس بخش (e)1608 این فصل [28 USCS § 1608(e)] سپری شده است.

**(d)** اموال دولت خارجی بنا به تعریف بخش 1603(a) این فصل [28 USCS § 1603(a)] که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف قبل از صدور حکم در هر اقدام مطرح شده در دادگاهی در ایالات متحده یا یکی از ایالات، یا قبل از گذشت دوره زمانی مندرج در بخش فرعی (c) این بخش مصون باشد، چنانچه ——

**(1)** دولت خارجی به صراحت از مصونیت خود پیش از حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ و

**(2)** هدف از توقیف، برآورده کردن حکمی باشد که صادر شده یا در نهایت ممکن است علیه دولت خارجی صادر شود، نه برای کسب صلاحیت قضایی.

**(e)** کشتی‌های دولت خارجی نباید از توقیف عینی، فروش بدون حق تجدید نظر و اجرای اقدامات مطرح شده برای ضبط رهن ترجیحی که در بخش 1605(d)) [28 USCS § 1605(d)] آمده است، مصون باشند.

**(f)** (A) (1) علی‌رغم سایر مفاد قانونی، از جمله اما نه محدود به بخش (208(f قانون مأموریت خارجی ( 22 U.S.C. 4308(f)، و بجز موارد استثنای مندرج در بند فرعی (B)، هرگونه اموالی که مبادلات مالی در خصوص آن ممنوع بوده یا تحت مفاد بخش 5(b) قانون تجارت با دشمن (50 U.S.C. ضمیمه 5 4305(b)) [50 USCS § 4305(b)]). بخش 620(a) قانون کمک خارجی 1961 (22 U.S.C. 2370(a))، بخش‌های 202 و 203 قانون اختیارات اقتصادی اضطراری بین‌المللی ( 50 U.S.C. 1702-1701)، یا هرگونه اعلامیه، حکم، مقررات یا مجوز صادر شده بر این مبنا باشد، باید مشمول اجرا یا توقیف جهت کمک به اجرای هر حکم مربوط به ادعایی باشد که دولت خارجی (از جمله هر سازمان یا نهاد آن کشور) مدعی باشد که اموال مذکور بر اساس بخش (7)1605(a)) [28 USCS § 1605(a)(7)] (نافذ پیش از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A] 28 USCS 5 1605A1] شامل مصونیت نیست.

**(B)** چنانچه در زمانی که اموال توسط دولت خارجی تملک شده یا در اختیار گرفته شده است، سند اموال مذکور در اختیار شخصی حقیقی بوده باشد یا در صورتی که به صورت امانی در اختیار بوده و به نفع شخص یا اشخاص حقیقی نگهداری شود، بند فرعی (A) نباید اعمال گردد.

**(A)** بنا به درخواست هر یک از طرفینی که حکم صادر شده به نفع وی بوده و چنین حکمی در خصوص ادعایی باشد که دولت خارجی در برابر آن بر اساس بخش 1605(a)(7)) [28 USCS 5 1605(a)(7)] (نافذ قبل از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A] 28 USCS § 1605A1 مصونیت نداشته باشد، وزیر خزانه‌داری و وزیر امور خارجه باید هرگونه تلاشی را به صورت کامل، سریع و مؤثر برای کمک به هر ذینفع حکم یا هر دادگاهی که چنین حکمی را صادر کرده است در زمینه شناسایی، تعیین محل و اجرای حکم علیه اموال دولت خارجی یا نهاد یا سازمان چنان دولتی مبذول نمایند.

**(B)** وزرای مذکور در ارائه چنان کمکی

**(i)** می‌توانند اطلاعات مهر و موم شده‌ای را به دادگاه ارائه نمایند؛ و

**(ii)** باید هرگونه تلاش لازم را انجام دهند تا اطلاعاتی را به طریقی فراهم سازند که واجد کفایت لازم باشد تا دادگاه بتواند به دفتر مارشال ایالات متحده دستور دهد به شکلی سریع و مؤثر علیه این اموال اقدام نماید.

**(3)** چشم‌پوشی. رئیس جمهور می‌تواند از هر یک از مفاد بند (1) برای حفظ امنیت ملی چشم‌پوشی کند.

**(g)** اموال در برخی اقدامات.

**(1)** بطور کلی. در خصوص بند (3)، اموال دولت خارجی
که بر اساس بخش 1605A [28 USCS § 1605A] حکمی علیه آن صادر شده است، و اموال
سازمان یا نهاد چنان دولتی، از جمله اموالی که در یک حوزه قضایی
جداگانه بوده یا منافعی که بطور مستقیم یا غیرمستقیم در حوزه قضایی جداگانه‌ای نگهداری می‌شود، مشمول
توقیف برای کمک به اجرای حکم و اجرای حکم ارائه شده در این بخش است،
صرف‌نظر از

**(A)** سطح کنترل اقتصادی بر اموال توسط دولت یا حکومت خارجی؛

**(B)** اینکه آیا منافع اموال در اختیار آن دولت قرار می‌گیرد یا خیر؛

**(C)** میزان مدیریت اموال یا کنترل امور روزانه آن توسط مقامات آن دولت؛

**(D)** اعم از اینکه دولت تنها ذینفع منافع آن اموال است یا خیر؛ یا

**(E)** اعم از اینکه اثبات مجزا بودن اموال موجب خواهد شد که دولت خارجی مشمول مزایایی
در دادگاه‌های ایالات متحده شده و در عین حال از تعهدات خود اجتناب کند.

**(2)** قابل اعمال نبودن مصونیت حکومت ایالات متحده. هیچ یک از اموال یک دولت خارجی، یا سازمان
یا نهاد دولت خارجی که بند (1) در مورد آن اعمال می‌شود، نباید از توقیف در کمک به اجرای حکم یا اجرای حکم
صادر شده طبق بخش 1605A [28 USCS § 1605A] مصون باشد چرا که این اموال به دلیل اقدام علیه این کشور بر اساس قانون
تجارت با دشمن [50 USCS Appx §§ 1 et seq.] یا قانون اختیارات اقتصادی اضطراری بین‌المللی [50 USCS §§ 1701 et
seq.] تحت نظارت دولت ایالات متحده قرار دارد.

**(3)** صاحبان مشترک اموال شخص ثالث. هیچ یک از مفاد این بخش نباید طوری تفسیر شود که مانع از
اختیار دادگاه برای جلوگیری صحیح از وارد شدن صدمه به منافع در اختیار شخصی گردد که در قبال اقدام منجر به حکم مربوط به
اموال مورد توقیف برای کمک به اجرای حکم یا اجرای حکم، طبق چنان حکمی مسئولیتی ندارد.

### 28 USCS §1611
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28، دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه
دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

#### §1611. برخی از انواع دارایی در برابر اجرای حکم مصون هستند

**(a)** علیرغم مفاد بخش 1610 این فصل [28 USCS § 1610]، اموال سازمان‌های تعیین شده توسط رئیس
جمهور که حق برخورداری از امتیازات، معافیت‌ها و مصونیت‌های ارائه شده بر اساس قانون مصونیت‌های سازمان‌های بین‌المللی را
دارند نباید مشمول توقیف یا هرگونه رویه قضایی شوند که موجب اختلال در ارائه وجوه به دولت خارجی یا به دستور آن در نتیجه
اقدام مطرح شده در دادگاه‌های ایالات متحده یا ایالت‌ها می‌گردد.

**(b)** علیرغم مفاد بخش 1610 این فصل [28 USCS § 1610]، اموال دولت خارجی باید از توقیف و اجرای
حکم مصون باشد، چنانچه —

**(1)** اموال متعلق به بانک مرکزی خارجی یا مقام پولی باشد که برای حساب خود آن نگهداری می‌شود،
مگر آنکه این بانک یا مقامات یا دولت خارجی مسئول آن، صریحاً از مصونیت خود از توقیف برای کمک به اجرای حکم یا اجرای

حکم چشمپوشی کرده باشند، علی رغم هرگونه بازپس گیری چشمپوشی که بانک، مقامات یا دولت می تواند برای اعمال ان ادعا کنند، بجز بر اساس شرایط چشمپوشی؛ یا

**(2)** اموال در ارتباط با فعالیت نظامی مورد استفاده قرار گیرد یا چنین قصدی وجود داشته باشد و

**(A)** دارای ماهیت نظامی باشد، یا

**(B)** تحت کنترل مقام نظامی سازمان دفاع باشد.

**(c)** علی رغم مفاد بخش 1610 این فصل [1610 § USCS 28]، اموال دولت خارجی باید از توقیف و اجرای حکم در اقدام مطرح شده بر اساس بخش 302 قانون ازادی و همبستگی دموکراتیک کوبا (LIBERTAD) سال 1996 [ USCS 22 6082 §] تا حدی که اموال مذکور جزو تأسیسات یا مراکز مورد استفاده توسط یک مأموریت دیپلماتیک مورد تأیید برای اهداف رسمی باشد، مصون تلقی گردد.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | As it relates to: 03 MDL 1570 (GBD)(SN) |
| --- | --- |

| Mary Jelnek, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Islamic Republic of Iran,<br><br>Defendant. | Civil Docket Number: 1:24-cv-05520<br>(GBD)(SN)<br><br>**AFFIDAVIT OF TRANSLATOR** |
| --- | --- |

STATE OF NEW YORK          )
                                               ) ss:
COUNTY OF NEW YORK    )

Jacqueline Yorke, being sworn, states:

1. I am an employee of TransPerfect Translations, Inc. and not a party to this action. To the best of my knowledge and belief, the provided English into Farsi translations of the following source documents are true and accurate:

    a. Request for Summons
    b. Summons
    c. Iran Short Form Complaint, dated July 22, 2024
    d. Civil Cover Sheet, dated July 22, 2024
    e. Related Case Statement
    f. Corrected Civil Cover Sheet, dated July 25, 2024
    g. Notice to Conform to Consolidated Amended Complaint, dated August 6, 2024
    h. Notice to Conform to Sudan Consolidated Amended Complaint or ASHTON Sudan Amended Complaint, dated August 6, 2024
    i. Notice of suit prepared in accordance with 22 CFR § 93.2 with a copy of 28 U.S.C. §§ 1330, 1391(f), 1441(d), and 1602-1611
    j. Affidavit of Translator

2. This request was made by Anderson Kill P.C., attorneys for the Plaintiffs in this action.

3. TransPerfect Translations, Inc., a translation organization with over one hundred (100) offices on six (6) continents, is a leader in providing professional translations, has over twenty-five (25) years of experience translating into the above language pair, and its work is accepted by business organizations, governmental authorities, and courts throughout the United States and internationally.

4. The translations of the source documents listed above were made by translator(s) who have certification in translation of Farsi with 5 years of experience in translation.

5. TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not related to any of the parties named in the source document(s).

6. Pursuant to CPLR 2101, the translation is accurate.

_____
Jacqueline Yorke, Project Manager

Sworn to before me
this  8th  day of  August , 20 24

_____
Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 27

2

دادگاه بخش ایالات متحده
ناحیه جنوب نیویورک

| چنانکه مربوط است به:(SN)(GBD) 03 MDL 1570 | مربوط به حملات تروریستی 11 سپتامبر، 2001 |
|---|---|

| شماره پرونده مدنی: (SN)(GBD) 1:24-cv-05520 | ماری جلنک (Mary Jelnek) و دیگران، |
|---|---|
| **اظهارنامه مترجم** | شاکیان، |
| | علیه |
| | جمهوری اسلامی ایران، |
| | خوانده. |

|  |  |
|---|---|
| ایالت نیویورک | ( |
| | ss: ( |
| کانتی نیویورک | ( |

ژاکلین یورک، سوگند یاد کرد و اظهار می‌دارد:

1. من کارمند شرکت Translations TransPerfect هستم و جزو طرف‌های این دعوا نیستم. تا آنجا که اطلاع و اعتقاد دارم، ترجمه‌های انگلیسی به فارسی ارائه شده اسناد منبع ذیل‌الذکر درست و دقیق هستند:

    a. درخواست احضاریه
    b. احضاریه
    c. خلاصه فرم شکایت ایران، تاریخ 22 جولای 2024
    d. برگه جلد مدنی، تاریخ 22 جولای 2024
    e. اظهارات پرونده‌های مرتبط
    f. برگه جلد مدنی تصحیح‌شده، تاریخ 25 جولای 2024
    g. اخطار برای انطباق با شکایت اصلاح‌شده تلفیقی، تاریخ 6 اگوست 2024
    h. اخطار برای انطباق با شکایت اصلاح‌شده تلفیقی سودان یا شکایت اصلاح شده آشتون سودان، تاریخ 6 اگوست 2024
    i. ابلاغیه اقامه دعوی تهیه‌شده مطابق با 93.2 § 22 CFR به همراه یک نسخه از 28 U.S.C. §§ 1330, 1391(f)، 1441(d) و 1602-1611

j. سوگندنامه مترجم

2. این درخواست را شرکت Anderson Kill P.C، وکلای خواهانهای این دعوا، ارائه کرده است.

3. شرکت TransPerfect Translations یک سازمان ترجمه با بیش از یکصد (100) دفتر در شش (6) قاره، و پیشرو در زمینه ارائه ترجمههای حرفهای است، بیش از بیست و پنج (25) سال سابقه ترجمه به جفت زبان مذکور را دارد و کارهای آن مورد قبول سازمانهای تجاری، مقامات دولتی و دادگاهها در سرتاسر ایالات متحده و در سطح بینالمللی قرار گرفته است.

4. ترجمه مدارک منبع ذکر شده در بالا توسط مترجم(هایی) انجام شده است که دارای مدرک ترجمه فارسی با 5 سال تجربه در امر ترجمه هستند.

5. شرکت TransPerfect Translations تأیید میکند که ترجمه ارائه شده بر اساس سیستمهای مدیریت کیفیت ISO 9001:2015 و ISO 17100:2015 ما صورت گرفته است و همچنین عواملی که مسئول ترجمه (های) مذکور هستند واجد شرایط ترجمه و بازنگری جفت زبان مذکور بوده و با هیچیک از طرفهای نامبرده در این سند (اسناد) ارتباطی ندارند.

6. مطابق با CPLR 2101، ترجمه دقیق است.

_[signature]_

_____
ژاکلین یورک (Jacqueline Yorke)، مدیر پروژه

نزد من سوگند یاد کرد
این ‎8‎ امین روز از ‏ اگوس‏ 24 ‎20‎،

_[signature]_

_____
دفتر اسناد رسمی

**WENDY POON**
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 2 7

[مهر:] وندی پون (WENDY POON)
دفتر اسناد رسمی – ایالت نیویورک
شماره 01PO0000184
واجد شرایط در کوئینز کانتی
کمیسیون من در 2 فوریه، 20 منقضی میشود [دستخویس:]27

2

**FedEx Express** — Package US Airbill

FedEx Tracking Number: 8182 8358 0290

Form 0200

**Sender's Copy**

**1 From** *Please print and press hard.*

Date:

Sender's FedEx Account Number: 71999 6558

Sender's Name: Clerk OF THE Court, Daniel Ortiz

Company: U. S. District Court-Southern District OF

Address: New York-OFFICE OF THE Clerk-500 Pearl St Dept./Floor/Suite/Room

City: New York   State: N.Y.   ZIP: 10007

**2 Your Internal Billing Reference**
First 24 characters will appear on invoice.

OPTIONAL

**3 To**

Recipient's Name: Sec OF State, Dir of Consular Svcs

Company: OFFICE OF Policy Rev & Interagency Liaison

Address: CCA/CCS/PRI) U.S. Dept OF State
We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address: SA-29 4th Fl, 2201 C Street Dept./Floor/Suite/Room

Use this line for the HOLD location address only or continuation of your shipping address.

City: NW Washington   State: DC   ZIP: 20520

Hold Weekday — FedEx location address REQUIRED. *NOT available for FedEx First Overnight.*

Hold Saturday — FedEx location address REQUIRED. Available ONLY for FedEx Priority Overnight and FedEx 2Day to select locations.

**4 Express Package Service** *To most locations.*

Packages up to 150 lbs.
*For packages over 150 lbs., use the FedEx Express Freight US Airbill.*

Next Business Day

☐ FedEx First Overnight — Earliest next business morning delivery to select locations. Friday shipments will be delivered on Monday unless Saturday Delivery is selected.

☐ FedEx Priority Overnight — Next business morning.* Friday shipments will be delivered on Monday unless Saturday Delivery is selected.

☐ FedEx Standard Overnight — Next business afternoon.* Saturday Delivery NOT available.

2 or 3 Business Days

☐ FedEx 2Day A.M. — Second business morning.* Saturday Delivery NOT available.

☐ FedEx 2Day — Second business afternoon.* Thursday shipments will be delivered on Monday unless Saturday Delivery is selected.

☐ FedEx Express Saver — Third business day.* Saturday Delivery NOT available.

**5 Packaging** *Declared value limit $500.*

☐ FedEx Envelope*   ☐ FedEx Pak*   ☐ FedEx Box   ☐ FedEx Tube   ☐ Other

**6 Special Handling and Delivery Signature Options** Fees may apply. See the FedEx Service Guide.

☐ Saturday Delivery — NOT available for FedEx Standard Overnight, FedEx 2Day A.M., or FedEx Express Saver.

☐ No Signature Required — Package may be left without obtaining a signature for delivery.

☐ Direct Signature — Someone at recipient's address may sign for delivery.

☐ Indirect Signature — If no one is available at recipient's address, someone at a neighboring address may sign for delivery. For residential deliveries only.

**Does this shipment contain dangerous goods?**
One box must be checked.

☐ No   ☐ Yes As per attached Shipper's Declaration   ☐ Yes Shipper's Declaration not required.   ☐ Dry Ice Dry Ice, 9, UN 1845 ___ x ___ kg   ☐ Cargo Aircraft Only

Restrictions apply for dangerous goods — see the current FedEx Service Guide.

**7 Payment** Bill to:

☐ Sender Acct. No. in Section 1 will be billed.   Enter FedEx Acct. No. below.   ☐ Recipient   ☐ Third Party

This airbill can be used only when billing to a FedEx account number. For cash, check, or credit card transactions, please go to a staffed shipping location.

FedEx Acct. No.

Total Packages   Total Weight   Total Declared Value†

___ lbs.   $ ___ .00

†Our liability is limited to US$100 unless you declare a higher value. See back for details. By using this airbill you agree to the service conditions on the back of this airbill and in the current FedEx Service Guide, including terms that limit our liability.

Rev. Date 4/22 • Part #167002 • ©2012-2022 FedEx • PRINTED IN U.S.A.

644




Ship it. Track it. Pay for it. All online.
Go to fedex.com

fedex.com 1.800.GoFedEx 1.800.463.3339

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE. NO POUCH NEEDED.

FedEx Express

# International Air Waybill

For FedEx services worldwide. Packages up to 150 lbs. (68 kg), excluding dangerous goods. Not all services and options are available to all destinations.

Sender's Copy

**1 From** *Please print and press hard.*

Date

Sender's FedEx Account Number

Sender's Name: Sec. of State, Dir of Consular Svcs, Office

Company: of Policy Review & Inter Agency Liaison (CA/OCS/PRI) SA-29, 4th Floor

Address: Dept of State - 2201 C Street, NW

City: Washington State/Province: DC

Country/Territory: U.S.A ZIP/Postal Code: 20520

Email Address

Internal Billing Reference

**2 To** ☐ Residential Delivery

Recipient's Name: Jeremias Dirk, ACS Phone

Company: U.S. Embassy Bern, American

Address: Citizen Services

Address: Sulgeneckstrasse 19 Dept./Floor

City: 3007 Bern State/Province

Country/Territory: Switzerland ZIP/Postal Code

Email Address

Recipient's Tax ID Number for Customs Purposes

**3 Shipment Information**

Total Packages Shipper's Load and Count/SL&C — Total Weight — lbs. ☐ kg ☐ — DIM X X — in. ☐ cm ☐

| Commodity Description DETAIL REQUIRED. PRINT IN ENGLISH. | Harmonized Code | Country of Manufacture | Value for Customs |
|---|---|---|---|
| | | | |

Has EEI been filed in AES? *For U.S. Export Only: Check One*
☐ No EEI required, value $2,500 or less per Sch. B Number, no license required (NLR), not subject to ITAR.
☐ No EEI required, enter exemption number: — If other than NLR, enter License Exception:
☐ Yes - Enter AES proof of filing citation:

Total Declared Value for Carriage

Total Value for Customs (Specify Currency)

New service offered in section 4: FedEx Intl. Priority Express.
Note: The service order has changed.

For Completion Instructions, and details on services and options, see back of fourth page.

FedEx Tracking Number 8182 5176 7250 Form ID No. 0402

**4 Express Package Service**
☐ FedEx Intl. First ☐ FedEx Intl. Priority Express (Delivery by noon to select locations.) ☐ FedEx Intl. Priority (Delivery by end of day) ☐ FedEx Intl. Economy

**5 Packaging**
☐ FedEx Envelope ☐ FedEx Pak ☐ FedEx Box ☐ FedEx Tube
☐ FedEx 10kg Box ☐ FedEx 25kg Box ☐ Other

**6 Special Handling and Delivery Signature Options** — Fees may apply. See the FedEx Service Guide. Not available to all locations or for all shipments.
☐ Hold at FedEx Location ☐ Saturday Delivery
☐ Direct Signature (Someone at recipient's address may sign for delivery.) ☐ Indirect Signature (If no one is available at recipient's address, someone at a neighboring address may sign for delivery.)

**7 Payment** — Complete payment options for both transportation charges and duties and taxes.

*Bill transportation charges to:* Enter FedEx Acct. No. or Credit Card No. below.
☐ Sender (Acct. No. in Section 1 will be billed.) ☐ Recipient ☐ Third Party ☐ Credit Card ☐ Cash Check/Cheque
FedEx Use Only

FedEx Acct. No.

Credit Card No.

Credit Card Exp. Date

*Bill duties and taxes to:* Enter FedEx Acct. No. below.
☐ Sender (Acct. No. in Section 1 will be billed.) ☐ Recipient ☐ Third Party

FedEx Acct. No.

**8 Required Signature**
Use of this Air Waybill constitutes your agreement to the Conditions of Contract on the back of this Air Waybill, and you represent that this shipment does not require a U.S. State Department License or contain dangerous goods. Certain international treaties, including the Warsaw or Montreal Convention, may apply to this shipment and limit our liability for damage, loss, or delay, as described in the Conditions of Contract.

Sender's Signature:

710

**For questions or to ship and track packages, go to fedex.com.**
Or in the U.S. call 1.800.GoFedEx 1.800.463.3339.
Terms and conditions of service may vary from country to country.
For a full version of the Conditions of Contract, go to **fedex.com**.

PART 158410 • Rev. Date 5/22 • ©1994-2022 FedEx • PRINTED IN U.S.A. • Non-Negotiable International Air Waybill

PACKAGE LABEL 8182 5176 7250

COMMERCIAL INVOICE LABEL 8182 5176 7250

DELIVERY RECORD LABEL 8182 5176 7250

DELIVERY REATTEMPT LABEL 8182 5176 7250

**FedEx Express** — International Air Waybill

For FedEx services worldwide. Packages up to 150 lbs. (68 kg), excluding dangerous goods.
Not all services and options are available to all destinations.

Sender's Copy

Package Label — 8182 5176 7260
Commercial Invoice Label — 8182 5176 7260
Delivery Record Label — 8182 5176 7260
Delivery Reattempt Label — 8182 5176 7260

**1 From** *Please print and press hard.*

Date _____  Sender's FedEx Account Number  **4199 9 6558**

Sender's Name  **Jeremyas Viek** Phone **ACS**

Company  **U.S Embassy Bern, American**

Address  **Citizen Services**

Address  **Sulgeneckstrasse 19**

City  **3007 Bern**   State/Province _____

Country/Territory  **Switzerland**   ZIP/Postal Code _____

Email Address _____

Internal Billing Reference _____

**2 To**   ☐ Residential Delivery

Recipient's Name  **Sec of State, Dir** Phone **of Consular Bus**

Address  **Office of Policy Rev. & Inter Agency Liaison**
**(CA/OCS/PRI) U.S Dept of State**
**SA-29, 4th Rl- 2201 C Street, NW**   Dept./Floor

City  **Washington**   State/Province **DC**

Country/Territory  **USA**   ZIP/Postal Code **20520**

Email Address _____

Recipient's Tax ID Number for Customs Purposes _____

**3 Shipment Information**

| Total Packages | Total Weight | lbs. ☐ kg ☐ | DIM | X | X | in. ☐ cm ☐ |
|---|---|---|---|---|---|---|

Shipper's Load and Count/SLAC

| Commodity Description DETAIL REQUIRED. PRINT IN ENGLISH. | Harmonized Code | Country of Manufacture | Value for Customs |
|---|---|---|---|

| Has EEI been filed in AES? | ☐ No EEI required, value $2,500 or less per Sch. B Number; no license required (NLR), not subject to ITAR | Total Declared Value for Carriage | Total Value for Customs (Specify Currency) |
|---|---|---|---|
| For U.S. Export Only: Check One: | ☐ No EEI required, enter exemption number: | If other than NLR, enter License Exception: | |
| | ☐ Yes - Enter AES proof of filing citation: | | |

---

New service offered in section 4: FedEx Intl. Priority Express.
Note: The service order has changed.

For Completion Instructions, and details on services and options, see back of fourth page.

FedEx Tracking Number  **8182 5176 7260**   Form ID No. **0402**

**4 Express Package Service**

☐ FedEx Intl. First    ☐ FedEx Intl. Priority Express *Delivery by noon to select locations.*    ☐ FedEx Intl. Priority *Delivery by end of day.*    ☐ FedEx Intl. Economy

**5 Packaging**

☐ FedEx Envelope    ☐ FedEx Pak    ☐ FedEx Box    ☐ FedEx Tube
☐ FedEx 10kg Box    ☐ FedEx 25kg Box    ☐ Other

**6 Special Handling and Delivery Signature Options**   Fees may apply. See the FedEx Service Guide. Not available to all locations or for all shipments.

☐ Hold at FedEx Location    ☐ Saturday Delivery

☐ Direct Signature *Someone at recipient's address may sign for delivery.*    ☐ Indirect Signature *If no one is available at recipient's address, someone at a neighboring address may sign for delivery.*

**7 Payment**   Complete payment options for both transportation charges and duties and taxes.

**Bill transportation charges to:**   Enter FedEx Acct. No. or Credit Card No. below.

☐ Sender *Acct. No. in Section 1 will be billed.*    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Cheque   FedEx Use Only

FedEx Acct. No. _____

Credit Card No. _____

Credit Card Exp. Date _____

**Bill duties and taxes to:**   Enter FedEx Acct. No. below.

☐ Sender *Acct. No. in Section 1 will be billed.*    ☐ Recipient    ☐ Third Party

FedEx Acct. No. _____

**8 Required Signature**

Use of this Air Waybill constitutes your agreement to the Conditions of Contract on the back of this Air Waybill, and you represent that this shipment does not require a U.S. State Department License or contain dangerous goods. Certain international treaties, including the Warsaw or Montreal Convention, may apply to this shipment and limit our liability for damage, loss, or delay, as described in the Conditions of Contract.

Sender's Signature: _____

**710**

**For questions or to ship and track packages, go to fedex.com.**
Or in the U.S. call 1.800.GoFedEx 1.800.463.3339.
Terms and conditions of service may vary from country to country.
For a full version of the Conditions of Contract, go to **fedex.com.**

PART 158410 • Rev. Date 5/22 • ©1994–2022 FedEx • PRINTED IN U.S.A. • Non-Negotiable International Air Waybill

**FedEx Express**

Package US Airbill

FedEx Tracking Number: 8182 8358 0305

Form 0200

**Sender's Copy**

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE. NO POUCH NEEDED.

fedex.com 1.800.GoFedEx 1.800.463.3339

**1 From** *Please print and press hard.*

Date

Sender's FedEx Account Number: 7199 96558

Sender's Name: *Sec of State, Dir of Consular Svcs*

Company: *OFFICE OF POLICY Review & Inter Agency Liaison (CA/OCS/PRI)*

Address: *Dept of State   SA-29 4th Floor - 2201 C Street NW*
Dept./Floor/Suite/Room

City: *Washington*   State: *DC*   ZIP: *20520*

**2 Your Internal Billing Reference**
First 24 characters will appear on invoice. OPTIONAL

**3 To**

Recipient's Name: *Clerk of the Court From Daniel Ortiz*

Company: *U.S. District Court - Southern District of New York - OFFICE OF THE Clerk*

Address: *500 Pearl Street*   Dept./Floor/Suite/Room
We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address: *Use this line for the HOLD location address or for continuation of your shipping address.*

City: *New York*   State: *NY*   ZIP: *10007*

Hold Weekday
FedEx location address
REQUIRED. NOT available
for FedEx First Overnight.

Hold Saturday
FedEx location address
REQUIRED. Available ONLY for
FedEx Priority Overnight and
FedEx 2Day to select locations.

**4 Express Package Service** *To most locations.*

Packages up to 150 lbs.
For packages over 150 lbs, use the
FedEx Express Freight US Airbill.

Next Business Day

☐ FedEx First Overnight
Earliest next business morning delivery to select
locations. Friday shipments will be delivered on
Monday unless Saturday Delivery is selected.

☐ FedEx Priority Overnight
Next business morning.* Friday shipments will be
delivered on Monday unless Saturday Delivery
is selected.

☐ FedEx Standard Overnight
Next business afternoon.*
Saturday Delivery NOT available.

2 or 3 Business Days

☐ FedEx 2Day A.M.
Second business morning.*
Saturday Delivery NOT available.

☐ FedEx 2Day
Second business afternoon.* Thursday
shipments will be delivered on Monday unless
Saturday Delivery is selected.

☐ FedEx Express Saver
Third business day.*
Saturday Delivery NOT available.

**5 Packaging** *Declared value limit $500.*

☐ FedEx Envelope*   ☐ FedEx Pak*   ☐ FedEx Box   ☐ FedEx Tube   ☐ Other

**6 Special Handling and Delivery Signature Options** Fees may apply. See the FedEx Service Guide.

☐ Saturday Delivery
NOT available for FedEx Standard Overnight, FedEx 2Day A.M., or FedEx Express Saver.

☐ No Signature Required
Package may be left without
obtaining a signature for delivery.

☐ Direct Signature
Someone at recipient's address
may sign for delivery.

☐ Indirect Signature
If no one is available at recipient's
address, someone at a neighboring
address may sign for delivery. For
residential deliveries only.

Does this shipment contain dangerous goods?
One box must be checked.

☐ No   ☐ Yes
As per attached
Shipper's Declaration.   ☐ Yes
Shipper's Declaration
not required.   ☐ Dry Ice
Dry Ice, 9, UN 1845 _____ x _____ kg

☐ Cargo Aircraft Only

Restrictions apply for dangerous goods — see the current FedEx Service Guide.

**7 Payment** *Bill to:*

☐ Sender
Acct. No. in
Section 1 will
be billed.   ───── Enter FedEx Acct. No. below. ─────

☐ Recipient   ☐ Third Party

FedEx Acct. No.

This airbill can be used only when billing to a FedEx
account number. For cash, check, or credit card
transactions, please go to a staffed shipping location.

Total Packages   Total Weight   Total Declared Value†
_____ lbs.   $ _____ .00

†Our liability is limited to US$100 unless you declare a higher value. See back for details. By using this airbill
you agree to the service conditions on the back of this airbill and in the current FedEx Service Guide,
including terms that limit our liability.
Rev. Date 4/22 • Part #167002 • ©2012–2022 FedEx • PRINTED IN U.S.A.

644

**Ship it. Track it. Pay for it. All online.**
Go to fedex.com

**FedEx** Express | **Package** **US Airbill**

FedEx Tracking Number  8182 8358 0279

Form ID No. **0200**

**Sender's Copy**

**1  From** *Please print and press hard.*

Date

Sender's FedEx Account Number  7199 6558

Packages up to 150 lbs.
For packages over 150 lbs, use the FedEx Express Freight US Airbill.

Sender's Name  CLERK OF THE COURT Daniel Ortiz  Phone

Company  U.S District Court - Southern District

Address  New York - OFFICE OF the CLERK - 500 Pearl St  Dept./Floor/Suite/Room

City  New York  State  N.Y.  ZIP  10007

**2  Your Internal Billing Reference**
First 24 characters will appear on invoice.  OPTIONAL

**3  To**

Recipient's Name  Jerry Goldman  Phone (  )

Company  Anderson Kill PC

Address  1251 Avenue of the  Dept./Floor/Suite/Room
*We cannot deliver to P.O. boxes or P.O. ZIP codes.*

Address  Americas
*Use this line for the HOLD location address or for continuation of your shipping address.*

City  New York  State  N.Y.  ZIP  10020

□ **Hold Weekday**
FedEx location address
REQUIRED. NOT available for FedEx First Overnight.

□ **Hold Saturday**
FedEx location address
REQUIRED. Available ONLY for FedEx Priority Overnight and FedEx 2Day to select locations.

**4  Express Package Service**  *To most locations.*

**Next Business Day**

□ **FedEx First Overnight**
Earliest next business morning delivery to select locations. Friday shipments will be delivered on Monday unless Saturday Delivery is selected.

□ **FedEx Priority Overnight**
Next business morning.* Friday shipments will be delivered on Monday unless Saturday Delivery is selected.

□ **FedEx Standard Overnight**
Next business afternoon.*
Saturday Delivery NOT available.

**2 or 3 Business Days**

□ **FedEx 2Day A.M.**
Second business morning.*
Saturday Delivery NOT available.

□ **FedEx 2Day**
Second business afternoon.* Thursday shipments will be delivered on Monday unless Saturday Delivery is selected.

□ **FedEx Express Saver**
Third business day.*
Saturday Delivery NOT available.

**5  Packaging**  *Declared value limit $500.*

□ FedEx Envelope*  □ FedEx Pak*  □ FedEx Box  □ FedEx Tube  □ Other

**6  Special Handling and Delivery Signature Options**  Fees may apply. See the FedEx Service Guide.

□ **Saturday Delivery**
NOT available for FedEx Standard Overnight, FedEx 2Day A.M., or FedEx Express Saver.

□ **No Signature Required**
Package may be left without obtaining a signature for delivery.

□ **Direct Signature**
Someone at recipient's address may sign for delivery.

□ **Indirect Signature**
If no one is available at recipient's address, someone at a neighboring address may sign for delivery. For residential deliveries only.

**Does this shipment contain dangerous goods?**
One box must be checked.

□ No  □ Yes As per attached Shipper's Declaration.  □ Yes Shipper's Declaration not required.  □ Dry Ice  Dry Ice, 9, UN 1845 ____ x ____ kg

□ Cargo Aircraft Only

Restrictions apply for dangerous goods — see the current FedEx Service Guide.

**7  Payment**  *Bill to:*

□ **Sender**  Acct. No. in Section 1 will be billed.  *Enter FedEx Acct. No. below.*

□ **Recipient**  □ **Third Party**

FedEx Acct. No.

Total Packages  Total Weight  Total Declared Value†

____  lbs.  $ _____ .00

This airbill can be used only when billing to a FedEx account number. For cash, check, or credit card transactions, please go to a staffed shipping location.

†Our liability is limited to US$100 unless you declare a higher value. See back for details. By using this airbill you agree to the service conditions on the back of this airbill and in the current FedEx Service Guide, including terms that limit our liability.
Rev. Date 4/22 · Part #167002 · ©2012-2022 FedEx · PRINTED IN U.S.A.

644



**Ship it. Track it. Pay for it. All online.**
Go to fedex.com.

fedex.com 1.800.GoFedEx 1.800.463.3339

# IMPORTANT - Please Read

Outstanding cashier's checks are subject to state or territorial unclaimed property laws.

If the cashier's check is lost, stolen, or destroyed, you may request a stop payment and reissuance. A stop payment and reissuance can only be completed within a branch location. As a condition of stop payment and reissuance, Wells Fargo Bank will require an indemnity agreement. In addition, for cashier's checks over $1,000.00, the waiting period before the stop payment and reissuance of an outstanding cashier's check may be processed is 90 days (30 days in the state of Wisconsin and 91 days in the state of New York). The waiting period can be avoided with the purchase of an acceptable surety bond. This can be purchased through Wells Fargo's approved insurance carrier or through an insurance carrier of the customer's choice. The cost of a surety bond varies depending on the amount of the bond and the insurer used. Surety bonds are subject to the insurance carrier's underwriting requirements before issuance. If the surety bond is not provided, the waiting period applies.

## Purchaser Copy - Page 2 of 2

| | |
|---|---|
| 0067886 | 11-24 |
| Office AU # | 1210(8) |

**CASHIER'S CHECK**

SERIAL #: 6788602209

ACCOUNT#: 4861-513596

Remitter: **ANDERSON KILL PC**
Purchaser: **JOHN DUNN**
Purchaser Account: xxxxxx8073
Operator I.D.: k091325 k090775
Funding Source: Paper Item(s)

PAY TO THE ORDER OF  ***U.S. EMBASSY BERN***

June 17, 2024

**\*\*Two Thousand Two Hundred Seventy-Five and 00/100 -US Dollars \*\***

**\*\*$2,275.00\*\***

Payee Address:
Memo:

VOID IF OVER US $ 2,275.00

**WELLS FARGO BANK, N.A.**
1156 AVENUE OF THE AMERICAS
NEW YORK, NY 10036
FOR INQUIRIES CALL (480) 394-3122

**NON-NEGOTIABLE**

## Purchaser Copy - Page 1 of 2

FB004 (10/19) M4203 30188337

PRINTED ON LINEMARK PAPER - HOLD TO LIGHT TO VIEW. FOR ADDITIONAL SECURITY FEATURES SEE BACK.

| | |
|---|---|
| 0067886 | 11-24 |
| Office AU # | 1210(8) |

**CASHIER'S CHECK**

6788602209

Remitter: **ANDERSON KILL PC**
Operator I.D.: k091325 k090775

June 17, 2024

PAY TO THE ORDER OF  ***U.S. EMBASSY BERN***

**\*\*Two Thousand Two Hundred Seventy-Five and 00/100 -US Dollars \*\***

**\*\*$2,275.00\*\***

Payee Address:
Memo:

VOID IF OVER US $ 2,275.00

**WELLS FARGO BANK, N.A.**
1156 AVENUE OF THE AMERICAS
NEW YORK, NY 10036
FOR INQUIRIES CALL (480) 394-3122

CONTROLLER

⑈ Details on Back.   Security Features Included.

⑈"6788602209"⑈ ⑈121000248⑈:4861 513596"

0279074119