IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/2025
```

| | |
|---|---|
| In re TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 1:03-md-01570-GBD-SN |

*This document relates to:*

*Ashton et al. v. Al Qaeda, and the Republic of Sudan et al.*, Case No. 02 Civ. 6977; *Nolan et al. v. Republic of the Sudan*, Case No. 20 Civ. 10720; *Parker et al. v. Republic of the Sudan*, Case No. 20 Civ. 10657; *Betru et al. v. The Republic of Sudan*, Case No. 20 Civ. 10615; *Clarke et al. v. The Republic of the Sudan*, Case No. 23 Civ. 07736; *Burnett et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03 Civ. 9849; *Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03 Civ. 6978; *Continental Casualty Co., et al. v. Al Qaeda, et al.*, Case No. 04 Civ. 5970; *Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al.*, Case No. 04 Civ. 1922; *Estate of John P. O'Neill, Sr., et al. v. Republic of the Sudan, et al.*, Case No. 18 Civ. 12114; *DeRubbio, et al. v. Islamic Republic of Iran*, Case No. 18 Civ. 05306; *Morris, et al. v. Islamic Republic of Iran*, Case No. 18 Civ. 05321; *Bernaerts, et al. v. Islamic Republic of Iran*, Case No. 19 Civ. 11865; *Aronow v. Republic of Sudan*, Case No. 20-cv-7733; *King, et al. v. Islamic Republic of Iran*, Case No. 22 Civ. 05193; *Strauss v. Islamic Republic of Iran*, Case No. 22 Civ 10823; *Perry et al. v. Republic of the Sudan*, Case No. 23 Civ. 07391; *DiNardo et al. v. Republic of the Sudan*, Case No. 23 Civ. 07328; *Adler et al. v. Republic of Sudan*, Case No. 23 Civ. 07164; *Fennelly, et al. v. Islamic Republic of Iran*, Case No. 23 Civ. 10824; *Kone, et al. v. Islamic Republic of Iran*, Case No. 23 Civ. 05790; *Kelly, et al. v. Islamic Republic of Iran, et al.*, Case No. 23 Civ. 7283; *Lopez, et al. v. Islamic Republic of Iran, et al.*, Case No. 23 Civ. 08305; *Jelnek, et al. v. Islamic Republic of Iran*, Case No. 24 Civ. 05520; *Lum, et al. v. Islamic Republic of Iran*, Case No. 24 Civ. 07824.

## DEPOSITION PROTOCOL

I. **General Provisions**

1. This Order sets forth the deposition protocols between Plaintiffs and the Republic of Sudan ("Sudan") (together, the "Parties") applicable to depositions of all fact witnesses (including non-party witnesses and witnesses under Federal Rule of Civil Procedure 30(b)(6)) in the context of discovery concerning Plaintiffs' claims against Sudan.

2. Nothing in this Order shall preclude any Party or witness to which or whom this Order applies from seeking to modify it later for good cause shown; prior to doing so, however, counsel shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Order.

3. The sides may stipulate to different arrangements or rules other than those specified in this Order, except as to the deadlines in paragraph 6.

4. Prior pretrial Orders entered in this MDL, including the Protective Order this Court entered on October 3, 2006 (ECF No. 1900), remain in effect to the extent that they are not in conflict with the provisions of this Order. To the extent that this Order conflicts, or is alleged to conflict, with rights or protections afforded by the national laws, rules, or regulations of any foreign country or by international treaty, counsel for the witness or Party claiming those rights and protections shall meet and confer with opposing counsel regarding a resolution of the alleged conflicts. If the Parties cannot reach agreement, the issue(s) shall be submitted promptly for judicial resolution. Sudan shall use best efforts to secure any and all approvals and/or legal authorizations required under Sudanese law to enable Plaintiffs' counsel to conduct the examinations of witnesses testifying from locations in Sudan, without the assistance or involvement of Sudanese or local counsel, and to allow those depositions to proceed in accordance with the Federal Rules of Civil Procedure and United States law.

5. Federal Rule of Civil Procedure 6(a) shall govern the computation of time periods set forth in this Order. Unless specifically modified herein, nothing in this order shall be construed to abrogate the Federal Rules of Civil Procedure.

6. The Parties shall complete all fact depositions on or before the deadline for the close of fact discovery.

7. The Parties shall endeavor in good faith to identify any witnesses they seek to depose at least three months before the deadline for the close of fact discovery. To the extent the Parties receive new evidence or discovery materials within the three month period before the deadline for the close of fact discovery, they shall notice their intent to depose any new witnesses identified from those materials within thirty days of receipt of same. Sudan shall undertake to locate current and former Sudanese officials and employees who may possess relevant knowledge on an ongoing basis, and shall inquire in discussions with each such witness Sudan is able to locate concerning the identity of any additional witnesses who may also possess relevant knowledge. Sudan shall undertake in good faith to identify all such witnesses at least four months before the deadline for fact discovery. The Parties acknowledge that Sudan's position is that former officials and employees of Sudan are not under Sudan's control.

8. By forty-five days before the deadline for fact depositions, the Parties shall identify any fact witnesses from whom they have reason to expect they will present a declaration, and if requested, they will provide the addresses of those witnesses so that they may be subpoenaed for deposition or arrange for service of deposition subpoenas by the other side. The Parties shall promptly supplement such identification if additional witnesses become amenable to submitting declarations, and the other side shall be afforded an opportunity to depose the declarant. Any declaration from such a witness shall be produced by the earlier of: (a) fourteen

days prior to that witness's deposition; or (b) thirty days before the deadline for fact depositions. No fact-witness declaration obtained following the close of discovery (other than a declaration solely to establish the authenticity of documents) may be used against any Party if that Party has not been afforded a reasonable opportunity to depose the declarant.

## II. Deposition Notices, Scheduling, and Logistics

9. All depositions shall be noticed and conducted pursuant to the Federal Rules of Civil Procedure and this Order.

10. Each deposition notice shall comply with Federal Rule of Civil Procedure 30(b) and shall include:

    - The name of the proposed witness (except for a Rule 30(b)(6) deposition notice);
    - The date, time, and location of the deposition (including whether remote); and
    - A statement as to whether the deposition will be video recorded in addition to being recorded by stenographic means.

11. This Order, in its entirety, shall be attached to any subpoena or deposition notice for a non-party's deposition.

12. Notices for depositions shall be served by e-mail, facsimile, or other electronic means.

13. Counsel shall confer before noticing a deposition in an effort to schedule depositions for mutually convenient dates, times and locations. To the extent that a proposed witness is unable to be deposed on the noticed date of his or her deposition, counsel shall promptly confer to discuss alternative dates.

14. Counsel are expected to cooperate and coordinate the scheduling of depositions in an effort to accommodate all counsel and Parties and to schedule the depositions in the most efficient manner feasible regarding date, time, and location. Toward that goal, counsel shall meet and confer to develop a plan for scheduling depositions that will maximize efficiency and control costs by attempting to schedule witnesses to be deposed in blocks of time, especially where the depositions are scheduled to occur outside of the United States.

15. To ensure the expeditious progress of this litigation, in the event that counsel are unable to reach agreements—either advance agreement on dates, times and location, or agreement as to blocks of depositions to be scheduled—the noticing Party may notice the deposition in accordance with this Order; should any other Party or the witness maintain a need for relief thereon, such request for relief shall be submitted promptly for judicial resolution.

16. A deposition notice may be served at any time, provided that it is served sufficiently in advance of the close of fact discovery so that the deposition takes place before the close of fact discovery. All depositions must be noticed at least twenty-one days before they are scheduled to occur.

17. For witnesses who reside or work in the United States, a deposition may take place within (a) the county in which the deponent resides, (b) the county in which the deponent is employed, (c) the judicial district of the MDL Court, or (d) a mutually agreeable location.

18. For those witnesses who reside outside of the United States, a deposition shall take place in the location of the witness's principal place of business or residence, at the witness's sole discretion, or a mutually agreeable location. If a Party's counsel is unable or unwilling to travel to the location of a deposition, then that deposition may proceed by videoconference.

19. For each current and former official or employee of Sudan who is being deposed, and for which Sudan is reasonably able to locate and contact, Sudan will endeavor to provide the locations where the witness is able and willing to be deposed. Sudan shall undertake in good faith to make witnesses who are current officials or employees of Sudan available for deposition in a mutually agreeable neutral and safe location, to the extent Plaintiffs' counsel indicate a preference to conduct the deposition in-person. The Parties agree to continue to confer on mutually agreeable locations. If a Party's counsel is unable or unwilling to travel to the location of a deposition, then that deposition may proceed by videoconference.

20. If the Parties and deponent agree, the deposition may be taken by videoconference.

21. The costs of the deposition venue and, if applicable, the costs of securing a court reporter shall be borne by the Party noticing the deposition. For current or former employees or officials of Sudan who appear for deposition remotely, Sudan shall bear the burden and cost of securing a suitable and appropriate venue for the witness to appear, with all technical capabilities necessary for conducting a remote deposition.

22. For any notice of deposition where there is an accompanying request for the production of documents, the producing Party shall produce the requested documents a minimum of seven days prior to the date noticed for the deposition, unless the deposition is noticed forty-five days or more in advance of the deposition, in which case the documents must be produced a minimum of thirty days prior to the date noticed for the deposition. If there is any reason that the requested documents cannot be produced within the deadlines set forward in this provision, then the producing Party or witness shall notify the noticing Party within fourteen days of receipt of the notice of deposition.

23. All fact witnesses may be deposed only once unless (i) otherwise agreed to in writing by both sides or (ii) authorized by an order of the MDL Court upon a showing of good cause by the Party seeking the additional deposition.

24. Plaintiffs may serve a single Rule 30(b)(6) deposition notice on Sudan listing all topics on which Plaintiffs seek Rule 30(b)(6) testimony. To the extent Plaintiffs intend to serve any Rule 30(b)(6) deposition notice, it must be served no later than eight weeks before the close of the fact-discovery period. Within ten days after receipt of Plaintiffs' 30(b)(6) deposition notice, the Parties shall confer concerning the number of designees Sudan intends to produce on the topics listed in the notice, and an appropriate time limit for the deposition or depositions of those designees. If the Parties are unable to reach agreement on the time limit for the 30(b)(6) deposition or depositions, they shall present the issue to the Court on motion of the Plaintiffs at least six weeks before the close of fact discovery. Nothing in this provision shall be read to impose any obligation on Sudan beyond those provided in the Federal Rules of Civil Procedure.

25. A witness may be deposed once in his individual capacity and separately if designated as 30(b)(6) representative.

26. Unless otherwise agreed by the Parties or ordered by the Court, depositions shall not be taken on days that would interfere with a deponent's religious observances. In addition, counsel and Parties shall also use their best efforts to accommodate any conflict due to religious observance of counsel whose participation in the deposition is necessary.

## III. Rescheduling and Resolution of Deposition Disputes

27. Any Party or witness that receives notice of a deposition and disputes the timing or scheduling of the deposition or that otherwise objects to the deposition shall, no more than seven business days after receiving notice of the deposition, send to the Party seeking the deposition a written objection to the deposition. The Parties will meet and confer in good faith if there is any basis to revise the seven-day deadline, including because it would interfere with a deponent's religious observances. Before bringing to the Court's attention the dispute(s) raised in the objection, the Parties must first attempt to resolve the dispute(s) in good faith. If counsel are unable to resolve the dispute(s) after good faith efforts to do so, and no more than fourteen days have passed since the deposition notice was served, then the dispute(s) identified in the objection may be presented to the Court for resolution. The Parties may agree to shorten the time periods to expedite the Court's attention to the dispute(s). A deposition notice is not suspended until such time as the Party opposing the deposition notice serves and files a written motion bringing the dispute(s) to the Court's attention. In the event of such a motion, the deposition shall not go forward unless (a) the Parties reach an agreement in writing to resolve the objection or (b) the Court resolves the objection and permits the deposition to take place. Pursuant to Federal Rule of Civil Procedure 26, the burden shall be on the Party or witness seeking to quash or otherwise limit the notice to demonstrate

5

why an order should issue protecting the Party or witness from the discovery sought. Nothing herein shall negate a serving Party's obligations under Rule 30(b)(6) of the Federal Rules of Civil Procedure.

28. A Party shall make a motion regarding a deposition by submitting a letter of not more than five single-spaced pages setting forth its position and the Parties' efforts to resolve the dispute. The other side may then submit a responding letter of no more than five single-spaced pages within three business days of the filing of a letter motion. The moving Party may then submit a reply letter of no more than three single-spaced pages within three business days of the filing of the responding letter.

29. Once a deposition has been scheduled and no timely motion is made concerning the deposition within fourteen days before the scheduled date for the deposition, the deposition shall proceed as scheduled, except upon written agreement by both sides or for good cause.

30. Disputes regarding any matters arising under this Order pertaining to a deposition shall, in the first instance, be brought before this Court rather than the district court in the district in which the deposition is being conducted.

31. Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule, require rescheduling of the deposition, or possibly result in a request to conduct a supplemental deposition, shall be presented to Court by telephone. In the event the presiding Judge or Magistrate Judge are not available, all efforts will be made to go forward with the deposition as to matters not in dispute with full reservation of rights for a ruling at the earliest possible time.

32. If the nature of the dispute would not stop the deposition from going forward, the Parties may agree among themselves either to present the matter to the Court by telephone or to present the dispute in writing.

33. The court reporter shall make a transcript of any telephonic proceeding with the Court, which shall be transcribed immediately and bound separately. Nothing in this Order shall deny counsel the right to (1) suspend a deposition pursuant to Federal Rule of Civil Procedure 30(d)(3); or (2) file an appropriate motion with the Court after the deposition and appear personally before the Court.

## IV. Recording

34. A court reporter who qualifies as such consistent with Rules 28 and 30(b)(5)(A) of the Federal Rules of Civil Procedure shall stenographically record all deposition proceedings and testimony and provide a "real time" transcription feed to devices such as tablets and computers, including computers not located at the deposition venue. The court reporter shall administer the oath or affirmation to the deponent. The written transcript prepared by the court reporter shall constitute the official record of the deposition for purposes of the requirements under Rule 30 of the

      Federal Rules of Civil Procedure concerning filing, retention, certification, and the like. Nothing in this provision shall prohibit a Party from submitting a video recording of the deposition as evidence.

35. A Party may cause a deposition to be video recorded by so indicating in its Notice of Deposition or by providing written notice no less than ten days before the deposition by email to the witness and Plaintiffs' and Defendants' Executive Committees that the deposition will be video recorded. The Party causing a deposition to be video recorded shall be responsible for arranging a videographer and bearing the costs of that videographer's attendance.

36. Services or products offered or provided by the videographer must be offered to counsel for all Parties, regardless of which Party is financing the video recording of the deposition. Further, any videographer is subject to the orders of this Court, including but not limited to the Protective Order (ECF No. 1900). The videographer shall be given a copy of all applicable orders at least five days before the deposition.

37. The videographer is subject to the provisions of Federal Rule of Civil Procedure 28(c). The videographer shall record the proceedings fairly and accurately.

38. Each witness, attorney, and other person attending the deposition (in person, electronically, or telephonically) shall be identified on the record at the commencement of the deposition. If the witness's U.S. attorney is physically in the room with the witness, the attorney must confirm on the record who is present in the witness's room. If the witness's U.S. attorney is not physically in the room with the witness, an additional camera(s) must show to the other participants in the conference a view of the witness's room, including the witness and any other individuals present in the room; this additional view need not be recorded. The video recording of the deposition shall include the court reporter administering the oath or affirmation to the witness. Thereafter, the deponent and, if necessary, exhibits and any demonstratives will be video recorded.

39. The video recording of the deposition will be conducted in a manner to replicate, to the extent feasible, the presentation at trial. Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted with the witness seated in front of a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as might be reasonably necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

40. Video recording will be suspended during all "off the record" discussions and the videographer shall note such suspensions. The deposition will remain "on the record" absent agreement of counsel.

41. At the conclusion of the deposition, a statement shall be made on the video recording, on the audio recording, and in the stenographic record that the deposition has concluded and will set forth any stipulations between the Parties that have not already been placed on the record.

42. The videographer shall use recording equipment with an appropriate timer and, unless otherwise agreed to by the Parties, shall prepare and provide counsel with a log, cross-referenced with timestamps, that identifies the portion of the recording at which examination by different counsel begins and ends and when there is any interruption of continuous video recording, whether for recess, "off the record" discussions by counsel, mechanical failure, or other interruption.

43. The videographer shall maintain custody of the original video medium in its original condition, without editing in any fashion.

44. The video and audio recordings shall be treated the same as the transcript pursuant to both this Order and the Protective Order (ECF No. 1900) and any modifications of those orders.

45. Absent agreement, each side shall bear its own costs in securing copies of the deposition transcript and exhibits, or recording.

## V. Attendance

46. Unless otherwise agreed to by the Parties or ordered under Federal Rule of Civil Procedure 26(c), and subject to the terms of this Court's Protective Order at (ECF No. 1900 ("Protective Order"), depositions may be attended (either in person or remotely) only by the witness, counsel for the witness, attorneys of record in this MDL Proceeding, court reporters, videographers, and any person who is assisting in the litigation, and the Parties, their in-house counsel, and their representatives. All persons in attendance (either in person or remotely) must be noted on the deposition record, along with an identification of the role of the attendee. To facilitate planning for all attendees and the witness, any party that expects to question the witness (other than Plaintiffs, Sudan, or counsel for the witness) shall notify counsel for Plaintiffs, Sudan, and the witness at least fourteen days in advance and provide an estimate of the time needed for the proposed questioning. Counsel for the witness shall notify Plaintiffs and Sudan if they intend to ask questions and to specify the time needed for same, provided that nothing in this provision precludes counsel for the witness from questioning the witness to address issues that arose during the deposition.

47. Upon motion, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories above or prohibit attendance by a person who does fall within any of the categories.

8

48. While a deponent is being examined about any information subject to the Protective Order (ECF No. 1900) or the Privacy Act and Protective Order for FBI Documents (ECF No. 4255), persons to whom disclosure is not authorized shall be excluded.

49. To ensure adequate facilities, not fewer than ten business days prior to the deposition, whenever feasible, counsel intending to attend in person a noticed deposition should advise counsel for the other Party how many permitted persons counsel expects to bring to the deposition. Counsel will then confer regarding the expected attendance and make a final determination not fewer than five business days prior to the scheduled date as to who is likely to attend the deposition in person and remotely.

50. Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to a court by or against Sudan.

## VI. Provision of Documents

51. All documents marked as exhibits will be attached to the original transcript and will be retained with the original transcript. The court reporter for each deposition will include in each deposition transcript a list of the exhibits referenced in the deposition.

52. During a deposition, copies of documents about which counsel plan to examine the deponent shall be provided to counsel for the deponent and counsel for the other Party participants. As a general rule, deposition exhibits should be shared electronically, through an appropriate share platform. To the extent possible, all exhibits should have printed Bates or other document control numbers affixed before distribution, which shall remain constant throughout the litigation.

53. Counsel shall use best efforts to mark exhibits sequentially and shall attempt to use previously marked exhibits in subsequent depositions rather than re-marking the same documents with different exhibit numbers.

54. Objections to the relevance or admissibility of documents used as deposition exhibits are not waived, and are reserved for later ruling by the Court.

55. If a Party chooses to use a document that is a translation of a foreign language document by showing it to the witness or by quoting from the translation at the deposition, the Party must also provide to the witness and other counsel a copy of the original foreign language document.

## VII. Remote Depositions

56. The following provisions of this section (hereafter, "Remote Deposition Protocol") will govern the taking of depositions via remote means.

57. The parties should make reasonable efforts to allow for in-person depositions. Where in-person depositions would be infeasible or inconvenient, the Parties agree

to make reasonable efforts to offer witnesses for deposition remotely via a videoconferencing platform, particularly for witnesses located outside the United States. *See* Local Rule 30.2 ("The motion of a party to take the deposition of an adverse Party by telephone or other remote means will presumptively be granted.").

58. If a Party notices a deposition to occur in person, but another Party believes circumstances warrant taking the deposition remotely, or vice versa, the Parties shall confer in good faith to resolve the issue.

59. Subject to the obligation to make reasonable efforts to allow for in-person depositions, the Parties agree not to oppose the use of the Remote Deposition Protocol in depositions of non-parties and shall meet and confer in good faith regarding any modifications requested by such non-parties. The Parties further agree that all notices of non-party, remote depositions shall include a copy of this Deposition Protocol.

60. Testimony provided in remote depositions may be used in this action with the same force and effect as testimony provided in an in-person deposition. The Parties agree not to object to the use of the remote deposition transcript or video recording on the basis that the deposition was taken and recorded remotely. The Parties reserve the right to raise all other available objections to the use of the deposition testimony in this action.

61. <u>Court Reporting Service</u>. The court reporting service used to record the remote deposition ("Designated Court Reporting Service") will be the host of the videoconference for each remote deposition. It will be the responsibility of the Party noticing the deposition to ensure that the Designated Court Reporting Service is aware of, capable of complying with, and agrees to comply with this Remote Deposition Protocol. The Parties waive any objection to the deposition based on the fact that the court reporter is not physically present with the deponent. The Parties further waive any objection to the qualifications of the court reporter before whom the deposition is taken, so long as the court reporter qualifies as such consistent with Rules 28 and 30(b)(5)(A) of the Federal Rules of Civil Procedure .

62. <u>Recording Platform & Technology</u>. All depositions taken remotely in this action shall be conducted using videoconference technology, and all deponents shall be recorded by both stenographic means and video recording. Subject to the generally applicable provisions in Section IV ("Recording"), the Parties further agree:

    (a) Any remote deposition shall use a videoconference platform and/or system(s) that can provide high-quality and reliable video and audio streaming to all participants, as well as live transcription technology and means to introduce and stamp exhibits electronically.

    (b) The official video record of the deposition will be of the deponent's video feed only. The video feeds of any other participant will not be part of the official record, nor used for any purpose at trial.

    (c)    Counsel for a witness testifying remotely shall ensure the witness has the proper technology, including access to high-speed internet, a sufficiently advanced computer, adequate camera(s), adequate microphone, adequate screens for video of other counsel and access to exhibit files. The witness will only have the same videoconferencing platform and view on his computer as the attorneys remotely participating in the deposition and the witness is prohibited from viewing other platforms, websites, communications, files, papers, documents, or anything else on the computer screen during the deposition absent a statement and agreement of all parties on the record.

63.    <u>Exhibits</u>. Subject to the generally applicable provisions in Section IV ("Provision of Documents"), the Parties further agree:

    (a)    Any document that may be used as an exhibit during a remote deposition will be uploaded electronically to the Designated Court Reporting Service using secure and encrypted means (e.g., password protection, secure file transfer, etc.). Deposition exhibits may be transmitted to deposition participants (including the deponent and deponent's counsel) via the Designated Court Reporting Service's electronic sharing platform or the video conferencing platform as exhibits are introduced, by secure file transfer via electronic mail, and/or as otherwise agreed upon by the Parties. Deposition exhibits must be transmitted or shared in such a manner that allows the deponent to turn pages of the exhibit; rotate and annotate the exhibit; and zoom in/expand the exhibit. If the deponent annotates an exhibit (whether in electronic or hard copy format), annotations must be shared in real time with the other participants to the deposition by showing on the video recording each annotation. Further, any such annotations must be transmitted to the Designated Court Reporting Service by the deponent and/or deponent's counsel no later than one business day following the deposition.

    (b)    Reasonable delays or pauses in questioning to allow for the uploading and/or transmission of exhibits shall not be considered good cause to extend the duration of a deposition.

    (c)    All deponents receiving electronic documents during a deposition shall delete those documents from their electronic files, within two business days following the completion of the deposition, and shall not retain them in any form or manner. Counsel for the Parties may keep any document or exhibit used during the deposition, consistent with the Protective Order entered in this litigation.

## VIII. <u>Duration of Depositions</u>

64.    Whenever feasible, depositions of fact witnesses should be completed in a single day. All questioning by the noticing side shall be limited to seven hours. During the scheduling of a deposition, prior to noticing a deposition, if a side believes there

11

is an exception to the seven-hour limitation on the taking of a deposition, then the Parties shall meet and confer to reach an agreement.

65. The non-noticing side of the deposition will also be permitted to question the witness for up to seven hours. To the extent the non-noticing side of the deposition reasonably anticipates that its questioning of the witness will exceed ninety minutes, it will provide notice at least ten days before the scheduled deposition, so arrangements can be made for the deposition to continue into an additional day, if necessary; provided, however, that this provision shall not be interpreted to preclude any Party on the non-noticing side from questioning a witness for the time that Party may deem necessary up to its limit of seven hours. The Parties may, by agreement, modify this provision in the context of a particular deposition as may be appropriate to facilitate enhanced coordination.

66. Absent agreement of the Parties or as otherwise ordered by the MDL Court for good cause shown, a deposition day of a witness testifying from the United States, or in-person outside the United States, shall commence at 9:30 a.m. in the location where the witness is appearing.

67. For witnesses testifying virtually from outside the United States, absent agreement of the Parties or as otherwise ordered by the MDL Court for good cause shown, questioning of witnesses shall occur between 7:00 am and 4 pm New York time. Efforts shall be made to schedule all depositions within reasonable business hours based on the location of the witness.

68. The time limits for a deposition set forth above shall be based on the actual time spent in examining the witness. Time spent on attorney colloquy and breaks (including for lunch) shall not be counted toward the time limit.

69. All time limits for depositions shall be doubled in the event that the witness requires an interpreter.

70. The Parties are encouraged to make full and efficient use of each deposition day so as not to waste valuable time and incur unnecessary expenses. Not every witness will require an examination that lasts as long as the presumptive time limits set forth above. To the extent the Parties can anticipate such, they will attempt to agree to lesser time limits and, for planning purposes, will provide other deposition attendees with advance notice of any agreement to lessen the examination time. This procedure may be particularly useful in the event that more than one deposition is scheduled on a given day.

## IX. Examination, Objections, Confidentiality, Consultation

71. The Plaintiffs' Executive Committees shall designate an attorney to conduct the principal examination of each deponent on behalf of Plaintiffs with claims against Sudan. In the event Sudan designates multiple witnesses to testify as to matters included in Plaintiffs' 30(b)(6) notice, the Plaintiffs' Executive Committees may designate a distinct attorney to conduct the principal examination of each of the

designees. Questioning by other attorneys for Plaintiffs with claims against Sudan shall be limited to appropriate follow up as to issues not fully addressed in the principal questioning and discrete matters not addressed in the principal questioning, and must be conducted within the time limits for the deposition.

72. All objections, except those as to form, foundation, manner of taking the deposition, and privilege, are reserved until trial or other use of the depositions.

73. Counsel shall state all objections in a concise, nonargumentative, and nonsuggestive manner—i.e., counsel shall not make objections or statements in order to suggest an answer to a witness. Counsel shall not engage in colloquy in objecting to a question or responding to an objection. The phrases "objection as to form," "objection as to foundation," or similar language are sufficient and shall preserve all objections as to form and foundation until a Party seeks to use a deposition.

74. Any objection raised by one Party is preserved as to all other Parties on that side.

75. To determine whether there is a need to cure a defect in a question, counsel conducting the examination may ask the attorney lodging the form or foundation objection to identify the specific defect. If an explanation for the basis of the objection is requested, objecting counsel shall explain the basis for the objection.

76. Nothing herein shall prohibit counsel for a Party or for the deponent from objecting to preserve a privilege or confidentiality, to identify an ostensible misinterpretation, or to enforce a limitation imposed by court order, law, or rule.

77. Counsel may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the Court, or to present a motion under Rule 30(d)(3).

78. When a question is pending, the witness must first answer the question before consulting with counsel, except that a witness may consult with counsel at any time for the purpose of (a) determining whether a privilege exists, (b) determining whether disclosure of information may violate an order of this Court or another court or may violate any other law, rule, or restriction, or (c) addressing an issue regarding confidentiality or whether the information sought is subject to an applicable protective order. Such consultations are attorney-client privileged and work-product protected. Attorney-witness conferences should be kept to a minimum and should not be employed to coach the witness or otherwise improperly shape or interrupt the witness's testimony.

79. When a privilege or protection is claimed, to the extent a witness is able to answer questions relevant to the existence, extent, or waiver of the privilege (such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and such other information as may be necessary to determine the nature of the purportedly privileged communication), without waiving the privilege

or protection, the witness shall do so. Nothing in this provision shall be read to impose any obligation on a party, witness, or counsel beyond those obligations in the Federal Rules of Civil Procedure or the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York.

80. Treatment of Confidential Information in depositions is governed by section G of this Court's Protective Order (ECF No. 1900).

## X.    **Interpreters**

81. The noticing Party bears the cost of securing a qualified and official interpreter for the deposition. In addition, counsel for any Party may bring its own interpreter to the deposition for the purpose of assisting that counsel. Although the Party noticing the deposition shall be entitled to choose the interpreter, if another Party insists on use of a certain interpreter at a deposition and the noticing Party agrees to that interpreter, then that other Party shall bear the cost of that interpreter.

82. Absent the Parties' agreement, for any witness who, at least fourteen days before the deposition, states that he or she lacks sufficient familiarity with English to understand questions asked in English or to respond to questions in English, the Parties will secure a neutral interpreter. Counsel for the witness or defending Party shall promptly, but in any event no less than fourteen days before the deposition, notify opposing counsel if a witness will require the use of an interpreter during a deposition.

83. If a fact witness does not indicate the need for an interpreter but then demonstrates an inability or unwillingness to respond to questions due to alleged language difficulty, any Party may bring the issue to the attention of the Court so that a proper remedy may be fashioned.

84. In the event that a Party or witness objects to an interpretation by the interpreter, the objecting Party has the right to raise its objection on the record to the interpreter, affording the opportunity for correction, and may serve an errata sheet within sixty days after the date that the transcript is received by counsel for the Party or the witness. Only Party-designated interpreters may object to interpretations. No witness shall be recalled for additional testimony, including on the basis of an interpretation dispute that was raised on the record, absent a showing of good cause.

85. Any objection to the interpretation must be mindful of the requirements of Federal Rule of Civil Procedure 30(c)(2). Counsel shall refrain from argumentative or suggestive objections, and colloquy in the witness's presence shall be kept to a minimum. If unreasonably repeated or lengthy objections are raised concerning interpretations, the time to address them shall not count against the questioning side's time.

86. In the event that a Party or witness objects to repeated misinterpretations at a deposition, that Party or witness may, after meeting and conferring with the other Parties attending the deposition, stop the deposition and seek relief from the Court

and a continuation of the deposition with another interpreter. This paragraph is not to be interpreted as a presumption that a new interpreter will be required.

### XI. Transcript and Time to Review Transcript

87. All confidentiality designations of deposition testimony shall be made as authorized by the Protective Order (ECF No. 1900) and the Privacy Act and Protective Order for FBI Documents (ECF No. 4255). Notwithstanding the terms of the Protective Order, the following shall apply to confidentiality designation of deposition testimony. The deposition transcript and video recording will be treated as Confidential Information or Material under the Protective Order (ECF No. 1900) for ninety days following the deposition and such treatment shall continue as to those portions of the deposition designated confidential by a Party or witness within ninety days after the deposition. Notice of such confidentiality designations shall be made in writing to the court reporter, with copies to opposing counsel, specifying the portion(s) of the transcript and exhibits that constitute or contain Confidential Information or Material and are to be marked as Confidential. Each Party's or witness's counsel, or his or her designee, shall be responsible for distributing confidentiality designations to counsel for other Parties.

88. Unless waived by the deponent, the deposition transcript shall be submitted to the deponent for correction and signature, and shall be corrected and signed before any notary or certified under penalty of perjury within sixty days after the date that the transcript is received by counsel for the witness. The Parties may agree to reasonable extensions of this deadline.

89. Corrections to a deposition shall be listed on an errata sheet signed by the deponent, and the court reporter shall serve copies of the errata sheet on all Parties and, if the deponent is not a Party purchasing the transcript, counsel for the deponent. Should the deponent fail to submit corrections within sixty days, the transcript will be presumed accurate, and all Parties shall have the right to use the copy sent to the deponent as if it were final and signed with no corrections needed.

### XII. Use of Depositions

90. Depositions may, to the extent authorized by the Federal Rules of Civil Procedure or the Federal Rules of Evidence, be used by or against any Party. The videos of the depositions may also be used, the same as transcripts, provided the transcripts are also available.

91. Depositions may, under the conditions prescribed in Federal Rule of Civil Procedure 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used by or against any Party (including parties later added and parties in cases subsequently filed in or transferred or removed to this Court that become part of this MDL) who (a) was present or represented at the deposition; (b) had reasonable notice of the deposition; or (c) within thirty days after the filing of the deposition (or within sixty days after becoming a party in this Court to an action that is part of

this MDL), fails to show just cause why such deposition should not be usable against such party.

## XIII. Witness Claim to Alternate Procedures

92. To the extent that any Party anticipates a witness asserting that applicable law requires a procedure other than that set forth herein or under the Federal Rules of Civil Procedure, the Party aware of the issue shall promptly notify all other Parties in writing. The Parties shall thereafter meet and confer in an effort to timely resolve the matter among the Parties so as to minimize any disruption to the scheduling of the deposition. To the extent the Parties are unable to resolve the issue, the matter shall be promptly presented for judicial resolution.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: September 30, 2025
       New York, New York